IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OZETTA THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 2:05-CV-411-F |
| MIKE JOHANNS, SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE, FARM SERVICE, | ) | |
| AGENCY, (FSA) AND | ) | |
| DANNY F. CRAWFORD, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| OFFICIAL CAPACITY AS AGENT | ) | |
| AND SUPERVISOR FOR THE FSA, | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ALL PLAINTIFF'S CLAIMS AGAINST DEFENDANT CRAWFORD AND PLAINTIFF'S 42 U.S.C § 1981 AND 42 U.S.C. § 1983 CLAIMS AGAINST DEFENDANT JOHANNS

**COMES NOW** the above-named Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submit this Memorandum in Support of Defendants' Motion to Dismiss all Plaintiff's claims against Defendant Crawford in his official and individual capacities and all claims against Defendant Johanns under 42 U.S.C. §§ 1981 and 1983. Defendants bring this Motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and move to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

Plaintiff, a former employee of the United States Department of Agriculture, Farm Services Agency ("FSA"), brings this lawsuit for alleged employment discrimination and retaliation. (Pl. Comp. at ¶1). Plaintiff purports to assert her discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. (Pl. Comp. at ¶¶ 2-3). Plaintiff names as defendants Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture, and Danny Crawford, her former supervisor, in his individual capacity and in his official capacity as State Executive Director for the Farm Service Agency, an agency of the United States Department of Agriculture. (Pl. Comp. at ¶ 2). Both Defendant Johanns and Defendant Crawford are Federal officials employed by the United States Department of Agriculture. (Comp. at ¶¶ 6-7, 17).

Plaintiff alleges that, when she was working for the Department of Agriculture, Defendant Crawford subjected her to race discrimination, gender discrimination, and reprisal by doing such things as having his secretary hand-deliver an unsealed letter to her regarding her performance appraisal, telling co-workers that she had been detailed to another position instead of telling them that she "had accepted a detail" to another position, and deactivating her password after she was detailed to another position. (Pl. Comp. at ¶¶ 11, 13, 19-20). She seeks $300,000 in compensatory damages and an unnamed amount in punitive damages.

Plaintiff's Complaint contains claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII that are barred by both patent statutory language and long-standing binding legal authority. This Court lacks subject matter jurisdiction over these claims and Plaintiff fails to state claims under them upon which relief may be granted. Indeed, the only cause of action in Plaintiff's Complaint that is permissible under the law is Plaintiff's Title VII claim against Defendant Johanns in his official capacity. Defendants are simultaneously filing a separate Answer addressing Plaintiff's allegations and asserting their defenses.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's § 1981 and § 1983 claims against both Defendants, and her Title VII claims against Defendant Crawford, due to lack of subject matter jurisdiction and failure to state claims upon which relief may be granted. When ruling on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the court should take the allegations in the complaint as true and determine if they sufficiently allege a basis for jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). A court must dismiss a claim when it determines that it lacks subject matter jurisdiction. See Marshall v. Gibson's Products, Inc., 584 F.2d 668, 671-672 (5th Cir. 1978). Furthermore, a court should dismiss a complaint for failure to state a claim when, assuming the factual allegations are true, the plaintiff can prove no set of facts in support of her claim entitling her to relief. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262 (11th

Cir. 2004).  As set forth below, Plaintiff's exclusive remedy for alleged discrimination by a federal agency is a Title VII action against the head of the applicable agency in his official capacity, and her other claims must be dismissed.

I.    **A Federal Employee May Only Raise Allegations of Employment Discrimination Pursuant to Title VII.**

As an initial matter, Plaintiff, as a federal employee, can only raise employment discrimination claims pursuant to Title VII.  Settled Supreme Court and Eleventh Circuit precedent establish that Title VII, with its administrative exhaustion requirements, is the "exclusive judicial remedy for claims of discrimination in federal employment."  See Brown v. General Servs. Admin., 425 U.S. 820, 824 (1976); Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); Harrison v. Potter, 323 F. Supp. 2d 593, 605 (S.D.N.Y. 2004).  It is also preemptive of any other remedy.  See Brown, 425 U.S. at 824.  Accordingly, for this reason, as well as those set forth below, this Court should dismiss Plaintiff's section 1981 and section 1983 claims.  See id.; Harrison, 323 F. Supp. 2d at 605.

II.   **Plaintiff's 42 U.S.C. §§ 1981 and 1983 Claims Against Defendants in Their Official Capacities Are Barred By Sovereign Immunity.**

Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims against Defendant Johanns and Crawford in their official capacities are also barred by sovereign immunity.  A claim against a federal employee in his official capacity is construed as a claim against the United States.  See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Unimex, Inc. v. United States Dep't of Health and Human Servs., 594 F.2d

- 4 -

1060, 1061-1062 (5th Cir. 1979) (per curiam).  Under the doctrine of sovereign immunity, the United States cannot be sued without its consent.  See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Binding authority establishes that the United States has not waived its sovereign immunity to suit under the provisions of the civil rights statutes (including §§ 1981 and 1983).  See United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Unimex, 594 F.2d at 106; Harrison, 323 F. Supp. 2d at 604.

Since Plaintiff's claims against Defendants in their official capacities under §§ 1981 and 1983 are claims against the United States, they are barred by Sovereign Immunity.  See Timmons, 672 F.2d at 1380; Harrison, 323 F. Supp. 2d at 604 ("Because the United States has not waived its sovereign immunity for constitutional tort claims under the Civil Rights Act, this Court dismisses [Plaintiff's] §§ 1981 [and] 1983 ... claims for lack of subject matter jurisdiction").

## III.  Plaintiff's 42 U.S.C. § 1983 Claims Fail As A Matter of Law.

Plaintiff's § 1983 claims against Defendants also fail as a matter of law because the statute does not provide a cause of action against federal officials in either their official or individual capacities.  Section 1983 is a civil rights statute that provides a cause of action for damages against any "[p]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," violates a plaintiff's constitutional rights.  See 42 U.S.C. § 1983.  The statute thus allows plaintiffs to bring actions for damages against defendants acting under

"color of state law." See Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964) (emphasis added).  The statute does not provide a cause of action for plaintiffs to sue federal employees who act under color of federal law.  See Wheeldin v. Wheeler, 373 U.S. 647, 650 & n.2 (1963); Mack v. Alexander, 575 F.2d 488, 489 (5th Cir. 1978) (per curiam); Norton, 332 F.2d at 862.  Indeed, the former Fifth Circuit observed in 1964 that the statute, by its text, is so plainly limited to actions against state officials, and not federal officials, that "no discussion can make it clearer than appears from its reading." See Norton, 332 F.2d at 862.  Since the statutory language and case law is so clear on this issue, courts have labeled § 1983 claims against federal officials "meritless," "unreasonable," and "frivolous." See Duane v. Kitchen, 156 F.3d 1025, 1028 (10th Cir. 1997); Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997).

In the present case, Defendant Johanns and Defendant Crawford, in both his individual and official capacities, are federal officials operating under color of federal law.  (Pl. Comp. at ¶¶ 6-7, 17).  They are not State officials and do not act under color of State law.  Plaintiff's § 1983 claims against them, therefore, must be dismissed for lack of jurisdiction and failure to state claims upon which relief may be granted.  See Norton, 332 F.2d at 462; Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998)("Because federal officials do not act under color of state law, plaintiffs may not ... bring a section 1983 claim against them").

- 6 -

IV.    **Plaintiff's 42 U.S.C. § 1981 Claims Fail As A Matter of Law.**

Plaintiff's § 1981 claims against Defendants are also barred by both the plain language of the statute and binding authority.  See Lee v. Hughes, 145 F.3d 1272, 1277 (11th Cir. 1998); Canino v. United States EEOC, 707 F.2d 468, 469 (11th Cir. 1983).  The Eleventh Circuit has noted that "the language of § 1981 is clear: Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under state law, but does not provide a cause of action for discrimination under color of federal law."  See Lee, 145 F.3d at 1277 (emphasis added).  Accordingly, the Eleventh Circuit has explicitly held that "a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law."  See id.; Canino, 707 F.2d at 472.

In the present case, Plaintiff allegations in the Complaint establish that Defendants are federal officials acting under color of federal law.  Plaintiff thus has no cause of action against them, in either their official or individual capacities, under § 1981.  See Lee, 145 F.3d at 1277. Accordingly, Plaintiff's § 1981 claims must be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.  See id.; Canino, 707 F.2d at 472.

V.    **Plaintiff's Title VII Claims Against Defendant Crawford Fail As A Matter of Law.**

Finally, Plaintiff cannot, as a matter of law, assert Title VII claims against Defendant Crawford in either his individual or official capacities.  See Canino, 707 F.2d at 469.  The plain text of the statute provides that any Title VII action may proceed, if at all, only against the head of the federal agency that employed the

plaintiff, in his or her official capacity.  <u>See</u> 42 U.S.C. § 2000e-16(c).  <u>See</u> <u>also</u> <u>Canino</u>, 707 F.2d at 472 (holding that "the head of the agency involved is the <u>only</u> appropriate defendant in a Title VII action" against a federal agency (emphasis added)).  Accordingly, under settled authority, a federal employee may <u>not</u> sue individual supervisors under Title VII.  <u>See</u> <u>Canino</u>, 707 F.2d at 472 (holding that court properly dismissed Title VII claims against individual federal employees).

Plaintiff appears to assert Title VII claims against Defendant Crawford in his individual and official capacities.  Since Defendant Crawford is not the head of the Department of Agriculture, he is not a proper defendant in a Title VII action. <u>See</u> <u>Canino</u>, 707 F.2d at 472.  Accordingly, to the extent Plaintiff attempts to sue Defendant Crawford under Title VII, her claims should be dismissed for lack of jurisdiction and failure to state claims upon which relief may be granted.  <u>See</u> <u>id</u>.

<b><u>CONCLUSION</u></b>

Plaintiff has filed multiple claims that are barred by plain statutory language and binding authority.  The law is settled that, as a former federal employee, Plaintiff may only pursue employment discrimination claims under Title VII against the head of a federal agency.  Furthermore, Plaintiff cannot assert claims under §§ 1981 or 1983 against federal defendants.  Accordingly, this Court should grant this Motion and dismiss Plaintiff's §§ 1981 and 1983 claims against both Defendants and her Title VII claims against Defendant Crawford.  The only claim in Plaintiff's Complaint with any possible statutory basis is her Title VII claim

against Defendant Johanns in his official capacity as Secretary of the Department of Veterans Affairs. Defendants are simultaneously filing an Answer to this claim.

Respectfully submitted this 8th day of August, 2005.

LEURA G. CANARY
United States Attorney


By:    s/James J. DuBois
       JAMES J. DUBOIS
       Assistant United States Attorney
       Georgia Bar No. 231445
       United States Attorney's Office
       Post Office Box 197
       Montgomery, AL 36101-0197
       Telephone: (334) 223-7280
       Facsimile: (334) 223-7418
       E-mail:  james.dubois2@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Collins Pettaway, Jr., Esq.

s/James J. DuBois
Assistant United States Attorney