# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:05-CV-411-F |
| MIKE JOHANNS, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE, ) | |
| AGENCY, (FSA) AND ) | |
| DANNY F. CRAWFORD, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS AGENT ) | |
| AND SUPERVISOR FOR THE FSA, ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answer Plaintiff's Complaint as follows:[1]

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

---

[1] Defendants separately file a Motion to Dismiss all the claims against Defendant Crawford in his individual and official capacities and Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims against Defendant Johanns.

## SECOND DEFENSE

Some of Plaintiff's claims are barred by Sovereign Immunity.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over some of Plaintiff's claims.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII claims asserted by federal sector employees.

## FIFTH DEFENSE

Defendants deny the allegations of discrimination and retaliation in Plaintiff's Complaint and demands strict proof of all matters contained therein.

## SIXTH DEFENSE

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

## SEVENTH DEFENSE

Defendants exercise reasonable care to prevent and promptly correct any unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

### EIGHTH DEFENSE

Some, or all, of Plaintiff's claims may be barred by the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, waiver, and/or the statute of limitations.

### NINTH DEFENSE

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

### TENTH DEFENSE

Plaintiff voluntarily retired, resigned, and/or abandoned her position, and is therefore entitled to no damages.

### ELEVENTH DEFENSE

Defendants reserve the right to assert further affirmative defenses, as they become evident through discovery or investigation.

### TWELFTH DEFENSE

NOW, having set forth certain of their defenses herein, Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

### INTRODUCTION

1.

Defendants deny Plaintiff's allegations in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.

Answering Paragraph 2 of the Complaint, Defendants aver that the Court has subject matter jurisdiction over Title VII cases brought against agency heads named as defendants in their official capacities pursuant to 28 U.S.C. § 1331. Answering further, Defendants admit that venue is proper pursuant to 28 U.S.C. § 1391(e). Except as specifically admitted herein, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.

Defendants deny Plaintiff's allegations in paragraph 3 of the Complaint.

4.

Defendants deny Plaintiff's allegations in paragraph 4 of the Complaint.

**PARTIES**

5.

Answering Paragraph 5 of the Complaint, Defendants aver that, during the time periods covered by the allegations in this lawsuit, Plaintiff worked for FSA both as a Chief Agricultural Program Specialist and as a Program Complaint Specialist, during different time periods. Answering further, Defendants admit that Plaintiff's office during all relevant times was in Montgomery, Alabama. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.

Answering Paragraph 6 of the Complaint, Defendants admit that Mike Johanns is the Secretary of the United States Department of Agriculture and that he is being sued in his Official capacity in this lawsuit. Answering further, Defendants aver that the Farm Service Agency is an Agency of the United States Department of Agriculture, and that it has a branch office at 4121 Carmichael Road, Suite 600, Montgomery, Alabama 36106. Except as specifically admitted herein, the allegations in Paragraph 6 of the Complaint are denied.

7.

Defendants admit Plaintiff's allegations in paragraph 7 of the Complaint.

## FACTS

8.

Answering Paragraph 8 of the Complaint, Defendants aver that, during the time periods covered by the allegations in this lawsuit, Plaintiff worked for FSA both as a Chief Agricultural Program Specialist and as a Program Complaint Specialist, during different time periods. Answering further, Defendants aver that Plaintiff's job as Chief Agricultural Program Specialist involved the administration of certain farm programs and that her job duties included fielding questions from employees in field offices. Except as specifically admitted herein, Defendants deny the allegations in Paragraph 8 of the Complaint.

9.

Defendants admit Plaintiff's allegations in paragraph 9 of the Complaint.

10.

Answering Paragraph 10 of the Complaint, Defendants aver that the December 5, 2001 Resolution Agreement and its terms speak for themselves. Answering further, Defendants aver that the Agreement included the following provisions:

a. The FSA agreed to "Detail the Complainant to the Civil Rights and Small Business Utilization Staff, Program Complaints Branch in Montgomery, Alabama, effective December 16, 2001, as a Program Complaint Specialist, GS-301-13. The duration of the detail to be effective through January 4, 2003 to return to her former position effective January 5, 2003."

b. The FSA agreed to "Pay the complainant the sum of $1,500 (one thousand five hundred dollars). The parties agree that this sum represents a total and complete settlement of all money issues payable to claimant or her attorney in this matter."

c. The FSA agreed to "Grant the complainant a Within-Grade-Increase from a Supervisory Program Specialist GS-1145-13/6 to a GS-1145-13/7 with an effective date of January 13, 2002."

d.   The FSA agreed to "Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001.  Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements."

e.   The FSA agreed to "Place the complainant on paid administrative leave effective December 6, 2001 through December 15, 2001."

f.   Plaintiff agreed, among other things, to "[w]ithdraw the informal EEO complaint initiated on September 14, 2001 and agree not to raise any new complaint about the above cited issues," [s]ubmit a detailed bill for attorney's fees to the State Executive Director within ten (10) days of the signing of this agreement," and "[r]elease, waive and withdraw any and all complaints, grievances, appeals or civil actions against the Agency, its employees and officers in their individual or official capacities for any concerns arising out of these (or related) employment situations prior to the signing of this agreement."

g.   Both parties agreed to "respect the privacy rights of all individuals involved in the matter.  The fact that the case was voluntarily resolved in a manner acceptable to both sides may be communicated to others.  Explicit terms of the agreement will not be discussed with,

       disclosed or released to anyone who does not need the information to implement this agreement, without the express permission of the other party."

  h.  Both parties agreed to "cooperate and communicate in good faith to complete implementation of this agreement and abide by the terms of this agreement."

  i.  Both parties agreed that "after the agreement is fully implemented, the Agency will within 30 calender days, provide the complainant with a written notice explaining the specific actions taken to implement the agreement" and that "if the terms of the agreement are not carried out, through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, or that the complaint be reinstated at the point at which it was closed by this agreement" and "[t]his request must be filed within 30 calender days of the alleged failure to implement this agreement with the Employment Complaint Division, Office of Civil Rights" in Washington, D.C. and to the individual who signed the agreement on behalf of the agency.

Expect as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 10 of the Complaint.

11.

Answering Paragraph 11 of the Complaint, Defendants admit that on or about January 22, 2002, Plaintiff received a hand-delivered letter in an unsealed envelope from Ms. Ileane Bennett, Secretary to the Executive Director, which included the agreed-upon "results achieved" performance rating for Plaintiff. Answering further, Defendant admits that the letter was signed by Deborah T. Williams, Executive Officer. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 11 of the Complaint.

12.

Answering Paragraph 12 of the Complaint, Defendants admit that Plaintiff requested that her Complaint be reinstated. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 12 of the Complaint.

13.

Defendants deny the allegations in Paragraph 13 of the Complaint.

14.

Answering Paragraph 14 of the Complaint, Defendants aver that Plaintiff's request to attend the Blacks in Government Conference in Atlanta, Georgia on August 26-30, 2002 was denied by Mr. Crawford. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 14 of the Complaint.

15.

Answering Paragraph 15 of the Complaint, Defendants aver that Plaintiff made various complaints and that they were all found to be without merit.

Answering further, Defendants aver that the Final Agency Actions speak for themselves regarding the reasons why they concluded that Plaintiff's complaints lacked merit and there is no reason to repeat those decisions in the text of this Answer. Except as specifically admitted herein, Defendants deny Plaintiff's allegations in Paragraph 15 of the Complaint.

## COUNT I
## EMPLOYMENT DISCRIMINATION
## TITLE VII and 42 U.S.C. § 1983

16.

Answering Paragraph 16 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 15 above as if fully set forth verbatim herein.

17.

Defendants deny Plaintiff's allegations in paragraph 17 of the Complaint.

18.

Defendants deny Plaintiff's allegations in paragraph 18 of the Complaint.

19.

Defendants deny Plaintiff's allegations in paragraph 19 of the Complaint.

20.

Defendants deny Plaintiff's allegations in paragraph 20 of the Complaint.

21.

Defendants deny Plaintiff's allegations in paragraph 21 of the Complaint.

22.

Defendants deny Plaintiff's allegations in paragraph 22 of the Complaint.

23.

Defendants deny Plaintiff's allegations in paragraph 23 of the Complaint.

24.

Defendants deny Plaintiff's allegations in paragraph 24 of the Complaint.

25.

Defendants deny Plaintiff's allegations in paragraph 25 of the Complaint.

26.

Defendants deny Plaintiff's allegations in paragraph 26 of the Complaint.

## COUNT II
## CLAIMS AGAINST DEFENDANT DANNY F. CRAWFORD
## U.S.C. § 1983

27.

Answering Paragraph 27 of the Complaint, Defendants reallege and reassert their responses to Plaintiff's Complaint contained in Paragraphs 1 through 26 above as if fully set forth verbatim herein.

28.

Defendants deny Plaintiff's allegations in paragraph 28 of the Complaint.

29.

Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

## RELIEF SOUGHT

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 28 of the Complaint, including subparts (1) through (3), Defendants deny each and every allegation contained therein and further deny that Plaintiff is entitled to any relief whatsoever from Defendants.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendants request that the Court enter an Order dismissing the Complaint in its entirety, with prejudice; award Defendants costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 8th day of August, 2005.

                                        LEURA G. CANARY
                                      United States Attorney


By:   s/James J. DuBois
        JAMES J. DUBOIS
        Assistant United States Attorney
        Georgia Bar No. 231445
        United States Attorney's Office
        Post Office Box 197
        Montgomery, AL 36101-0197
        Telephone: (334) 223-7280
        Facsimile: (334) 223-7418
        E-mail: james.dubois2@usdoj.gov

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Collins Pettaway, Jr., Esq.

        s/James J. DuBois
        Assistant United States Attorney