IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OZETTA THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV411-F |
| | ) | |
| MIKE JOHANNS, Secretary, | ) | |
| United States Department of Agriculture, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is presently before the court on the motion for leave to amend complaint filed by plaintiff on August 23, 2005 (Doc. # 17). The court is required – by Eleventh Circuit case law and by Fed. R. Civ. P. 15(a) – to allow liberal amendment of pleadings. "In determining whether to grant leave to amend, a court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment." Grayson v. K-Mart Corporation, 79 F.3d 1086, 1110 (11th Cir. 1996)(citations omitted).

In this case, plaintiff's proposed amendment is futile. Plaintiff makes clear that she intends to bring Bivens claims against defendant Crawford. (See Doc. # 18). However, in her proposed amendment, she continues to assert claims against Crawford (a federal employee) pursuant to 42 U.S.C. § 1983, which requires state action. See Uboh v. Reno,

141 F.3d 1000, 1001 n. 2 (11th Cir. 1998)(claims against federal officials properly alleged as <u>Bivens</u> claims, rather than as claims pursuant to 42 U.S.C. § 1983). Accordingly, it is

ORDERED that plaintiff's motion for leave to amend is denied without prejudice.

DONE, this 25th day of August, 2005.

<u>/s/ Susan Russ Walker</u>
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE
