IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:05-CV-411-F |
| MIKE JOHANNS, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE, ) | |
| AGENCY, (FSA) AND ) | |
| DANNY F. CRAWFORD, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS AGENT ) | |
| AND SUPERVISOR FOR THE FSA, ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS
AGAINST DEFENDANT CRAWFORD**

COMES NOW the above-named Defendants, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submit this Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's claims against Defendant Crawford in his Second Amended Complaint. Defendants bring this Motion pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure, and move to dismiss for failure to state a claim upon which relief may be granted.

**STATEMENT OF THE CASE**

Plaintiff, a former employee of the United States Department of Agriculture, Farm Services Agency ("FSA"), brings this lawsuit for alleged

employment discrimination and retaliation. (Pl. Comp. at ¶ 1).[1]  Plaintiff purports to assert her claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the implied cause of action created by the Supreme Court in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1970), for alleged violations of her Fourth, Fifth, and Eighth Amendment rights.  (Id. at ¶¶ 1-2, Counts I and II).  Plaintiff names as defendants Mike Johanns, in his official capacity as Secretary of the United States Department of Agriculture ("USDA"), and Danny Crawford, her former supervisor, in his individual capacity and in his official capacity as State Executive Director for the Farm Service Agency, an agency of the USDA.  (Id. at ¶ 2).  Defendants are both Federal officials employed by the USDA.  (Id. at ¶¶ 6-7).

Plaintiff's attempt to use Bivens to assert constitutional claims against Defendant Crawford under the Fourth, Fifth, and Eighth Amendments is frivolous.[2]  Supreme Court and Eleventh Circuit authority clearly establish that federal employees cannot use Bivens claims to assert constitutional claims against

---

[1] All references to Plaintiff's Complaint in this Motion refer to her Second Amended Complaint.

[2] Plaintiff initially asserted these constitutional claims pursuant to 42 U.S.C. § 1983.  These claims, however, were frivolous due to the plain language of Section 1983 and binding precedent limiting the statute to claims against officials acting under color of state, and not federal, law.  See, e.g., Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964). Defendants moved to dismiss these claims, and Plaintiff amended her Complaint to assert this alternative baseless theory.

supervisors in their individual (or official) capacities. Accordingly, for the reasons that follow, this Court should dismiss all claims against Defendant Crawford.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's <u>Bivens</u> claims against Defendant Crawford for failure to state claims upon which relief may be granted. <u>See</u> <u>Hardison v. Cohen</u>, 375 F.3d 1262 (11th Cir. 2004). A court should dismiss a complaint for failure to state a claim when, assuming the factual allegations are true, the plaintiff can prove no set of facts in support of her claim entitling her to relief. <u>See</u> <u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). As set forth below, Plaintiff's exclusive remedy for alleged discrimination by the federal government is a Title VII action against the head of her employing agency in his official capacity. Plaintiff's creative attempts to frame her claims as constitutional claims in order to make her supervisor an individual defendant are frivolous and in clear disregard for binding precedent.[3]

**I.  A Federal Employee May Only Raise Allegations of Employment Discrimination Pursuant to Title VII.**

As an initial matter, Plaintiff, as a federal employee, can only raise employment discrimination claims pursuant to Title VII. Settled Supreme Court and Eleventh Circuit precedent establish that Title VII, with its administrative

---

[3]Plaintiff, for example, creatively claims that Defendant Crawford's actions as her supervisor during her employment constituted "cruel and unusual punishment" under the Eighth Amendment. (Pl. Comp. at para. 30).

exhaustion requirements, is the "exclusive judicial remedy for claims of discrimination in federal employment." See Brown v. General Servs. Admin., 425 U.S. 820, 824 (1976); Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); Harrison v. Potter, 323 F. Supp. 2d 593, 605 (S.D.N.Y. 2004). It is also preemptive of any other remedy. See Brown, 425 U.S. at 824. See also Grier v. Secretary of the Army, 799 F.2d 721, 724 n.2 (11th Cir. 1986) ("Title VII ... is the exclusive preemptive administrative and judicial remedy for redress of federal employment discrimination"). Furthermore, the statute provides that any Title VII action may proceed, if at all, only against the head of the federal agency that employed the plaintiff, in his or her official capacity. See 42 U.S.C. § 2000e-16(c). A federal employee, therefore, may not sue individual supervisors under Title VII. See Canino v. United States EEOC, 707 F.2d 468, 472 (11th Cir. 1983).

In the present case, Plaintiff's allegations in her Second Amended Complaint all concern alleged employment discrimination relating to her employment with the FSA. (Pl. Comp. at ¶ 1). Indeed, she asserts in the First Paragraph of her Second Amended Complaint that "[t]his action is brought to redress wrongs committed by the FSA against Plaintiff ... such wrongs, involving discrimination in employment on the basis of race, sex, and reprisal, were committed by her supervisor, Danny Crawford." (Id.) Since Plaintiff seeks relief in her Second Amended Complaint for alleged employment discrimination, her

sole and exclusive remedy is a Title VII claim against the head of the USDA in his official capacity. See Brown, 425 U.S. at 824; Canino, 707 F.2d at 472.

Accordingly, this Court should dismiss all Plaintiff's claims for failure to state claims upon which relief may be granted except for her Title VII claim against Defendant Johanns in his official capacity as Secretary of the USDA. See Canino, 707 F.2d at 472.[4]  See also Keel v. Roche, 256 F. Supp. 2d 1269, 1282 (M.D. Ala. 2003) ("A former federal employee's claims of discrimination or reprisal may not be brought pursuant to Bivens and its progeny because such claims must be brought pursuant to [Title VII]") (Fuller, J.); Leonard v. Rumsfeld, 146 F. Supp. 2d 1227, 1231 (M.D. Ala. 2001) (stating that Title VII is the exclusive remedy for federal employees and that "Plaintiff concedes that, insofar as her claims pertain to personnel actions taken against her by the [federal] defendants due to her race, Title VII preempts her Bivens claims") (Walker, J.).

## II.   Plaintiff's Bivens Claims Are Frivolous.

This Court should also dismiss Plaintiff's Bivens claims because there is no implied cause of action available for federal employees to sue their supervisors for alleged constitutional violations. See Bush v. Lucas, 462 U.S. 367 (1983). In Bivens, 403 U.S. at 397, the Supreme Court created a limited private cause of action, directly under the United States Constitution, allowing an individual to

---

[4]Defendants separately file an Answer addressing Plaintiff's allegations and raising defenses to her Title VII claim against Defendant Johanns.

recover damages against a federal employee who, acting under color of federal law, violated a constitutional right. See Hardison, 375 F.3d at 1264. The Supreme Court, however, limited such relief to situations when "(1) the plaintiff has no alternative means of obtaining redress and (2) no 'special factors counseling hesitation' are present." Id. (Citation omitted). After Bivens was decided, the Supreme Court applied these factors and specifically rejected the creation of a Bivens remedy in relation to employment-related claims asserted by federal employees. See Bush, 462 U.S. at 388-390; Hardison, 375 U.S. at 1264-1265; Stephens v. Dep't of Health and Human Servs., 901 F.2d 1571, 1577 (1990).

In Bush, the Supreme Court held that a federal employee who contests his or her termination cannot assert a Bivens action against his supervisor for alleged constitutional violations because civil service regulations give a federal employee ample protection from arbitrary action by a supervisor. See Bush, 462 U.S. at 388-390. The Court noted that federal employees are "protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures – administrative and judicial – by which improper action may be addressed."[5] Id. at 385. The Supreme Court concluded that, because federal-sector employee claims "arise of out of an

---

[5]This scheme includes the federal civil service laws, which broadly define prohibited personnel actions and provide administrative remedies for employees. See Leonard, 146 F. Supp. 2d at 1234 (discussing the CSRA and holding a federal employee could not maintain job-related Bivens claims).

- 6 -

employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States," it would be "<u>inappropriate</u> for [a court] to supplement the regulatory scheme with a new judicial remedy" allowing for damages against individual supervisors for alleged violations of constitutional rights.  <u>Id</u>. at 368 (emphasis added).

In other words, the Supreme Court in <u>Bush</u> explicitly "recognized Congress' institutional competence in crafting appropriate relief for aggrieved federal employees as a 'special factor counseling hesitation in the creation of a new remedy' for federal employees directly under the Constitution."  <u>See</u> <u>Correctional Service Corp. v. Malesko</u>, 534 U.S. 61, 68 (2001).  Consistent with the Supreme Court's decision in <u>Bush</u>, the Eleventh Circuit has made it clear that "the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) <u>precludes</u> the maintenance of job-related <u>Bivens</u> actions by federal employees."  <u>See</u> <u>Lee v. Hughes</u>, 145 F.3d 1272, 1275 (11th Cir. 1998) (emphasis added); <u>Stephens</u>, 901 F.2d at 1577; <u>McCollum v. Bolger</u>, 794 F.2d 602, 606-607 (11th Cir. 1986); <u>Wells v. FAA</u>, 755 F.2d 804, 810 (11th Cir. 1985).  The comprehensive administrative scheme created by Congress relating to federal employment bars <u>Bivens</u> claims even for those federal employees who are not afforded administrative remedies under the CSRA.  <u>See</u> <u>Lee</u>, 145 F.3d at 1272.  <u>See also</u> <u>Hardison</u>, 375 F.3d at 1265 (noting creation of <u>Bivens</u> remedy for federal employees would "thwart" the will of Congress).

Plaintiff's claims arise out of her federal employment, and thus are precluded by the authority of Bush and its progeny. See Hardison, 375 F.3d at 1265; Lee, 145 F.3d at 1272; Leonard, 146 F. Supp. 2d at 1235. Plaintiff's attempt to sue Defendant Crawford under Bivens is in clear disregard of this binding and well-settled authority. Her claims are frivolous and should be dismissed for failure to state claims upon which relief may be granted. See Bush, 462 U.S. at 388-390; Hardison, 375 F.3d at 1269; Lee, 145 F.3d at 1275; Stephens, 901 F.2d at 1577; Leonard, 146 F. Supp. 2d at 1235.

## CONCLUSION

This is the second Motion Defendants have had to file to respond to frivolous attempts by Plaintiff to sue her supervisor in his official and individual capacities. The law is well-settled that, as a former federal employee, Plaintiff may only pursue employment discrimination claims under Title VII against the head of the federal agency that had employed her. Furthermore, the law is well-settled that Plaintiff cannot assert job-related constitutional claims under Bivens against her former supervisor. Accordingly, this Court should grant this Motion and dismiss all Plaintiff's claims against Defendant Crawford, leaving her Title VII claims against Defendant Johanns in his official capacity as her sole claims.

Respectfully submitted this 14th day of September, 2005.

            LEURA G. CANARY
            United States Attorney

By:   s/James J. DuBois
      JAMES J. DUBOIS
      Assistant United States Attorney
      Georgia Bar No. 231445
      United States Attorney's Office
      Post Office Box 197
      Montgomery, AL 36101-0197
      Telephone: (334) 223-7280
      Facsimile: (334) 223-7418
      E-mail: james.dubois2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Collins Pettaway, Jr., Esq.

            s/James J. DuBois
            Assistant United States Attorney