IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**OZETTA THOMAS,**

    Plaintiff,

Vs.                                                                    Case No.: CV 411-F

**MIKE JOHANNS, ET AL.,**

    Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS ALL CLAIMS
AGAINST DEFENDANT CRAWFORD**

Comes now the Plaintiff, Ozetta Thomas, by and through her counsel, and responds to the above captioned motion as follows:

1. The defendant has asserted that the <u>Bivens</u>[1] claims in Count II of the complaint against Defendant Crawford should be dismissed because there is an alternative means for redress, being the action in Count I against the agency, and there are special factors counseling hesitation, being Congress' ability to craft appropriate relief and the "elaborate, comprehensive scheme" established by Congress to prevent discrimination and arbitrary actions by supervisors. (See Defendant's Memorandum In Support at p. 7)

2. Defendants also rely heavily on the holdings in <u>Bush v. Lucas</u>, 462 U.S. 367, 103 S. ct 2404 (1983). However, the case in <u>Bush</u> sought a "new judicial remedy" under the First Amendment and the instant case does not. The present case simply seeks redress for the alleged wrongs committed upon Ms. Thomas in violation of well-established law.

---

[1] <u>Bivens vs. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S. ct 1999 (1970).

3. Count I deals with redress for Ms. Thomas. However, the agency has clear rules and standards that prohibit discrimination and arbitrary acts committed by supervisors. If it is determined that Defendant Crawford violated such rules and standards, the agency may well argue, as it left the option open in its Eleventh Defense, that Defendant Crawford acted alone, without authority and outside the scope of his employment. Such a course would, if Defendant Crawford is dismissed, leave Ms. Thomas without an alternative means of redress.

4. Some discussion of this issue is present in <u>Hardison vs. Cohen</u>, 375 F. 3d 1262, 1264-1266 (11th Cir. 2004). In that case, the Court discussed various decisions dealing with excluding <u>Bivens</u> claims in certain cases. All of the cases discussed dealt with a "new" area or judicial remedy being sought or as in the <u>Hardison</u> case itself, a situation wherein the statutory remedy enacted by Congress had excluded the plaintiff from making claim under it. Id p. 1265. If you look at the <u>Hardison</u> case, the plaintiff, a Medical Resident at a V. A. Hospital, was excluded from making a claim under Title 38 as permanent V. A. employees were allowed to do so. Although it would make sense to allow <u>Hardison</u> to make a <u>Bivens</u> claim since Congress had not afforded him a remedy, the 11th Circuit said different. Thus, Ms. Thomas fits squarely in that rationale as she was allowed to make administrative claims. Now she turns to the judicial forum after exhausting her administrative remedies, and in an area that is well established under <u>Bivens</u>.

5. Thus, based upon the pleadings of this stage, the Defendants' motion is due to be denied.

WHEREFORE, Plaintiff prays that the court will deny the Defendants' motion and allow this case to continue onward.

Respectfully submitted,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

/s/ Collins Pettaway, Jr.
Collins Pettaway, Jr.(PETTC9796)
Attorney for Plaintiff
P. O. Box 1290
Selma, AL 36702-1290
334.875.9264

**CERTIFICATE OF SERVICE**

This is to certify that I have on this the 23rd day of September electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

/s/ Collins Pettaway, Jr.
OF COUNSEL