IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:05-CV-411-F |
| MIKE JOHANNS, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE, ) | |
| AGENCY, (FSA) AND ) | |
| DANNY F. CRAWFORD, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS AGENT ) | |
| AND SUPERVISOR FOR THE FSA, ) | |
| STATE OF ALABAMA, ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS
AGAINST DEFENDANT CRAWFORD**

COMES NOW, Defendants and reply as follows to Plaintiff's Response to their Motion to Dismiss. For the reasons set forth below, Plaintiff's arguments in her Response lack merit, and her claims against Defendant Crawford should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ARGUMENT AND CITATION OF AUTHORITY**

This Court should dismiss Plaintiff's claims against Defendant Crawford for failure to state claims upon which relief may be granted. See Hardison v. Cohen, 375 F.3d 1262 (11th Cir. 2004). Defendants explained in their Initial Memorandum that Plaintiff's exclusive remedy for alleged discrimination by the

federal government is a Title VII action against the head of her employing agency in his official capacity and that binding authority precluded her from asserting any employment-related Bivens claims. In Response, Plaintiff fails to offer any valid justification why the clear and binding authority cited and relied upon by Defendants does not bar her claims against Defendant Crawford.

As an initial matter, Plaintiff does not address the authority cited by Defendants establishing that a Title VII claim against a federal agency head, in his official capacity, is the exclusive and preemptive remedy for employment discrimination claims asserted by federal employees. See Brown v. General Servs. Admin., 425 U.S. 820, 824 (1976); Grier v. Secretary of the Army, 799 F.2d 721, 724 n.2 (11th Cir. 1986) ("Title VII ... is the exclusive preemptive administrative and judicial remedy for redress of federal employment discrimination"). Plaintiff admits that her claims all concern alleged "discrimination in employment on the basis of race, sex, and reprisal." (Pl. Comp. at ¶ 1). Accordingly, for this reason alone, Plaintiff's attempt to make Defendant Crawford a defendant, either in a Title VII or a Bivens claim, is without merit and her claims should be dismissed. See Keel v. Roche, 256 F. Supp. 2d 1269, 1282 (M.D. Ala. 2003); Leonard v. Rumsfeld, 146 F. Supp. 2d 1227, 1231 (M.D. Ala. 2001).

In addition to being preempted by the existence of Title VII, Plaintiff's Bivens claims also fail as a matter of law because courts have refused to allow federal employees to invoke Bivens to assert job-related claims against their

employers. In Bush v. Lucas, 462 U.S. 367, 388-390 (1983), the Supreme Court concluded that a federal employee could not assert a Bivens action against his supervisor for alleged constitutional violations because civil service regulations give federal employees ample protection from arbitrary action by supervisors. The Eleventh Circuit, following this opinion, has stated that "the comprehensive statutory scheme established by Congress relating to federal employment (CSRA) precludes the maintenance of job-related Bivens actions by federal employees." See Lee v. Hughes, 145 F.3d 1272, 1275 (11th Cir. 1998). See also Blade v. U.S. Bankruptcy Court, 109 F. Supp. 2d 872, 875-876 (S.D. Ohio 2000) ("Courts following the directive [of the Supreme Court in Bush] have consistently refused to create Bivens remedies in the field of federal employment, even if [the regulatory scheme] has provided no remedy at all") (citing cases)).

Bush and its progeny preclude Plaintiff's Bivens claims, and her attempts to distinguish this authority are without merit. She first argues, for instance, that Bush is distinguishable because it involved a First Amendment claim and "the instant case does not." (Pl. Resp. at 1). This argument has been specifically rejected by the Eleventh Circuit. See Gleason v. Malcom, 718 F.2d 1044, 1048 (11th Cir. 1983). As the Court in Gleason noted, the reasoning in Bush focused on the nature of the federal employment relationship, and the decision had little to do with the alleged constitutional injury. See id. (federal employee could not assert Bivens claims alleging violations of various constitutional amendments).

While admitting that Title VII provides her a remedy, Plaintiff next appears to suggest that she will lose this means of redress if she does not prevail on her Title VII claim and cannot sue her supervisor as an individual under <u>Bivens</u>. (Pl. Resp. at 1-2). This argument completely misses the point. The mere existence of a comprehensive remedial scheme for federal employees counsels against the creation of a new and alternative <u>Bivens</u> remedy regardless of whether an individual plaintiff can recover under the scheme. <u>See</u>, e.g., <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 422-423 (1988) (refusing to create new <u>Bivens</u> claim even when administrative remedies provided by Congress were not adequate to fully compensate plaintiffs). Indeed, the Eleventh Circuit has held that a federal employee cannot assert a job-related <u>Bivens</u> claim even if the employee has no other remedy. <u>See</u> <u>Hardison</u>, 375 F.3d at 1264-1265; <u>Lee</u>, 145 F.3d at 1274-1275.

In the present case, in addition to Title VII, Congress has created a comprehensive remedial scheme of statutes and regulations that govern the federal-employment relationship. <u>See</u>, e.g., <u>Lee</u>, 145 F.3d at 1274 (discussing federal civil service system). The entire scheme established by Congress would be thwarted if courts were to create implied causes of action for damages against individual supervisors. <u>See</u> <u>Gleason</u>, 718 F.2d at 1048 ("The purpose of denying a private cause of action to private employees is to ensure that they do not bypass comprehensive and carefully balanced statutory and administrative remedies in order to seek direct judicial relief"). Accordingly, pursuant to settled authority,

Plaintiff, as a federal employee, cannot invoke <u>Bivens</u> to assert job-related constitutional claims against her supervisor.  See <u>Hardison</u>, 375 F.3d at 1264-1265; <u>Lee</u>, 145 F.3d at 1274-1275; <u>Leonard</u>, 146 F. Supp. 2d at 1231-1235.

## CONCLUSION

For the foregoing reasons, as well as those contained in Defendants' Initial Memorandum, this Court should grant Defendants' Motion and dismiss, with prejudice, all Plaintiff's claims against Defendant Crawford.

Respectfully submitted this 3rd day of October, 2005.

                LEURA G. CANARY
                United States Attorney


By:    s/James J. DuBois
        JAMES J. DUBOIS
        Assistant United States Attorney
        Georgia Bar No. 231445
        United States Attorney's Office
        Post Office Box 197
        Montgomery, AL 36101-0197
        Telephone: (334) 223-7280
        Facsimile: (334) 223-7418
        E-mail: james.dubois2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Collins Pettaway, Jr., Esq.

                                              s/James J. DuBois
                                              Assistant United States Attorney