IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:05-CV-411-WKW |
| v. ) | (WO) |
| ) | |
| MIKE JOHANNS, SECRETARY, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE ) | |
| AGENCY (FSA); AND ) | |
| DANNY F. CRAWFORD, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS AGENT ) | |
| AND SUPERVISOR FOR THE FSA, ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. # 24) filed on September 14, 2005, seeking to dismiss all claims against defendant Danny Crawford. For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

**II. FACTS AND PROCEDURAL HISTORY**

The plaintiff filed a Complaint against defendants Johanns and Crawford on May 3, 2005 (Doc. # 1), alleging claims of employment discrimination under Title VII and 42 U.S.C. § 1983. A first Motion to Dismiss (Doc. # 12) was filed on August 8, 2005,

seeking dismissal of all claims against defendant Crawford in his individual and official capacities, and dismissal of any § 1981 or § 1983 claims against defendant Johanns. The plaintiff then amended her Complaint (Doc. # 22) on August 31, 2005; the Amended Complaint alleged claims of discrimination and retaliation under Title VII against both defendants and a *Bivens* claim against defendant Crawford, based on alleged violations of the Fourth, Fifth and Eighth amendments to the U.S. Constitution. Defendants' first Motion to Dismiss was denied as moot (See Doc. # 23), and defendants subsequently filed a second Motion to Dismiss (Doc. # 24) addressing the claims in plaintiff's Amended Complaint. It is this second Motion to Dismiss that is presently under consideration.

In her Amended Complaint, the plaintiff alleges the following facts: Plaintiff Ozetta Thomas, an African-American female, was formerly employed by the U.S. Department of Agriculture's Farm Service Agency in Montgomery, Alabama. As Chief Agricultural Program Specialist, Thomas was involved in the administration of farm programs; she supervised a number of other employees. On December 5, 2001, Thomas and the FSA entered into a Resolution Agreement that resulted from the mediation of a prior complaint of discrimination. Thomas claims that the terms of the agreement were subsequently violated by defendant Crawford, her immediate supervisor. She claims that her reputation was damaged, she was denied opportunities for advancement, and that, due to a hostile work environment, she was effectively forced to resign.

The defendants argue that a federal employee's exclusive remedy for employment discrimination claims is through a Title VII claim against the head of a government agency, and that all claims against defendant Crawford should be dismissed.

### III. STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73, 104 S. Ct. at 2232; *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002). At the motion-to-dismiss stage, the court may not consider the parties' briefs, affidavits or supplementary matters that fall beyond the plaintiff's complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### IV. DISCUSSION

Title VII provides that a federal employee, if not satisfied by the administrative

remedies available for an employment discrimination claim, "may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16 (c). The defendants allege that (1) plaintiff's employment discrimination claim can only be alleged against defendant Johanns, as head of the U.S. Department of Agriculture; and (2) the claim must be in the form of a Title VII claim, precluding plaintiff's *Bivens* claim against defendant Crawford.

The law is well settled. "It is beyond doubt that a federal employee alleging violations of Title VII may sue only the head of the agency at issue in his or her official capacity and no one else." *Garcia-Cabrera v. Cohen*, 81 F. Supp. 2d 1272, 1278 (M.D. Ala. 2000). Plaintiff's Amended Complaint appears to allege Title VII claims against both Crawford and Johanns. Because Crawford is not the "head of the agency at issue," plaintiff may not bring a Title VII claim against him. The defendants' Motion to Dismiss any Title VII claims against Crawford, therefore, is due to be granted.

The plaintiff argues that, if Johanns pursues the defense that Crawford acted alone, without authority and outside the scope of his employment, then plaintiff would potentially be left with no recourse against Crawford unless she is allowed to pursue her *Bivens* claim. However, courts have consistently refused to allow such claims, holding that it is not the job of the courts to second-guess the administrative remedies already put in place by the legislature. *See Bush v. Lucas*, 462 U.S. 367, 388 (1983) ("The question is

not what remedy the court should provide for a wrong that would otherwise go unredressed. It is whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue"). *See also Schweiker v. Chilicky*, 487 U.S. 412, 421-22 (1988) ("The absence of statutory relief for a constitutional violation, for example, does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation").

  The plaintiff next argues that courts have dismissed *Bivens* claims in the past when claimants were suing for "new judicial remedies." Because her claims are not "new," she argues that *Bivens* is applicable. Plaintiff is correct in asserting that she is not asserting a novel type of claim. *Bivens* claims have previously been allowed for violations of the Fourth, Fifth and Eighth amendments. *See Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004) (citing examples of claims alleging violations of Fourth, Fifth and Eighth amendments). The distinction, however, is not whether the claim itself is novel, but whether the plaintiff is asking the court to create a *new remedy*. Courts have routinely held that *Bivens* claims should not be allowed when a plaintiff has other, Congressionally-created avenues of recourse for her complaint. "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Schweiker*, 487 U.S. at

423. *See also Hardison v. Cohen*, 375 F.3d 1262 (11th Cir. 2004); *Bush v. Lucas*, 462 U.S. 367 (1983).

Plaintiff's claims fit squarely within an established precedent that does not allow *Bivens* claims to be brought by federal employees alleging claims of employment discrimination. Because all of plaintiff's claims are clearly related to her employment discrimination claim, her *Bivens* claims are due to be dismissed.

## V. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Dismiss (Doc. # 24) is GRANTED. Plaintiff's claims against defendant Crawford are hereby DISMISSED. The only remaining claim in this case is plaintiff's Title VII claim against defendant Johanns.

Done this 1st day of March, 2006.

                                                 /s/  W. Keith Watkins
                                                UNITED STATES DISTRICT JUDGE