UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

OZETTA THOMAS,  }
    Plaintiff,  }
              }
vs.  }   CASE NO. 05-cv-411
              }
MIKE JOHANNS, SECRETARY,  }
UNITED STATES DEPARTMENT OF  }
AGRICULTURE, FARM SERVICE  }
AGENCY, (FSA),
    Defendant.

## PLAINTIFF'S THIRD AMENDED COMPLAINT[1]

COMES, now Plaintiff, Ozetta Thomas, by and through her counsel and amends her complaint, and in support thereof, states as follows:

## INTRODUCTION

1. This action is brought to redress wrongs committed by the FSA against Plaintiff, Ozetta Thomas. Said wrongs, involving discrimination in employment on the basis of race, sex, and reprisal, were committed by her supervisor, Danny F. Crawford and others and not addressed by FSA. FSA merely looked at the wrongs as minimal and expected plaintiff to overlook them and move on. Plaintiff suffered so great until she had to finally leave the agency.

---

[1] This complaint is filed pursuant to the court's scheduling order and Danny Crawford is deleted as a defendant per court order.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to Title VII of the Act of congress known as the "Civil Rights Act of 1964", as amended in 1991, *42 U.S. C. section 2000e et. seq.*, the Fifth Amendment to the U.S. Constitution's Due Process Clause, the Eight Amendment's prohibition against Cruel and Unusual Punishment, and the Fourth Amendment to the U.S. Constitutional. *Also 28 U.S.C. sections 1331 and 1343.* Venue is proper pursuant to *28 U.S.C. section 1391 (c)*. Jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by Title VII of the "Civil Rights Act" as last amended, providing for compensatory, equitable and punitive damages.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of racial discrimination with the agency and EEOC within 180 days of the last discriminatory act, exhausted all administrative remedies and received her right to sue notice on February 5, 2005. This suit is brought within ninety days of such receipt.

4. At all times, relevant hereto, all over and discriminatory acts occurred in the Middle District, Montgomery County, Alabama.

## PARTIES

5. Plaintiff Ozetta Thomas, (Ms. Thomas) is an African-American female citizen of the United States residing in the State of Alabama. She worked for the FSA during the relevant time as Chief Agriculture Program Specialist. Her duty station (office) was in Montgomery, Alabama.

6. Defendant Mike Johanns, is the Secretary of the U.S. Department of Agriculture. He is the Agency Head. He is being sued in his official capacity. The Farm Service Agency (FSA) is a branch of that Department. The relevant branch is located in Montgomery, Alabama at 4121 Carmichael Road, Suite 600, Montgomery, Alabama 36106. This was known as the "State Office".

7. Danny F. Crawford served as the State Executive Director. His duty station (office) was also in Montgomery, Alabama at the state office. He was Ms. Thomas' direct supervisor.

## FACTS

8. At the time of the events which gave rise to the lawsuit, Ms. Thomas was employed by FSA as Chief Agricultural Program Specialist. Her job involved the administration of farm programs. Ms. Thomas was the only African American female supervisor. She had to answer questions

presented by the field employees and handle problems and questions that arose.

9. On December 5, 2001, after a mediation of a prior complaint of discrimination, Ms. Thomas and the FSA entered into a Resolution Agreement to resolve the dispute.

10. The Resolution Agreement, pursuant to *29 C.F. R. § 1614* and EEOC MD-110 called for several matters, as follows:

 a. Ms. Thomas would be detailed to the office of Civil Rights, Program Complaints Inquiry Branch in Montgomery, Alabama, effective December 16, 2001 and return on January 5, 2003 to her former position.

 b. Pay Ms. Thomas $1,500.

 c. Grant a Within-Grade-Increase from GS 1145-13/7 to GS 1145-13/8.

 d. Expunge performance related matters from Ms. Thomas' record and show her performance as "achieved".

 e. Show Ms. Thomas on administrative leave from December 6, 2001 through December 16, 2001.

    f.  Ms. Thomas would withdraw her formal EEOC complaint, submit her attorney fee bill, and release, waive and withdraw all other complaints and grievances.

    g.  Both parties agreed to respect the privacy of each other and not disclose the terms of the settlement without express written authority, except that one could communicate that the case was "voluntarily resolved in a manner acceptable to both sides".

    h.  Cooperate in good faith to implement the settlement terms and declare the complaint resolved

    i.  Thirty calendar days were given to fully implement everything If not, Ms. Thomas could request enforcement or reinstatement at the point it was classed by the settlement.

11. On or about January 22, 2002, Ms. Thomas received a hand-delivered letter in an opened, unsealed envelope from a third party, Ms. Irean Bennett, Secretary of Danny Crawford. The letter contained the corrected performance rating plan as achieved, which was pursuant to the settlement agreement. Danny Crawford's signature had been signed by another third party, Ms. Debbie Williams. Obviously, Danny Crawford

chose not to handle this matter himself but chose his staff, Ms. Thomas' co-workers, to do so.

12. As a consequence, Ms. Thomas requested that her complaint be reinstated.

13. Upon further investigation, Ms. Thomas discovered several things, done by Danny Crawford against the spirit of the agreement and against her. They were:

    a. Removal of her computer from her office.

    b. Deactivation of her computer password

    c. Notified all agency (FSA) employees that Ms. Thomas "had been detailed" to another assignment, instead of "had accepted a detail".

    d. Designated a different person, other than the person selected by Ms. Thomas, to serve as acting in her position while she was on detail.

14. Further, Ms. Thomas was denied the opportunity to attend a Blacks in Government Conference in Washington D.C. on April 24, 2002, to pursue further management training.

15. Ms. Thomas made the appropriate complaints to the FSA. However, FSA consistently ruled that Ms. Thomas' complaints were only

6

circumstantial, suffered no adverse employment actions and that Defendant Crawford's actions were legitimate.

## COUNT I
## EMPLOYMENT DISCRIMINATION AND RETALIATION UNDER TITLE VII

16. Ms. Thomas incorporates fully herein paragraphs, 1-15 above.

17. That the acts of Danny Crawford, an agent of FSA, and ratified by the FSA through its decisions, amounted to discriminatory and retaliatory acts committed against Ms. Thomas on the basis of her race, African American, sex, female, and/or reprisal for filing her prior complaint.

18. That Danny Crawford violated the settlement agreement and devise a way to inform Ms. Thomas' co-workers about the complaints and positions of the settlement, and in other ways. Danny Crawford sought to distort the settlement to show he had an advantage.

19. By sending unsealed sensitive correspondence to Ms. Thomas by her co-workers, and having another co-worker sign the document, the defendant was intending to commit harm upon Ms. Thomas and force the spread of gossip about her character.

20. By removing her computer, deactivating her password and sending a memo to all FSA employees that Ms. Thomas "had been detailed", this sent a clear message that Ms. Thomas had been disciplined and/or lost

any complaint she had, thus damaging her reputation with her co-workers and within the agency. Her co-workers stopped calling her about program matters and questions within the agency.

21. Furthermore, by selecting a different person as acting in her position than she designated, defendant sent a strong message that Ms. Thomas' decisions would not be respected and that her opinions were flawed.

22. This was further carried out by denying her the opportunity to attend the Blacks in Government conference.

23. The acts of the defendant were so far reaching that when Ms. Thomas did apply for a position in a different area, the Office of Civil Rights (OCR), she was not selected. This was the same office she was detailed to pursuant to the settlement and was given great reviews and recommendations. However, when she later applied for a permanent position and her reputation of complaints was considered, she was not selected. A lesser qualified person was hired.

24. All of these acts were done on a discriminatory manner towards Ms. Thomas because of her race, sex and in retaliation for her prior complaint.

25. Due to the atmosphere and hostility of the work environment, Ms. Thomas resigned her employment by retirement on *March 1, 2003*.

26. As a result of these discriminatory acts, Ms. Thomas suffered by having her private personnel record exposed to her co-workers, many of them subordinates. This caused a loss of respect, reputation and self-esteem, as evident by the immediate lack of calls from the field employees about program matters. This decision led to Ms. Thomas leaving FSA. Afterwards, Ms. Thomas applied for the position in OCR she held earlier but was denied. If Ms. Thomas had received the position, she would still be employed, receiving the regular pay raises and training, and contributions to her retirement. All of that is lost as a result of the discriminatory acts of the defendants and her character also being defamed.

## **RELIEF SOUGHT**

**WHEREFORE**, Ms. Thomas prays that the Court will award relief:

1. As a consequence of the defendant's wrongful conduct in the respective counts, Ms. Thomas has suffered emotional and physical distress, complaint and substantial damages, including but not limited to back pay and salary lost for non-selection of the position sought and position retired from, loss of annual leave, sick leave and contribution to her retirement, and damage to her reputation and character.

2. Ms. Thomas should be awarded $300,000.00 as compensatory damages and actual damages claimed in no. 1 about to be determined by proof, any punitive damages applicable and any back pay, attorney fees, expenses and cost incurred.

3. That the Court find and declare the acts of the defendants as discriminatory, retaliatory and unconstitutional. And,

4. That injunctive relief be granted.

Respectfully submitted,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

/s/ Collins Pettaway, Jr.
Collins Pettaway, Jr.(PETTC9796)
Attorney for Plaintiff
Post Office Box 1290
Selma, Alabama 36702-1290
(334) 875-9264

**Jury Demand**

Plaintiff demands this case be tried by a struck jury.

/s/ Collins Pettaway, Jr.
Collins Pettaway, Jr.

**CERTIFICATE OF SERVICE**

This is to certify that I have on this the 5th day of January 2007 filed electronically this amended complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

/s/ Collins Pettaway, Jr.
OF COUNSEL