IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-411-F |
| | ) |
| MIKE JOHANNS, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, FARM SERVICE, | ) |
| AGENCY, (FSA), | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
THIRD AMENDED COMPLAINT**

**COMES NOW** Defendant, by and through Leura G. Canary, United States
Attorney for the Middle District of Alabama, and submits this Answer to Plaintiff's Third
Amended Complaint,[1] responding as follows:

**FIRST DEFENSE**

Plaintiff's Third Amended Complaint fails to state a claim against Defendant
upon which relief may be granted.

**SECOND DEFENSE**

Some of Plaintiff's claims are barred by Sovereign Immunity.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over some of Plaintiff's claims.

---

[1] Plaintiff did not file a motion for leave to file this Third Amended Complaint, as
required by Rule 15 of the Federal Rules of Civil Procedure, and Defendant is not aware of
any Court Order granting leave to amend.  Nevertheless, having been served with this Third
Amended Complaint, Defendant files this Answer within the time limits set forth in Rule
15(a) out of an abundance of caution.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to timely and fully exhaust the mandatory administrative remedies applicable to Title VII claims asserted by federal sector employees.

## FIFTH DEFENSE

Defendant denies the allegations of discrimination and retaliation in Plaintiff's Third Amended Complaint and demands strict proof of all matters contained therein.

## SIXTH DEFENSE

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

## SEVENTH DEFENSE

Defendant exercises reasonable care to prevent and promptly correct any unlawful harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to otherwise avoid harm.

## EIGHTH DEFENSE

Some, or all, of Plaintiff's claims may be barred by the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, laches, unclean hands, waiver, and/or the statute of limitations.

## NINTH DEFENSE

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

## TENTH DEFENSE

Plaintiff voluntarily retired, resigned, and/or abandoned her position, and is therefore entitled to no damages.

## ELEVENTH DEFENSE

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## TWELFTH DEFENSE

NOW, having set forth certain of his defenses herein, Defendant responds to the numbered paragraphs of Plaintiff's Third Amended Complaint as follows:

## INTRODUCTION

1.

Defendant denies Plaintiff's allegations in paragraph 1 of the Third Amended Complaint.

## JURISDICTION AND VENUE

2.

Answering Paragraph 2 of the Third Amended Complaint, Defendant avers that the Court has subject matter jurisdiction over Title VII cases brought against agency heads named as defendants in their official capacities pursuant to 28 U.S.C. § 1331. Answering further, Defendant admits that venue is proper pursuant to 28 U.S.C. § 1391(e) for any Title VII claims asserted by Plaintiff against her employing agency head in his official capacity.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 2 of the Third Amended Complaint.

3.

Defendant denies Plaintiff's allegations in paragraph 3 of the Third Amended Complaint.

4.

Defendant denies Plaintiff's allegations in paragraph 4 of the Third Amended Complaint.

## PARTIES

5.

Answering Paragraph 5 of the Third Amended Complaint, Defendant avers that, during the time periods covered by the allegations in this lawsuit, Plaintiff worked for FSA both as a Chief Agricultural Program Specialist and as a Program Complaint Specialist, during different time periods.  Answering further, Defendant admits that Plaintiff's office during all relevant times was in Montgomery, Alabama.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 5 of the Third Amended Complaint.

6.

Answering Paragraph 6 of the Third Amended Complaint, Defendant admits that Mike Johanns is the Secretary of the United States Department of Agriculture and that he is being sued in his Official capacity in this lawsuit.  Answering further, Defendant avers that the Farm Service Agency is an Agency of the United States Department of Agriculture, and that it has a branch office at 4121 Carmichael Road, Suite 600, Montgomery, Alabama 36106.  Except as specifically admitted herein, the allegations in Paragraph 6 of the Third Amended Complaint are denied.

7.

Answering Paragraph 7 of the Third Amended Complaint, Defendant admits that Danny F. Crawford was appointed State Executive Director in May 2001, that his duty station (office) after his appointment was in Montgomery, Alabama at the FSA State Office, and that he served as Plaintiff's direct supervisor during the time periods when she was employed as Chief Agriculture Program Specialist in the State Office after his appointment in May 2001. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 7 of the Third Amended Complaint.

## **FACTS**

8.

Answering Paragraph 8 of the Third Amended Complaint, Defendant avers that, during the time periods covered by the allegations in this lawsuit, Plaintiff worked for FSA both as a Chief Agricultural Program Specialist and as a Program Complaint Specialist, during different time periods. Answering further, Defendant avers that Plaintiff's job as Chief Agricultural Program Specialist involved the administration of certain farm programs and that her job duties included fielding questions from employees in field offices. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 8 of the Third Amended Complaint.

9.

Defendant admits Plaintiff's allegations in paragraph 9 of the Third Amended Complaint.

10.

Answering Paragraph 10 of the Third Amended Complaint, Defendant avers that the December 5, 2001 Resolution Agreement and its terms speak for themselves. Answering further, Defendant avers that the Agreement included the following provisions:

a.    The FSA agreed to "Detail the Complainant to the Civil Rights and Small Business Utilization Staff, Program Complaints Branch in Montgomery, Alabama, effective December 16, 2001, as a Program Complaint Specialist, GS-301-13.  The duration of the detail to be effective through January 4, 2003 to return to her former position effective January 5, 2003."

b.    The FSA agreed to "Pay the complainant the sum of $1,500 (one thousand five hundred dollars).  The parties agree that this sum represents a total and complete settlement of all money issues payable to claimant or her attorney in this matter."

c.    The FSA agreed to "Grant the complainant a Within-Grade-Increase from a Supervisory Program Specialist GS-1145-13/6 to a GS-1145-13/7 with an effective date of January 13, 2002."

d.    The FSA agreed to "Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001.  Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements."

e.  The FSA agreed to "Place the complainant on paid administrative leave effective December 6, 2001 through December 15, 2001."

f.  Plaintiff agreed, among other things, to "[w]ithdraw the informal EEO complaint initiated on September 14, 2001 and agree not to raise any new complaint about the above cited issues," [s]ubmit a detailed bill for attorney's fees to the State Executive Director within ten (10) days of the signing of this agreement," and "[r]elease, waive and withdraw any and all complaints, grievances, appeals or civil actions against the Agency, its employees and officers in their individual or official capacities for any concerns arising out of these (or related) employment situations prior to the signing of this agreement."

g.  Both parties agreed to "respect the privacy rights of all individuals involved in the matter.  The fact that the case was voluntarily resolved in a manner acceptable to both sides may be communicated to others.  Explicit terms of the agreement will not be discussed with, disclosed or released to anyone who does not need the information to implement this agreement, without the express permission of the other party."

h.  Both parties agreed to "cooperate and communicate in good faith to complete implementation of this agreement and abide by the terms of this agreement."

i.  Both parties agreed that "after the agreement is fully implemented, the Agency will within 30 calender days, provide the complainant with a written notice explaining the specific actions taken to implement the agreement" and that "if the terms of the agreement are not carried out,

through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, or that the complaint be reinstated at the point at which it was closed by this agreement" and "[t]his request must be filed within 30 calender days of the alleged failure to implement this agreement with the Employment Complaint Division, Office of Civil Rights" in Washington, D.C. and to the individual who signed the agreement on behalf of the agency.

Except as specifically admitted herein, Defendant denies Plaintiff's allegations in Paragraph 10 of the Third Amended Complaint.

11.

Answering Paragraph 11 of the Third Amended Complaint, Defendant avers that on or about January 22, 2002, Ileane Bennett, Secretary to Mr. Crawford and Ms. Williams, hand-delivered to Plaintiff in an envelope the modified, agreed-upon "results achieved" performance work plan. Answering further, Defendant avers that Deborah T. Williams, Executive Staff Officer, acting on Mr. Crawford's behalf, signed Mr. Crawford's name on the document. Except as specifically admitted herein, Defendant denies Plaintiff's allegations in Paragraph 11 of the Third Amended Complaint.

12.

Answering Paragraph 12 of the Third Amended Complaint, Defendant admits that Plaintiff requested that her complaint be reinstated. Except as specifically admitted herein, Defendant denies Plaintiff's allegations in Paragraph 12 of the Third Amended Complaint.

13.

Defendant denies the allegations in Paragraph 13 of the Third Amended Complaint, including those allegations contained in sub-parts a, b, c, and d.

14.

Answering Paragraph 14 of the Third Amended Complaint, Defendant avers that Plaintiff's request to attend the Blacks in Government Conference in Atlanta, Georgia on August 26-30, 2002 was denied by Mr. Crawford. Except as specifically admitted herein, Defendant denies Plaintiff's allegations in Paragraph 14 of the Third Amended Complaint.

15.

Answering Paragraph 15 of the Third Amended Complaint, Defendant avers that Plaintiff made some complaints to the FSA Office of Civil Rights and that they were all found to be without merit. Answering further, Defendant avers that the Final Agency Decisions issued by the FSA Office of Civil Rights speak for themselves regarding the reasons why the Office of Civil Rights concluded that Plaintiff's complaints lacked merit and there is no reason to repeat those decisions in the text of this Answer. Except as specifically admitted herein, Defendant denies Plaintiff's allegations in Paragraph 15 of the Third Amended Complaint.

## COUNT I
## EMPLOYMENT DISCRIMINATION AND RETALIATION
## UNDER TITLE VII

16.

Answering Paragraph 16 of the Third Amended Complaint, Defendant realleges and reasserts his responses to Plaintiff's Third Amended Complaint contained in Paragraphs 1 through 15 above as if fully set forth verbatim herein.

17.

Defendant denies Plaintiff's allegations in paragraph 17 of the Third Amended Complaint.

18.

Defendant denies Plaintiff's allegations in paragraph 18 of the Third Amended Complaint.

19.

Defendant denies Plaintiff's allegations in paragraph 19 of the Third Amended Complaint.

20.

Defendant denies Plaintiff's allegations in paragraph 20 of the Third Amended Complaint.

21.

Defendant denies Plaintiff's allegations in paragraph 21 of the Third Amended Complaint.

22.

Defendant denies Plaintiff's allegations in paragraph 22 of the Third Amended Complaint.

23.

Defendant denies Plaintiff's allegations in paragraph 23 of the Third Amended Complaint.

24.

Defendant denies Plaintiff's allegations in paragraph 24 of the Third Amended Complaint.

25.

Defendant denies Plaintiff's allegations in paragraph 25 of the Third Amended Complaint.

26.

Defendant denies Plaintiff's allegations in paragraph 26 of the Third Amended Complaint.

27.

Defendant denies each and every allegation of Plaintiff's Third Amended Complaint not expressly admitted in the preceding paragraphs of this Answer.

## RELIEF SOUGHT

Answering the unnumbered Prayer for Relief Paragraph which immediately follows Paragraph 26 of the Third Amended Complaint, including subparts (1) through (4), Defendant denies each and every allegation contained therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

WHEREFORE, having fully answered the allegations in Plaintiff's Third Amended Complaint, Defendant requests that the Court enter an Order dismissing the Third Amended Complaint in its entirety, with prejudice; award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 22nd day of January, 2007.

> LEURA G. CANARY
> United States Attorney

> By:    s/James J. DuBois
>        JAMES J. DUBOIS
>        Assistant United States Attorney
>        Georgia Bar No. 231445
>        United States Attorney's Office
>        Post Office Box 197
>        Montgomery, AL 36101-0197
>        Telephone: (334) 223-7280
>        Facsimile: (334) 223-7418
>        E-mail:  james.dubois2@usdoj.gov

## 0CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Collins Pettaway, Jr., Esq.

> s/James J. DuBois
> Assistant United States Attorney