1

```
1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE MIDDLE DISTRICT OF ALABAMA

3                      NORTHERN DIVISION

4


5     OZETTA THOMAS,

6             Plaintiff,

7     vs.                           CASE NO. 05-CV-411

8     MIKE JOHANNS, Secretary,
      Pine States Department
9     of Agriculture, Farm
      Service, (FSA)
10
              Defendant.
11

12

13

14             * * * * * * * * * *

15             E X H I B I T S

16             * * * * * * * * * *

17

18

19

20

21

22

23
```

*DUNN, KING & ASSOCIATES*
*Montgomery, Alabama*
*(334) 263-0261 or (800) 359-8001*

## EXHIBIT INDEX

### DEPOSITION OF OZETTA THOMAS

### TAKEN 11/29/07

| DEFENDANT'S EXHIBIT NO.: | | PAGES: |
|---|---|---|
| 1 | Resume | 16,17,19 |
| 2 | 7/5/01 Crawford letter to Ms. Thomas | 54,55,59 |
| 3 | 8/15/01 Chott letter to State Executive Director | 60-63,67,82 |
| 4 | 8/7/01 Memo to Review | 62-64 |
| 5 | 8/7/01 Memo to Review | 64 |
| 6 | 5/9/01 Thomas Letter to Ms. Grider | 65,, |
| 7 | 8/20/01 Memorandum, for Record | 71,76,78 |
| 8 | 9/19/01 Thomas Letter to Mr. McKenzie | 74,75,78,93,105,106 |
| 9 | Performance Work Plan | |
| 10 | 11/6/01 Memorandum for Record | 107,110,111 |
| 11 | 11/28/01 Memorandum for Record | 112,114 |
| 12 | 11/1/01 Thomas fax to Ms. Lombardino | 122,123 |
| 13 | Resolution Agreement | 126,128 |

```
DEFENDANT'S EXHIBIT NO.:              PAGES:

14   Request for                      128
     Personnel Action

15   12/10/01 Robinson                129
     letter

16   1/30/02 Letter to                130,217-219
     Ms. Thomas
     (with attachments)

17   1/23/02 Letter to                133
     Ms. Thomas
     (with attachments)

18   State Farm Bill                  139
     Training Agenda

19   12/31/02 Thomas                  105,143,147
     letter to
     Mr. Crawford

20   1/6/03 Request for               147
     Leave or
     Approved Absence

21   1/9/03 Request for               149
     Leave or
     Approved Absence

22   12/31/02 Crawford                149
     Letter to Ms. Thomas

23   Alabama State FSA                156
     Office
     Organizational Chart

24   1/23/03 SED                      158,159
     Staff Meeting

25   2/18/03 SED                      158,162,164
     Staff Meeting
```

```
DEFENDANT'S EXHIBIT NO.:              PAGES:

26   1/16/03 Crawford                 165,168
     Email to Ms. Thomas

27   Work Schedule Log                169,170,174,178

28   2/24/03 Thomas Email             178
     to Mr. Crawford

29   Plaintiff's Third                181,185,217,231
     Amended Complaint

30   1/3/02 Thomas Letter             186,193
     to Mr.McKenzie

31   12/13/01 Crawford Memo           205
     to All Alabama FSA
     Employees

32   3/4/02 Robinson Letter           213
     to Ms. Lombardino

33   EEOC Decision                    214-216

34   EEOC Denial                      214-216

35   1/11/02 Robinson Letter          233
     to Ms. Lombardino

36   12/9/02 Robinson letter          234
     to Ms. Lombardino

37   12/18/02 Holmes letter           235
     to Mr. Robinson

38   USDA Decision and                235
     Statement of the case

39   EEOC Decision                    237,238

40   Thomas fax to                    239
     Ms. Lightner
```

**DEFENDANT'S EXHIBIT NO.:**                    **PAGES:**

41   4/3/02 Thomas letter              245
     to Mr. Crawford

42   4/5/02 Email from                 246,248,249
     Ms. Zeigler

43   4/24/02 Crawford Letter           249
     to Ms. Thomas

44   5/21/02 Email from                250
     Ms. Zeigler

45   5/29/02 Thomas letter             254
     to Mr.McKenzie

46   4/7/03 Letter                     279,280
     RE: EEO Complaint

47   6/18/03 Robinson letter           285,286

48   12/9/03 Newell Letter             286,288
     to Mr. Robinson

49   4/17/03 Email from                293,294
     Mr. Sewell

50   Statements of                     295,296
     Annuity Paid
     and Notice of
     Annuity Adjustment

# DX 1

2629 Highway 14, East          334-875-3947
Selma, AL 36703               ozettat@yahoo.com

# Ozetta C. Thomas

**Objective**

To obtain a challenging position, where I will continue to utilize my expertise in public service, supervision and administration.

**Experience**

1968 - 1986          Dallas County ASCS (FSA)          Selma, AL

**Program Assistant**

- Planimeter Operator and general clerical duties
- Interpreted federal rules and regulations in administering Farm Programs, serving farmers in Dallas County.
- Carried out day-to-day operations relative to assisting farmers in farm programs ensuring they complied with provisions of federal regulations. Analyzed producer problems and recommended corrective actions for management decision.



DEFENDANT'S
EXHIBIT
1

CASE
NO. _____

EXHIBIT
NO. _____

1986 - 1998          Alabama State ASCS (FSA)          Montgomery, AL

**Agricultural Program Specialist**

- Increased knowledge of the laws and regulations governing Agricultural Stabilization and Conservation Service programs and the particular application on national policies and objectives at the State level.
- Understanding farming practices and customs in the United States, and of the economic needs of farm communities at the State level.
- Knowledge of current State and Federal agricultural trends, and ability to establish and maintain effective relationships with representatives of public and private organizations, farmers' association, and others, to interpret regulations, programs, and policies affecting them.

1998 - 2003          Alabama State FSA & OCR          Montgomery, AL

**Supervisory Agricultural Program Specialist & Program Complaints Specialist**

- In addition to above duties, supervise staff in the Production Adjustment/Compliance Division.
- Hold regular staff meetings in preparation for day-to-day operation, and for team building.
- Conduct training workshops in the field offices, presentations to the State Committee, and prepare State Committee Minutes, prepare State notices of instructions on FSA programs and State Committee's policies. Also prepares correspondence to farmers who appeal County Committee's adverse actions to the State Committee and National Appeals Division.
- In the Office of Civil Rights & Small Business Utilization Staff (CRSBUS), Program Complaints Inquiry Branch (PCIB), responsible for making inquiries into complaints of discrimination, attempting resolution or conciliations with complainants, analyzing the facts in complaints and preparing reports of finding that will be used for making recommendations

to the Office of Civil Rights for disposition.

- Use investigative techniques to perform fact-finding inquires to allegation of program complaints and misconduct reviews.    Collect, research, analyze, and evaluate data in order to develop investigative reports that will be used to arrive at corrective actions or solutions to complex issues affecting complaints.

**Education**

| 1965 | Autauga County High School | Autaugaville, AL |

- High School Diploma, Honor Graduate

| 1974 | Wallace Community College | Selma, AL |

- General Clerical (typing, shorthand, filing, etc.)

**Relevant Classes**

Career Development Programs with certificates of completion: "Taking Control of Your Career", "Power Talk", "The Promotable Woman", "Positive Power and Influence", and "Dynamics in Leadership Seminar".

**Specialized Skills**

Proficient in the use of personal computers to use word processing.

Additional training in Intermediate and Advanced WordPerfect for Windows, Corel WordPerfect, Microsoft Word, Excel, and Power Point.

**Honors & Awards**

For previous 10 years prior to retirement:

- June 1992 – The Administrator's Award for Service to Agriculture **(USDA/FSA highest honor)**.  Two awards received, an Individual award for Superior Performance, and a Group Award as a member of the State Training Team on the 1990 Farm Bill.
- January 1993 – Certificate of Merit awarded for Sustained Superior Performance (Quality Service Increase).
- February 1993 – Black Heritage Achievement Award from the National Association of Negro Business and Professional Women's Club, Inc. (NANBPW).
- April 1994 – Certificate of Appreciation in recognition of outstanding service for helping meet the needs of others through unselfish involvement.
- October 1997 – Certificate of Appreciation awarded for Sustained Superior Performance (Quality Service Increase).
- September 1999 – Certificate in Recognition of Outstanding Service and Tireless Dedication of USDA Personnel.
- May 2001 – Certificate of Merit for Sustained Superior Performance (Quality Service Increase).

**Community Interests**

Member of National Blacks In Government (BIG); Chairperson, Dallas County Department of Human Resources; Secretary, Dallas County Chapter ADC; Office Administrator for 2004 Mayor's Re-election Campaign; member of Ebenezer Baptist Church serving as President of Matrons, Vice President of Senior Usher Board, Secretary of Trustee Board, member of Benevolence Committee and Greeters Ministry.

# DX 2



**USDA**

...ited States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Farm Service Agency

Alabama State FSA
Office
P. O. Box 235013
Montgomery, AL
36123-5013

334-279-3500
334-279-3550 (FAX)

**Date**:  July 5, 2001

**TO**        :    Ozetta Thomas, Chief Program Specialist

**FROM**     :    Danny F. Crawford, State Executive Director

**SUBJECT**  :    Counseling Confirmation

This is to confirm in writing the counseling session held on July 3, 2001 regarding your failure to report to work on time and falsifying the sign-in/sign-out sheet.

On Thursday, June 14, 2001, you were observed reporting for work at 9:00 a.m.  You signed in as if you had reported for work at 8:00 a.m.

On Friday, June 22, 2001, you did not report for duty at all.  You signed in as if you had reported for work at 7:30 a.m. and worked until 4:00 p.m.

On Tuesday, June 26, 2001, you were observed reporting for work at 8:25 a.m.  You signed in as if you had reported for work at 8:00 a.m.

On Wednesday, June 27, 2001, you were observed reporting for work at 8:15 a.m.  You signed in as if you had reported for work at 7:30 a.m.

You hold a supervisory position and are expected to set an example for your employees. In addition to being punctual and accurately recording your time, I expect you to be supportive of your staff by being present for duty on a regular basis and having more communication with your staff.

Personnel Bulletin Number 735-1, Employee Responsibilities and Conduct, Subpart B, §735-203 (a), states in pertinent part, "employees must observe designated duty hours and be punctual in reporting for work..."

I am allowing you the opportunity to correct your time and attendance reports for the above-cited incidents.  However, any future incidents will be charged to absence without leave (AWOL).  In the counseling session, I indicated that I was putting you on notice and if you continued to ignore these instructions, I would recommend disciplinary action be taken.

If you are experiencing difficulties which fall under the purview of the Employee Assistance Program, you should contact an Employee Assistance Counselor at 1-800-523-5668.  In the meantime, I will continue to hold you responsible for your conduct and performance.

**DEFENDANT'S
EXHIBIT**

CASE
NO.

EXHIBIT

Receipt Acknowledged:  _Ozetta C. Thomas_      _07/09/01_
                          Ozetta C. Thomas                Date

USDA is an Equal Opportunity Employer

DX 3


**USDA**

*Exhibit 6*

**United States
Department of
Agriculture**

AUG 15 2001

**Farm and Foreign
Agricultural
Services**

**Farm Service
Agency**

TO:        State Executive Director
           Alabama State FSA Office

**1400 Independence
Avenue, SW
Stop 0501
Washington, DC
20250-0501**

FROM:      John W. Chott, Jr.
           Acting Executive Director for State Operations

SUBJECT:   Geneva County Payment Limitation Review

Thank you for your proposals to take corrective action after the above review by
Keith Ellis.

Your proposals directly address the problems, although I am concerned about an
apparent weakness in your State Office's lack of expertise in and handling of
payment limitations matters.  This is an area you should look at carefully when
you take corrective actions.  The latter could include reassignment of duties or
much additional training at the State Office level.

cc:   Chott
      EDSO

DEFENDANT'S
EXHIBIT
3

CASE
NO.

EXHIBIT
NO.

Exhibit __6__
Page __11__ of __133__

USDA is an Equal Opportunity Employer

DX 4

*Exhibit E*
*pg. 1*

**Subject: Memo to Review**
**Date:** Tue, 07 Aug 2001 07:09:21 -0500
**From:** Irean Bennett <irean.bennett@al.usda.gov>
**Organization:** USDA-FSA
**To:** "deborah.williams" <deborah.williams@al.usda.gov>,
Richard Burge <Richard.Burge@al.usda.gov>,
Jack Crawley <Jack.Crawley@al.usda.gov>,
Johnny Raby <Johnny.Raby@al.usda.gov>,
Phil Thrower <Philip.Thrower@al.usda.gov>,
"ozetta.thomas" <ozetta.thomas@al.usda.gov>

```
Danny would like for you to review the attached memo and provide any
comments, suggestions, etc. on it.
```

```
Thanks
```

| | |
|---|---|
| 🗋 Chott Re Ellis.doc | **Name:** Chott Re Ellis.doc<br>**Type:** Microsoft Word Document (application/msword)<br>**Encoding:** base64 |

DEFENDANT'S
EXHIBIT 4

CASE
NO.

EXHIBIT
NO.

/7/01 3:1

**USDA**

Exhibit E
Pg. 2

United States
Department of
Agriculture

August 7, 200

Farm and Foreign
Agricultural
Services

Farm Service Agency

Alabama State Office
P. O. Box 235013
Montgomery, AL
36123-5013

Tel: (334) 279-3500
Fax (334) 279-3550

TO:           John W. Chott, Jr., Acting Executive Director for State Operations

FROM:        Danny F. Crawford, State Executive Director

SUBJECT:     Geneva County Payment Limitation Review

Thank you for allowing Keith Ellis to conduct a review of payment limitation operations in Geneva County, Alabama. The review revealed much of our concern when we requested assistance. Keith did a superb job on the review. The thoroughness and professionalism used in Keith's analysis gives Alabama management the opportunity to correct many of our deficiencies. Keith pointed out the need for training of county office personnel. I do believe we have similar problems in other county offices in certain areas of the State. I agree with Keith's evaluation and propose the following to assure you Alabama will alleviate this problem:

- Complete, thorough statewide payment limitation training of all CED's, PT's, and State Office Specialists involved with Payment Limitations
- Have Geneva County complete a query to cross reference all payments to name and address file to help identify producers in question
- Develop a Payment Limitation team, after training, to review all 502's and related documents in Geneva County to identify incorrect forms used in determining person determinations and actively engaged producers
- New 502's and related payment limitation documents will be completed in a timely manner by producers found to have filed wrong and incomplete forms, before 2002 payments are issued, to protect overpayments by county office
- Subsidiary files will be reviewed and corrections implemented by county office
- District Directors will use a STO developed checklist and complete all 502 status reviews (open estates) and report findings to the STO
- STO staff, to assure compliance of PL operations in all counties of Alabama, will complete annual P/L reviews of various counties
- Emphasize to county committees importance and concerns when determining persons and actively engagements of county producers
- Implement any other recommendations by EDSO.

USDA is an Equal Opportunity Employer

Exhibit 6
Page 107 of 133

DX 5

Exhibit F

**Subject: Re: Memo to Review**
**Date:** Tue, 07 Aug 2001 17:07:05 -0500
**From:** Ozetta Thomas <ozetta.thomas@al.usda.gov>
**Organization:** USDA-FSA
**To:** Irean Bennett <irean.bennett@al.usda.gov>

These recommendations are pretty much the same as my letter to Joan
Grider as Acting SED, with a courtesy copy to Debbie Williams dated May
9, 2001.  And, also my letter to Art Lynn, CED in Geneva County,
informing him of some type of review on Payment Limitation.

Ozetta

Irean Bennett wrote:
>
> *Danny would like for you to review the attached memo and provide any*
> *comments, suggestions, etc. on it.*
>
> *Thanks*
>
> ---------------------------------------------------------------------
>                         Name: *Chott Re Ellis.doc*
>    *Chott Re Ellis.doc*    Type: *Microsoft Word Document (application/msword)*
>                       Encoding: *base64*

DEFENDANT'S
EXHIBIT

CASE
NO.           5

EXHIBIT
NO.

DX 6



Exhibit B
B.1

United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Farm Service
Agency

Alabama State FSA
Office
P. O. Box 235013
Montgomery, AL
36123-5013

May 9, 2001

TO:        Mrs. Joan G. Grider
           Acting State Executive Director

FROM:      Ozetta C. Thomas
           Chief, Program Specialist

SUBJECT:   Review of Farm Operating Plan – Ronnie Hales, Geneva County

This is to inform you that I, along with Sharrie Peterson, met with District Director, Jack Crawley; CED, Art Lynn, and Program Technicians Judy Norris and Lynn Mills concerning subject matter on Thursday, April 26, 2001. The meeting was held at the Geneva County FSA Office.

There was a lengthy discussion on Mr. Hales' past participation on various programs, and alleged fraudulent acts. The one in particular, was the 1999 Crop Disaster Program (CDP). Mr. Hales received the maximum $80,000.00, and his wife Lisa received approximately $29,000.00 on the loss of watermelons. It was a concern of Mr. Crawley's that Mr. Hales revised his 1999 certification (FSA-578), with his wife's name and changed some invoices for seed and/or fertilizer to her name, in order that she may receive the disaster payment.

To determine if this was a fraudulent act, I reviewed the Farm Operating Plan (CCC-502) for the Hales. I found that the Hales had submitted the most simple form (CCC-502EZ) for an over 7000 acres operation. A CCC-502EZ was submitted for each of the Hales, which is too brief, and the incorrect form for an operation as a joint venture. The County Office staff admitted that Mr. Hales was given these forms, and the PT that filled them out was not knowledgeable on the Payment Limitation Program. The County Committee approved these operating plans, and the Hales were notified that they were approved as separate "persons" for Payment Limitation Purposes. They have been operating on incorrect operating plans since 1996.

I cannot determine what Mr. Hales have done illegal in the past, but due to the above circumstances, I cannot determine that Mr. Hales' actions were fraudulent. We have allowed him to operate illegal (without the proper form) since 1996. An actively engaged in farming determination or a "person" determination could not be made on the CCC-502EZ for the size of operation Mr. Hales has. Mr. Crawley suggests that a Payment Limitation Review Team review his farming operation. I do not recommend this at this time, because a review by the team is to determine if the operation was carried out as submitted. Mr. Crawley also informed me that OIG instructed him that we could go forwarded with a review of Mrs. Hales, but not touch Mr. Hales. So, it

DEFENDANT'S
EXHIBIT
6

CASE
NO.

EXHIBIT
NO.

Exbibit B
Pg. 2

Joan G. Grider – Geneva County Review, continued:                    Page 2

would be impossible for us to review her records without reviewing his, because they farm as a joint venture in actuality.

The revision of the acreage report to Mrs. Hales was not improper. According to regulations, an acreage report can be revised at any time as long as it does not negate a spot check. Therefore, since the Hales were jointly farming as a husband/wife team (even though, the wrong forms were submitted), one can contribute for the other.

Ironically, as Art, Sharrie, and I were pulling up in the parking lot from lunch, I received a call on my cell phone from Judy Norris that Mr. Hales was in the office. Since he was in the office, Art asked him if we could meet with him. This gave us an opportunity to hear his side of the story. Mr. Hales brought some strong allegations of wrong doings in the Geneva County Office. He admitted that there was a big personality conflict between he and Mr. Crawley. He commended the County Office staff and indicated that they had done nothing wrong to him and treated him good. If I can describe him, he was very angry with Mr. Crawley, and said that he was tired of him (Mr. Crawley) picking on him. Mr. Hales called names of other producers in the County that was treated differently than he was. With such allegations, Payment Limitation reviews may need to be done on the larger farmers in the County.

During the meeting with Mr. Hales, he was aware of how many letters had gone out to producers concerning the LAP Program. After a discussion concerning his applications for LAP, he withdrew his applications. He said the PT accepting his application, informed him that we were looking at his gross revenue for the year 2000 instead of 1999. He indicated that he told her that if it was for 1999, he would not qualify, but he would, if it was for 2000.

I recommend that a COR review the entire County for Payment Limitation. It was brought to my attention that many of the Farm Operating Plans might not be correct. The PT currently in charge of Payment Limitation requests training. It is my intention to survey the State for the number of new PT's for the program and set up training sessions.

cc:
Debbie Williams
Executive Staff Assistant

136

Exhibit ___6
Page 103 of 133

DX 7

DEFENDANT'S
EXHIBIT

7

CASE
NO.

EXHIBIT
NO.

Date August 20, 2001

Subject:    Memorandum for Record - Summary of Discussion Between Danny F.
            Crawford and Ozetta Thomas Concerning Mr. John Chott's Letter of
            August 15, 2001 and Other Related Matters

As I walked through the FSA State Office greeting people this morning, Ms. Ozetta
Thomas asked me, after our greeting, to discuss an item she had concerns about,
specifically a letter from John Chott. She stated the letter indicated concerns by EDSO
with the programs for which she has responsibility as Chief of PA/Compliance. I
explained to Ms. Thomas that she should be concerned with Mr. Chott's letter. It is
apparent from Mr. Chott's letter that he has concerns with the State Office pertaining to
payment limitation operations throughout Alabama county offices, as well as an evident
lack of knowledge of and failure to monitor payment limitation operations from the State
Office level. Ms. Thomas also was disturbed that a State Office Specialist from North
Dakota was going to train Alabama employees on Payment Limitation Operations rather
than her. Arrangements for this training resulted from a Payment Limitation review in
Geneva County, Alabama that revealed many shortcomings by that county office. Those
shortcomings were credited to a lack of training and understanding of payment limitation
operations. (These concerns are a reflection of Ms. Thomas' performance under
Performance Element #5, Program Management.)

I expressed to Ms. Thomas my concern over her apparent lack of knowledge of many
programs under her responsibility, and the need for her to be an expert in all the programs
under her supervision and management. I also shared with her many complaints from the
field about her training techniques and the lack of confidence many employees have in
her, including her own staff in the State Office. (These concerns are a reflection of Ms.
Thomas' performance under Performance Element #3, Supervision.)

We discussed the need to maintain control of training meetings. The recent NAP training
in Tuscaloosa was given as the example of lack of consistent answers, knowledge and
control during meetings. I reminded Ms. Thomas that we had previously discussed
effective training techniques during a State Committee meeting in North Alabama.

I emphasized to Ms. Thomas that her knowledge and expertise is critical for these
programs to be implemented properly throughout the State. Staffers and county offices
must be able to rely on her, as the expert, for support and confidence that the programs
are being implemented correctly. (These concerns are a reflection of Ms. Thomas'
performance under Performance Elements #5, Program Management and #8, Customer
Service.)

I discussed my displeasure with Ms. Thomas' lack of participation and concern during a
recent NAP Task Force meeting. The task force was developed to assist her in
establishing criteria (yields, planting dates, harvest dates, etc.) to determine producer
participation in this critical program.

Ms. Thomas offered a lack of communication and change in management style as the reason of the problems mentioned above. I explained that I believe improved leadership skills, better knowledge of programs, and closer oversight of assigned operations, etc. would have prevented these problems.

I recently requested Ms. Thomas' input into the corrective action plan for Geneva County. Her only response to my request was to refer me to her letter of May 9th to the Acting SED, Joan Grider, and a letter to Geneva County CED, Art Lynn. She indicated to me that, in her opinion, the recommendations she set forth in those memorandums mirrored the corrective plan I submitted to EDSO. I told Ms. Thomas that I have thoroughly reviewed those documents and they address very little, if any, of the corrective action plan I submitted EDSO. I expressed my disappointment in her failure to provide me with detailed input to such an important matter when requested.

Ms. Thomas offered that the number of programs under her responsibility was much to large and complicated for her to be an expert in each or to gain the knowledge needed to mirror the performance of other sections in our State Office. I agreed with her that this might truly be some of the problem. We discussed Mr. Chott's evaluation of Alabama's State Office organization and his recommendation that reorganization or reassignment of programs should be considered as a part of our corrective action plan. I related to Ms. Thomas that we would discuss this further at a later date.

I instructed Ms. Thomas to be more involved in the day-to-day operations of the programs for which she serves as chief. I directed her to provide more leadership and make an effort to develop more confidence in her staff in her knowledge and abilities. I explained that I expect her to monitor her assigned programs in county offices and have a handle on training needs in the future. This will require that she develop more knowledge of her assigned programs. I also told Ms. Thomas that I expect her to be prepared when making presentations or delivering training and to utilize more effective training techniques. These are my expectations of all section chiefs in the Alabama State Office, and I expressed to Ms. Thomas that I expect no less from her.


Danny F. Crawford
State Executive Director


Received and acknowledged.


_____          _____
Ozetta C. Thomas                                              Date

*This was received by me on 09/12/01 in my motel room. I refuse to sign, as this is not Inclusive, of new ____ ____ ____ on 08/20/01 ____ ____ ____*

DX 8

DEFENDANT'S
EXHIBIT

CASE
NO.

EXHIBIT
NO.

2629 Highway 14, East
Selma, AL 36703
September 19, 2001

Mr. Claude McKenzie, EEO Counselor
355 East Hancock Avenue – Stop 105
Athens, GA 30601

Dear Mr. McKenzie,

This letter will serve to confirm in writing, the verbal EEO complaint that I filed with you officially on September 13, 2001. This complaint is filed against Alabama's FSA State Executive Director, Danny F. Crawford. Prior to and since reporting to duty as SED on May 20, 2001, Mr. Crawford has embarked on a blatant practice of racial discrimination, and he has created a hostile working environment for me. He has participated in a conspiracy, and created a climate of harassment, intimidation, discrimination, isolation, and embarrassment for me. He has also placed a disavowal on my role as Chief of the Production Adjustment/Compliance in the Alabama State FSA Office. Also, the attached memorandum from Mr. John W. Chott, Acting Executive Director for State Operations, is equally troubling to me. The contents of this memorandum clearly indicate that my integrity has been totally damaged on the National level. It is also questionable if Mr. Chott realized what he was signing because I have always thought he was some one who knows the operations of the State Office and responsibilities of the Chiefs. The particular program (Payment Limitation) targeted here is one of my strongest programs in this division. I believe it was the one targeted because I am the only Specialist who knows the program in the State Office.

I am a 53 year-old African American female with over 33 years of service. I have been a Specialist in the Production Adjustment/Compliance Division of the Alabama State FSA Office for 15 ½ years with the exception of seven months (March-October, 1998) as a Program Complaints Specialist with the Office of Civil Rights/SBUS in Montgomery, Alabama. I was hired as Chief of the division in October 1998 by Daniel Robinson, an African American SED. Mr. Robinson was my supervisor in the Production Adjustment/Compliance Division before he was appointed to the SED position. I have been resented every since. I have received numerous awards and certificates (see attached listing) during my tenure, with the most recent one being a QSI in January 2001. The certificate for that award was presented by Mr. Crawford in an Awards Ceremony the first week (May 25, 2001) he came on board as SED. I don't understand how my competence can fall so rapidly in 90 days. Mr. Crawford had only been on board 90 days when we had the conversation on which I am filing this complaint, which was August 20, 2001. Out of the 90 days, Mr. Crawford may have spent a third of that time in the State Office. How can one judge your competence when he is never there except for taking bias statements from a racist Agency. Attached, is a copy of his recollection of the conversation that he presented to me in my motel room in Birmingham, AL after the

EEO COMPLAINT                                                            Page 2.

Payment Limitation training done by a Specialist from another State. I was totally isolated from the planning of this training, but yet, I am Chief of the program.

My complaint is being filed solely on race because I have been the target of racial discrimination from the time I filed for the Specialist position in the State Office in 1984, and has continued at different intervals up to this present time.

Due to the gravity and aggrievement of these acts, I will forward you a very lengthy chronological order of incidents, which clearly show this pattern of discrimination and related acts as previously stated.

I am requesting that this complaint be put on the "fast track" for resolution. Further, it is imperative that these acts be discontinued, and the discriminating official(s) be dealt with accordingly. The Agency is presently dealing with in excess of 20,000 complaints filed by the Black Farmers under the Class Action Suit, with Alabama having over 4,000 of those claims. Having being a victim of discrimination, and working as a Fact Finder with CR/SBUS for seven months, I can readily identify acts of discrimination.

I trust that you will give this your utmost attention in your fact-finding mission. I do plan to send a copy of this complaint to EDSO, the Administrator, and Secretary of Agriculture when I send you the final chronology of incidents along with other supporting documents. Now, I will let you start on your mission, and my plans are to follow the EEO process to the extent I believe a satisfactory disposition can be made. However, upper management needs to have an advance warning on the type of SED they appointed over this Agency. He needs to be stopped now, and they also need to know that about this unorthodox management style.

*Otto C. Thomas*

# DX 9

DEFENDANT'S
EXHIBIT

CASE
NO.                    1

EXHIBIT
NO.

REPRODUCE LOCALLY. *Include form number and date on all reproductions.*

(01-28-99)

United States Department of Agriculture
Service Center Agencies

## PERFORMANCE WORK PLAN

*Privacy Act Notice: Submission of information is mandatory. Failure to provide information will prohibit data collection required by the Office of Personnel Management.*

| | |
|---|---|
| 1. EMPLOYEE'S NAME<br>THOMAS, OZETTA C. | 2. RATING PERIOD<br>10/1/00 - 9/30/01 |
| 3. TITLE/SERIES/GRADE<br>SUPVR. AGRIL. PROGRAM SPECIALIST GS-1145-13 | 4. ORGANIZATION<br>USDA/FSA |
| 5. DUTY LOCATION<br>MONTGOMERY, ALABAMA | 6. SOCIAL SECURITY NO. |

### PART I - PERFORMANCE PLAN

7. CRITICAL RESULTS *(Check a Minimum of 2/Maximum of 5 Applicable Elements)*

Note:   The narrative statement describes the "Results Achieved" level of performance. Where applicable, quantity, quality, and timeliness are derived directly from appropriate agency regulations, policies, instructions, work plans, etc. If no agency or regulatory guidelines exist, further clarification will be provided by the rating official.

| Element | Achieved | Not Achieved |
|---|---|---|
| **Element #1 - Execution of Duties**<br>Completed work assignments are routinely performed in a timely manner, assuring a quality of work that meets the needs of the organization. Solutions developed demonstrate improvements in work methods. Work products do not require substantive revisions. Assignments are completed in accordance with applicable agency guidelines, including timeframes. Further clarification, as needed: | | |
| ✔ **Element #2 - Communications**<br>As a rule, oral and written communications are clear, correct, timely, and presented in an understandable manner. Supervisor and coworkers are informed of issues and problems when necessary. Information and guidance provided is timely and accurate. Further clarification, as needed: | ✓ | |
| ✔ **Element #3 - Supervision**<br>Work is assigned in a fair and effective manner. Technical guidance to subordinate staff is ordinarily provided in a timely manner. Performance management is implemented in accordance with procedures. Issues, concerns, or problems are handled promptly and fairly. To the extent possible, staff is properly trained and complies with occupational health and safety programs. Management decisions are supported and implemented within appropriate timeframes. Further clarification, as needed: | | ✓ |
| **Element #4 - Team Leadership**<br>Routinely leads individuals and team members toward specific goals and accomplishments. Provides encouragement, guidance, and direction as needed. Adjusts style to fit situation. Delegates appropriate authority in an effective manner. Coordinates functions of the team members. Demonstrates a sincere interest in employees' activities, abilities, etc. Further clarification, as needed: | | |

● U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual ioniation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice and TDD). USDA is an equal opportunity provider and employer.

Exhibit   6
Page 20 of 133

(01-28-99)

Page

| Element | Achieved | Not Achie |
|---|---|---|
| ☑ **Element #5 - Program Management**<br>Manages program(s) resolving issues and problems within the employee's control. Monitors all aspects of program(s) for quality, effectiveness, and consistency. Program plans and guidance are responsive to objectives and requirements of the Agency. Policy instructions are appropriately issued and are accurate. Evaluates effectiveness of work and adjusts plans accordingly. Further clarification, as needed: | | ✓ |
| ☐ **Element #6 - Special Projects**<br>Special projects are regularly completed on time in a competent, accurate, and thorough manner. Completed projects comply with regulations and procedures. Special projects are completed independently, or reflect research and collaboration with others as required. Further clarification, as needed: | | |
| ☐ **Element #7 - Research and Analysis**<br>Thoroughly and accurately researches issues in a timely manner, using available reference sources (e.g. USDA manuals, or applicable law or regulations). Makes reasonable recommendations or decisions based on available guidance. Further clarification, as needed: | | |
| ☑ **Element #8 - Customer Service**<br>Provides advice that is timely, responsive, and accurate. Maintains appropriate rapport with internal and external customers. Develops and establishes working relationships with external organizations as required. Keeps supervisor and/or team leader informed of difficult and/or controversial issues and unique problems. Takes action to effectively solve problems before they have an adverse impact on the organization or other employees. Further clarification, as needed: | | ✓ |
| ☑ **Element #9 - Equal Opportunity & Civil Rights [Mandatory for supervisors and managers]**<br>Performs all duties in a manner which consistently demonstrates fairness, cooperation, and respect toward coworkers, office visitors, and all others in the performance of official business. Demonstrates an awareness of EO/CR policies and responsibilities of Agency and Departmental goals of valuing a diverse, yet unified workforce. Further clarification, as needed:<br><br>SEE ATTACHED STATEMENT. | ✓ | ✓ |
| ☐ **Element #10 - Personal Contacts - EO/CR [Mandatory for all non-supervisory employees]**<br>Routinely displays courteous and tactful behavior towards internal and external customers, supervisors, coworkers, and/or team members. Projects a positive and professional image of USDA. Performs all duties in a manner which consistently demonstrates fairness, cooperation, and respect toward coworkers, office visitors, and all others in the performance of official business. Demonstrates an awareness of EO/CR policies and responsibilities of Agency and Departmental goals of valuing a diverse, yet unified workforce. Further clarification, as needed: | | |
| ☐ **Element #11 - Resource Management**<br>Monitors allocated funds and maintains complete and accurate records of expenditures. Routinely utilizes resources in an efficient and effective manner. Ensures that funds, property and other resources are guarded against waste, loss, unauthorized use, and misappropriation. Further clarification, as needed: | | |

Exhibit 6
Page 121 of 133

(01-28-99)                                                                                                    Page

| Element | Achieved | Not Achieved |
|---|---|---|
| ☐ **Element #12 - Individual Contributions to the Team**<br>Ordinarily displays dependability and reliability. Promotes open communication. Contributes creative ideas and actively participates in team meetings resulting in added value to the team's products and services. When problems arise, explores causes and assists in resolving them. Works with team members to appropriately implement decisions. Is usually open-minded to new ideas and approaches in implementing the team's goals. Willingly accepts and acts on constructive criticism. Further clarification, as needed: | | |
| ☐ **Element #13 -** | | |
| ☐ **Element #14 -** | | |
| ☐ **Element #15 -** | | |

## PART II - PROGRESS REVIEW

Note:  One progress review is required; however, frequent communication between the employee and rating official regarding performance is encouraged and recommended. Date of review, initials of employee (Emp), and initials of Rating Official (R.O.) must be provided for each review. Employee and Rating Official are encouraged to provide written comments.

d.  **RATING OFFICIAL'S COMMENTS**

9.  **EMPLOYEE'S COMMENTS**

| JA.  Emp Initials: | Date: | 10B.  R.O. Initials: | Date: |
|---|---|---|---|

Exhibit  6
Page 122 of 133

(01-28-99)                                                                                    Pac

## DISCUSSION TOPICS FOR USE IN PLANNING PERFORMANCE AND CONDUCTING PROGRESS REVIEWS

Employee's performance on primary responsibilities/priorities in the past year.
- revise performance work plan for the coming year, as necessary
- relationship to overall work unit objectives

- Employee's strengths and areas for growth

- Barriers to effective work performance and job satisfaction

- Employee's development (over the past year; future needs for current job; long-term career goals and developmental needs to ach them)

- Possible work process improvements

- Whether employee continues to grow to meet future needs and demands of the changing environment

- Employee's feedback/constructive suggestions for supervisor

- Anything else the employee or supervisor would like to address

## PART III - SUMMARY RATING

☐ RESULTS ACHIEVED                         ☒ RESULTS NOT ACHIEVED*

* A "Results not Achieved" rating requires explanation. Provide additional comments as an attachment.

## PART IV - CERTIFICATION

Note:    Employee's signature certifies review and discussion with the Rating Official.  It does not necessarily mean that the employee concurs with the information on this form.

| 11.  PERFORMANCE PLAN *(Sign when plan is established)* | | 12.  SUMMARY RATING *(Sign when rating is completed)* | |
|---|---|---|---|
| Employee Signature *Otto C. Thomas* | Date 10/24/00 | Employee Signature *Refused to sign* | Date |
| Rating Official Signature *Daisie Robinson* | Date 10/24/00 | Rating Official Signature *Jenny J. Crawford* | Date 11/6/01 |
| *I have reviewed the standards of conduct and have had any questions answered by my satisfaction. (Employee initial appropriate block below.)* | | Reviewing Official (required for summary rating of "Results Not Achieved") | Date |
| YES *OC* | NO | | |

**156**

Exhibit  *6*
Page 123 of 133

(01-28-99)

# OPPORTUNITY TO IMPROVE

*This form documents a plan for required performance improvement when performance does not meet expectations (i.e., the "Results Achieved" level). It lists specific examples of the specific deficiencies and the required improvements to bring performance to the "Results Achieved" level. Additional clarifying information, if provided, must be specified in, or attached to, this plan.*

| 1. EMPLOYEE'S NAME | 2. POSITION | 3. ORGANIZATION |
|---|---|---|
| Thomas, Ozetta C. | Supervisory Ag Program Specialist | Alabama State FSA Office |

| 4. COMMENCING DATE | 5. ENDING DATE | 6. PLAN DURATION *(No. of Days)* |
|---|---|---|
| November 6, 2001 | March 5, 2002 | 120 Days |

## PART I - IMPROVEMENT PLAN

| 7. Elements | 8. Deficiency(ies) (Cite specifics) | 9. Required Improvement |
|---|---|---|
| 3 - Supervision: Work is assigned in a fair and effective manner. Technical guidance to subordinate staff is ordinarily provided in a timely manner. Performance management is implemented in accordance with procedure. Issues, concerns, or problems are handled promptly and fairly. To the extent possible, staff is properly trained and complies with occupational and health safety programs. Management decisions are supported and implemented within appropriate timeframes.<br><br>5 - Program Management: Manages program(s) resolving issues and problems within the employee's control. Monitors all aspects of program(s) for quality, effectiveness, and consistency. Program plans and guidance are responsive to objectives and requirements of the Agency. Policy instructions are appropriately issued and are accurate. Evaluates effectiveness of work and adjusts plans accordingly. | Subordinate employees are not provided adequate guidance when problems, concerns, or issues arise. You neglect to respond or delay response when initial contact is made by county office personnel to a subordinate specialist rather than to you directly. Subordinate employees are left to handle assignments with very little or no guidance. There is growing evidence of a lack of confidence in your leadership by both field office employees and your own staff in the State Office.<br><br>Recent reviews reflect that programs are not managed properly, issues are not resolved timely, and proper follow-up is not carried out. There is strong evidence of a lack of knowledge of and failure to monitor payment limitation operations from the State Office level.<br><br>Your training techniques are weak. Recent NAP training reflected a lack of consistent answers, knowledge, and control during the meeting. | You are to be more involved in the day-to-day operations of the programs for which you serve as Chief. Provide more leadership and make an effort to develop more confidence in your staff in your knowledge and abilities. Monitor your assigned programs in county offices and have a handle on training needs. Develop more knowledge of all assigned programs. It is not acceptable for you to consider yourself an expert in only one program and rely on your subordinate employees for all others. Be more prepared when making presentations or delivering training and utilize more effective training techniques.<br><br>Respond to issues and/or concerns immediately regardless of who is initially contacted. |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

Continuation of Page 1

(U1-28-99)

United States Department of Agriculture
Service Center Agencies

# OPPORTUNITY TO IMPROVE

*This form documents a plan for required performance improvement when performance does not meet expectations (i.e., the "Results Achieved" level). It lists specific examples of the specific deficiencies and the required improvements to bring performance to the "Results Achieved" level. Additional clarifying information, if provided, must be specified in, or attached to, this plan..*

| 1  EMPLOYEE'S NAME | 2  POSITION | 3  ORGANIZATION |
|---|---|---|
| Thomas, Oretta C. | Supervisory Ag Program Specialist | Alabama State FSA Office |

| 4  COMMENCING DATE | 5  ENDING DATE | 6  PLAN DURATION *(No. of Days)* |
|---|---|---|
| November 6, 2001 | March 5, 2002 | 120 Days |

## PART I - IMPROVEMENT PLAN

| 7.  Elements | 8.  Deficiency(ies) (Cite specifics) | 9.  Required Improvement |
|---|---|---|
| 8 - Customer Service: Provides advice that is timely, responsive, and accurate. Maintains appropriate rapport with internal and external customers. Develops and establishes working relationships as required. Keeps supervisor and/or team leader informed of difficult and/or controversial issues and unique problems. Takes action to effectively solve problems before they have an adverse impact on the organization or other employees. | | |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

Exhibit  Page 125 of 132

158

**0.** SUPPORT TO BE PROVIDED EMPLOYEE *(indicate the support to be provided by the Supervisor or Rating Official (e.g., training, equipment, etc.) and the frequency of discussion.)*

During the 120-day Opportunity to Improve, you will be provided closer supervision by SED Danny Crawford. Mr. Crawford will meet with you every three weeks to evaluate your progress and discuss with you any problem areas. He will monitor your staff meetings.

You will be scheduled for formal training in the areas of supervision, management, and effective training techniques. You may be scheduled for program training in the programs for which you are responsible.

159

**11. REGULATORY REQUIREMENTS**

- During this opportunity to improve (OTI), you will be expected to perform all the elements of the performance work plan . You must independently perform these duties at least at the "Results Achieved" level.
- Upon completion of the OTI, you will be re-evaluated on the element(s) identified in this plan and informed of your performance in relation to your performance work plan.
  - ▸ If you have achieved the results expected/required, the OTI is concluded and you must maintain this level of performance for one year commencing from the date of the OTI.
  - ▸ If at any time during this one-year period your performance falls below the "Results Achieved" level in any of the elements specified in this plan, appropriate remedial action will be proposed. This may include, but is not limited to, a downgrade to a different position or removal from your position.
  - ▸ If at the end of this OTI you have not achieved the results expected/required, it will be necessary to determine an appropriate remedial action to propose as mentioned above.
  - ▸ If a definite decision cannot be made at the end of this OTI regarding your progress, the OTI may be extended. If this occurs, you will be notified in writing.
- Areas in which you think you need additional training will be considered. The scope and level of such training provided will be determined based on how much and what kind of training has already been provided and what is customary for your position duties and grade level. If you believe additional training is needed, submit a written request to me within ten (10) days listing specific training needs.
- Questions regarding this improvement plan, your work assignments, or the level of performance expected from you, should be directed to me.

NOTE: Experience indicates that, at times, performance problems can be the result of personal situations. While this may not be the case, it may be helpful to consider all the factors contributing to your performance problems. If you feel this may be the case, we encourage you to contact your Employee Assistance Program (EAP) at __1-800-523-5668__ . You may contact the program personally, or if you prefer, an appointment can be made for you. All information you provide is strictly confidential, unless you specifically authorize its release.

**12. PLAN ESTABLISHMENT SIGNATURES** *(Sign when improvement plan is established)*

| Employee Signature | Date | Supervisor/Rating Official Signature | Date |
|---|---|---|---|
| *Refused to sign* | | *Danny T. Crawford* | 11/6/01 |

**DISTRIBUTION (Plan Establishment)**

Original - Rating Official        Copy - Employee        Copy - Reviewing Official        Copy - Human Resources

| Follow-up No. | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| Meeting Date | | | | | |
| Employee Initials | | | | | |
| Supervisor Initials | | | | | |

## PART III - FINAL REVIEW

☐ Employee has achieved the required improvement(s) described in this OTI, **OR**

☐ Employee has not achieved the required improvement(s) described in this OTI.  The employee continues to have problems in the areas described below:

**13.   REVIEW CERTIFICATION**

| Employee Signature | Date |
|---|---|
| | |

| Supervisor/Rating Official Signature | Date |
|---|---|
| | |

| Reviewing Official Signature | Date |
|---|---|
| | |

**DISTRIBUTION (Plan Completion)**

Original - Human Resources          Copy - Employee          Copy - Supervisor/Rating Official          Copy - Reviewing Official