DX 34



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Ozetta C. Thomas,
Complainant,

v.

Ann M. Veneman,
Secretary,
Department of Agriculture,
Agency.

DEFENDANT'S
EXHIBIT
? /
CASE
NO.

EXHIBIT
NO.

Request No. 05A50161

Appeal No. 01A44534
Agency Nos. USDACR020318 & USDACR020419
Hearing No. 130-2003-08253X

## DENIAL

Ozetta C. Thomas (complainant) timely requested reconsideration of the decision in *Ozetta C. Thomas v. Department of Agriculture*, EEOC Appeal No. 01A44534 (September 29, 2004). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A44534 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency"

2                                                  05A50161

or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


       JAN 1 3 2005
_____
Date


### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

       JAN 1 3 2005
_____
Date

*R Buhy*
_____
Equal Opportunity Assistant

# DX 35

# CHESTNUT, SANDERS, SANDERS, PETTAWAY, CAMPBELL & ALBRIGHT, P.C.

ATTORNEYS AND COUNSELORS AT LAW

ONE UNION STREET — SELMA, ALABAMA 36702-1290

J. L. CHESTNUT, JR.
HENRY SANDERS
ROSE M. SANDERS
COLLINS PETTAWAY, JR
KATY SMITH CAMPBELL
APRIL ENGLAND-ALBRIGHT

January 11, 2002

MAILING ADDRESS

P. O. BOX 1290
SELMA, ALABAMA 36702-1290
(334) 875-9264
TELECOPIER (334) 875-9375
TELECOPIER  (334) 875-9853

JEFFREY C. ROBINSON

Ms. Debbie Lombardino, Branch Chief
U.S. Department of Agriculture
FSA-CR@SBUS
1400 Independence Avenue, South West
Stop Code 0509
Washington, D.C. 20250



DEFENDANT'S
EXHIBIT

CASE
NO.        35

EXHIBIT
NO.

## RE: OZETTA THOMAS AGREEMENT

Dear Ms. Lombardino:

This letter is written in reference to an agreement reached on December 5, 2001 between Mrs. Ozetta Thomas and the U.S. Department of Agriculture, the Farm Service Agency Division. However, the spirit of this agreement has not been adhered to by the U.S. Department of Agriculture. Indeed, the Agency, with Mr. Danny Crawford serving as its agent, has failed in many respects to follow the agreement (SEE ATTACHED AGREEMENT) as set out below. Note the following paramount aspects of the agreement and the Agency's failure to follow them.

The Agency agreed to the following:

Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001. Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements.

Furthermore, the agreement states:

That after the agreement is fully implemented, the Agency will within 30 calendar days, provide the Complainant with a written notice explaining the specific actions taken to implement this agreement. A copy of the notice will be provided to: FSA-CR&SBUS, Attn: Debbie Lambordino, 1400 Independence Avenue, SW, Stop Code 0509, Washington, D.C

20250. If the Complainant has any questions about the implementation
actions after receiving notice, and the questions are not satisfactorily
addressed by the Agency, the Complainant may raise questions with the
FSA-CR&SBUS at the address above or by calling FSA-CRSBUS at
(202) 401-7220.

Finally, the agreement states, in the event that the terms of the agreement are not
fulfilled, as follows:

...or that the complaint be reinstated at the point at which it was enclosed
by this agreement.

Note the following in support of the above-mentioned contentions:

As noted, the agreement was reached between the parties on December 5,
2001. The FSA was given thirty calendar (30) days to adhere to the agreement and
forward a written copy of such adherence to the to the above-named official. Further, a
copy should have been sent to Mrs. Thomas. As of the date on this letter, the above-
named official has not received a copy; moreover, neither has Mrs. Thomas received her
written notice of the adherence. As such, the records indicated above have not been
expunged from Mrs. Thomas' file, and the Opportunity to Improve has not been removed
and replaced with a Performance Work Plan rating of achieved in all performance plan
elements. As you are aware, in order for an employee to seek employment in any other
governmental agency, he/she must have an achieved performance rating. Indeed, the
government will not even consider one who does not have this rating. Thus, Mr.
Crawford has, if Mrs. Thomas desired in the future to seek other employment within the
government, effectively prevented her from pursuing any employment with any other
governmental agency.

Additionally, one of the issues cited during the mediation hearing held concerned
a NAP Training Session. Mr. Crawford said during the mediation that Mrs. Thomas was
not abreast of and familiar with the subject matter of the program. Also, Mr. Crawford
had previously cited Mrs. Thomas for such. Further, in an attached memo, Mr. Crawford
sends out a notice encouraging the field to send in nominations for NAP awards.
However, Mrs. Thomas was given such an award recently and Mr. Crawford in his memo
fails to recognize that one of the employees in the department had been awarded such.
Really, if he had recognized that Mrs. Thomas received such an award, from the National
Office no less, it would have been contrary to his earlier citation of Mrs. Thomas.

Moreover, Mrs. Thomas has filed a reprisal for the removal of her computer
immediately after the mediation hearing. In fact, on December 6, 2001, the very next day
after the agreement was signed, Mrs. Thomas went back to the office to complete some
necessary paper work and found that her pass word for her computer had been deleted
and the computer been confiscated. This was, indeed, a violation of the spirit of the
agreement when the agreement was not to take place until some two weeks later.

This is to advise you that Mrs. Thomas seeks the following:

1. Reinstatment of complaint;
2. Reassignment to CRSBUS-PICB and $300,000.00 (three hundred thousand dollars) or retirement with a grade to benefit her to receive 80% (eighty percent) of her retirement;
3. In addition, she seeks attorney fees.

I am certain that you are very much aware of the procedures that one must follow in your Department. Mr. Danny Crawford has seemingly and completely done the opposite and contrary of what was agreed to during the mediation and the resolution that emanated from it. Mr. Crawford's refusal to follow the agreement as it is set out has created anxiety, despair, confusion, and pain, and she has suffered tremendously from what she thought had been agreed upon during the mediation. Consequently, your immediate attention to this matter would be greatly appreciated.

With warm regards, I am...

Always,

Jeffrey C. Robinson, Esq.

CC: Mr. William A. Marsh, Resolving Official
    Ms. Hope Light, Mediator

DX 36

# CHESTNUT, SANDERS, SANDERS, PETTAWAY, CAMPBELL & ALBRIGHT, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW
ONE UNION STREET — SELMA, ALABAMA 36702-1290

**2002 DEC 17 PM 4: 58**

J. L. CHESTNUT, JR.
HENRY SANDERS
ROSE M. SANDERS
COLLINS PETTAWAY, JR.
KATY SMITH CAMPBELL
APRIL ENGLAND-ALBRIGHT

December 9, 2002

MAILING ADDRESS:

P. O. BOX 1290
SELMA, ALABAMA 36702-1290
[334] 875-9264
TELECOPIER: [334] 875-9375
TELECOPIER: (334) 875-9853

JEFFREY C. ROBINSON
PRINCE D. CHESTNUT
MARILYN M GARNER

Ms. Debbie Lombardino, Branch Chief
U.S. Department of Agriculture
FSA-CR@BUS
1400 Independence Avenue South West Stop Code 0509
Washington, D.C. 20250



RE:    Ozetta Thomas/non-compliance request

Dear Ms. Lombardino:

This letter is written relative to the above-referenced matter. Please note the following:

On September 13, 2001, Ms. Thomas filed a verbal EEO complaint against the Alabama FSA Executive Director, Mr. Danny Crawford. Subsequently, on or about September 19, 2001, she formally filed her complaint with Mr. Claude McKenzie, EEO Counselor in Athens, Georgia. Mediation was held on December 5, 2001, at 8:30am in Montgomery, Alabama. After the mediation, an agreement was issued (see attached agreement). Then, on or about January 11, 2002, Ms. Ozetta Thomas requested a reinstatement for non-compliance, asking the EEO to revisit her complaint. This brings us to where we are now. (See attached letter of January 11, 2002)

After the agreement was issued, Mr. Danny Crawford failed to comply with and adhere with several things specified therein. Thus, Ms. Thomas now seeks the following:

1.    Reinstatement of her complaint;
2.    An indefinite extension on her present detail in the Civil Rights and Small Business Utilization Staff, Program Branch in Montgomery, Alabama;
3.    All of her previous requests in her January 11, 2002 letter;

4.    All other relief equitably possible.

Finally, please note that the EEO has failed to respond timely to Ms. Thomas' request for reinstatement of her complaint as more than 180 (one hundred and eighty) days has elapsed.

If you have any questions, do not fail to give me a call.

With kindest regards, I am...

Yours truly,

Jeffrey C. Robinson, Esq.

JCR/tth

Enclosures

CC:    Ms. Ozetta Thomas
       Claude McKenzie
       Carol Fields

DX 37



DEC 18 2002

**United States Department of Agriculture**

Farm and Foreign Agricultural Services

Farm Service Agency

1400 Independence Avenue, SW
Stop 0509
Washington, DC
20250-0509

DEFENDANT'S
EXHIBIT 37

CASE NO.

EXHIBIT NO.

Mr. Jeffrey C. Robinson, Esq.
Chestnut, Sanders, Sanders, Pettaway,
  Campbell & Albright, L.L.C.
Attorneys And Counselors At Law
Post Office Box 1290
Selma, Alabama 36702-1290

RE:    Ozetta Thomas - Non-compliance Allegation

Dear Mr. Robinson:

This is in response to your December 9, 2002, letter regarding the non-compliance allegation filed by your client, Ms. Ozetta Thomas.

The Employment Compliance and Technical Assistance Division (ECTAD), Office of Civil Rights, United States Department of Agriculture, is responsible for processing non-compliance allegations. Your January 11, 2002, letter was referred to ECTAD on January 17, 2002 for processing. The Farm Service Agency (FSA) provided its position regarding your client's non-compliance allegations to ECTAD, with a copy to you, by letter dated February 4, 2002.

This office does not have the authority to grant the relief requested in your December 9, 2002 letter. When the non-compliance decision is issued by ECTAD, FSA will implement the decision.

If you have any questions regarding the processing of your client's non-compliance allegation, please contact Ms. Carol Fields, Chief, ECTAD, at (202) 720-7314. If this office can be of further assistance, please contact Debbie Lombardino, at (202) 401-7154.

Sincerely,

Sharon Lynn Holmes, M.S.
Director
Office of Civil Rights

DX 38



**United States
Department of
Agriculture**

**Office of the
Assistant Secretary
for Administration**

**Office of
Civil Rights**

**1400 Independence
Avenue SW**

**Washington, DC
20250**

**DEPARTMENT OF AGRICULTURE (USDA)
FINAL ADMINISTRATIVE DECISION on an ALLEGATION of
NONCOMPLIANCE**



DEFENDANT'S
EXHIBIT

CASE
NO.    3 8

EXHIBIT
NO.

| | |
|---|---|
| **Complainant:** | Ozetta Thomas |
| **Complaint No.** | Informal |
| **Date of Claim:** | January 17, 2002 |
| **Agency:** | Farm Service Agency |
| **Issue:** | Noncompliance with a previous Settlement Agreement |

DEC 2 6 2002

### DECISION

This is the final administrative decision of the Department of Agriculture (USDA) that the Farm Service Agency (hereafter the agency) has substantially complied with the terms of the Settlement Agreement. Accordingly, there is no need to require enforcement of the Settlement Agreement or to reinstate the complaint. No further action is required.

### STATEMENT OF THE CASE

The complainant filed an informal Equal Employment Opportunity (EEO) complaint on September 14, 2001. On December 5, 2001, the complainant entered into a Settlement Agreement with the Agency in settlement of her complaint. The Settlement Agreement includes the following language: "This agreement made by and between Ozetta Thomas (hereafter referred to as the complainant) and the U.S. Department of Agriculture, Farm Service Agency." There are no other agreements either expressed or implied, oral or written. The terms of the Settlement Agreement also included these provisions:

(1) Item 4 "Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001. Remove the Opportunity to Improve dated November 6, 2001, and replace the PerformanceWork Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements."

(2) After the Settlement Agreement is fully implemented, the Agency will within thirty (30) calendar days, provide the complainant with a written notice explaining the specific actions taken to implement this Settlement Agreement. A copy of the notice will be provided to: FSA CR&SBUS, Attn: Debbie Lambardino, 1400 Independence Avenue, SW Stop Code 0509, Washington, D.C. 20250. If the complainant has any questions about the implementation actions after receiving notice, the complainant may raise questions with the FSA CR&SBUS at (202) 401-7220.

(3) In the event that the terms of the Settlement Agreement are not fulfilled, as follows: ... or that the complaint be reinstated at the point at which it was closed by this Settlement Agreement.

On the matters, of the Non-Insured Crop Disaster Assistance Program (NAP) training, NAP awards, and the complainant's computer, none are mentioned in the Settlement Agreement at issue and as noted above, the intent of the parties must be expressed in writing with sufficient specificity to be plainly understandable. Discussions about other remedies that are not contained in the written Settlement Agreement may not be the basis for a breach of Settlement Agreement claim. Therefore, those issues will not be addressed. Both parties agree: Item 3, there are no other agreements either expressed or implied, oral or written.

On January 11, 2002, the complainant's representative wrote the Agency a letter stating that the specific terms of the Settlement Agreement had not been fulfilled. The letter identified the specific sections of the Settlement Agreement that were allegedly breached. Those three sections are identified in the Statement of the Case.

The State Executive Director in his letter to the complainant dated January 23, 2002, states that all items of the Settlement Agreement had been implemented.

The Agency processed the last action on December 26, 2001, provided the complainant notice of all corrective action taken and when it was implemented as prescribed in Item 4. This was within the prescribed thirty (30) days after the terms of the Settlement Agreement were fully implemented. The record reflected that the new replacement Performance Work Plan was dated November 6, 2001, the same as the old one, the Opportunity to Improve had been removed and that the complainant and her attorney were free to review her Official Personnel File and her Performance File at any time.

## ANALYSIS AND FINDINGS

Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. §1614.504(a) provides that any Settlement Agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a Settlement Agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. See Herrington v. Department of Defense, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. Eggleston v. Department of Veterans Affairs, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a Settlement Agreement, the Commission has generally relied on the plain meaning rule. See Hyon v. United States Postal Service, EEOC Request No. 05910787 (December 2,

1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. See <u>Montgomery Elevator Co. v. Building Eng'g Servs. Co.</u>, 730 F.2d 377 (5th Cir. 1984). The Commission's policy in this regard is based on the premise that the face of the agreement best reflects the understanding of the parties.

The result of the application of the standard to each case depends upon the particular provision that was being challenged as breached. In order for a Settlement Agreement between parties in an administrative EEO proceeding to be enforceable, the settlement reached must be in writing and signed by both parties and must identify the allegations resolved. EEOC Regulation 29 C.F.R. § 1614.603. The Settlement Agreement in question satisfies these requirements. Additionally, EEOC Regulation 29 C.F.R. §1614.504(a) provides that any settlement knowingly and voluntarily agreed to by the agency and the complainant shall be binding on both parties. That section further provides, if the complainant believes that the agency has failed to comply with the terms of the Settlement Agreement, the complainant shall notify the EEO Director of the alleged noncompliance with the Settlement Agreement. [29 C.F.R. §1614.504(a).] The complainant may request that the terms of the Settlement Agreement be specifically implemented or request that the complaint be reinstated for further processing from the point processing ceased under the terms of the Settlement Agreement.

The record reveled that the Agency processed the last action on December 26, 2001, provided the complainant notice of all corrective action taken and when it was implemented as prescribed in Item 4. This was within the prescribed thirty (30) days after the terms of the Settlement Agreement were fully implemented. The record also reflected that the new replacement Performance Work Plan was dated November 6, 2001, the same as the old one and the Opportunity to Improve had been removed. The Agency notified complainant and her attorney that they were free to review her Official Personnel File and her Performance File at any time.

We find the Agency has complied with the Settlement Agreement and no further action is required.

This is the final decision of the USDA on the cited complaint.

## APPEAL RIGHTS

The following rights are available to challenge this decision:

### Appeal to the Equal Employment Opportunity Commission

A Notice of Appeal may be filed with the EEOC at any time up to thirty (30) calendar days after receipt of this decision. EEOC Form 573, EEOC Notice of Appeal, should be used to indicate what is being appealed. A copy of the form is provided with this decision. Such notice should be addressed to:

**Director**
**Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC 20036**

If there is an attorney of record, the thirty (30) day time frame within which to appeal shall be calculated from the date of receipt of this decision by the attorney. In all other cases, the time within which to appeal shall be calculated from the date of receipt of this decision by the complainant. An appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC.

Any statement or brief in support of the appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal.

At the same time information is provided to the EEOC (to include a copy of the Notice of Appeal and of any submissions in support of the appeal), there **must** be a certification that a copy of the submission **has been** submitted to the Employment Compliance and Technical Assistance Division and the date and method of submission. The address is provided below:

**Department of Agriculture**
**Office of Civil Rights**
**Employment Compliance and Technical Assistance Division**
**1400 Independence Avenue, S.W. - Mail Stop 9403**
**Washington, DC 20250-9403**

The thirty (30) day time limit within which to file a Notice of Appeal will not normally be extended by the EEOC. However, the EEOC may, at its discretion, extend the time limit and accept the appeal based upon a written statement that there was no notification of the time limit, or that a timely Notice of Appeal could not be filed due to uncontrollable circumstances.

**Civil Action in Federal District Court**

In lieu of an appeal to the EEOC, a civil action may be filed in the appropriate U.S. District Court within the following time frames:

(1)    **Within ninety (90) calendar days of receipt of this decision, if no appeal is filed with the EEOC;**

(2)    **Within ninety (90) calendar days of receipt of a decision from the EEOC, if an appeal is filed with the EEOC; or**

(3)    **After one hundred eighty (180) calendar days from the date of filing an appeal with the EEOC, if there has been no decision issued by the EEOC.**

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. §1614.408 or §1614.409 shall terminate processing an appeal before the EEOC. If a civil action is filed subsequent to filing an appeal with the EEOC, the parties are requested to notify the EEOC in writing.

If a civil action is filed, the only proper defendant is the **Secretary of Agriculture, Ann Veneman.** Failure to cite the proper name and position may result in the dismissal of the civil action. Fed.R.Civ.P. 25(d)(2).

At the same time a civil action is filed, a request may be filed with the Court to appoint an attorney and/or to permit the filing of the civil action without payment of fees, costs, or other security based on an inability to obtain representation or to afford an attorney. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). The grant or denial of the request is within the sole discretion of the court, and filing such a request does not extend the time frame in which to file the civil action.


David Winningham                                    12/23/02
Director                                            Date
Office of Civil Rights

Attachment

**DEPARTMENT OF AGRICULTURE**
**OFFICE OF CIVIL RIGHTS**
**Claim of Noncompliance with a Previous Settlement Agreement**

**Complainant:**          Ozetta Thomas

**Date of Claim:**        January 17, 2002

**Agency:**               Farm Service Agency

**Certificate of Service**

I certify that the documents listed below were sent on this date by certified mail (unless otherwise specified) to:

Complainant:             Ozetta Thomas
                         2629 Highway 14 East
                         Selma, Alabama 36703

Attorney:                Jeffery C. Robinson, Esq.
                         Chestnut, Sanders, Sanders, Pettaway, Campbell
                         & Albright, P.C.
                         One Union Street
                         Post Office Box 1290
                         Selma, Alabama 36702-1290

Agency Head:             James Little (interoffice mail)
                         Administrator, FSA
                         South Building
                         Room 3086-S

Agency Liaison:          Peter Sleight (interoffice mail)
                         Chief, Employee Relations Branch
                         Ag Box 0591

Enclosures:    Final Decision Dated_____
               EEOC Form 573 (*to complainant only*)

Certified by: _____          _____
                        Name                          Date

DX 39



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Ozetta Thomas,
Complainant,

v.

Ann M. Veneman,
Secretary,
Department of Agriculture,
Agency.



Appeal No. 01A31795

Agency No. AL-01-001E

DECISION

Complainant filed a timely appeal with this Commission from a final decision by the agency dated December 23, 2002, finding that it was in compliance with the terms of the December 5, 2001 settlement agreement into which the parties entered.

The settlement agreement provided, in pertinent part, that:

(A)   The agency agrees to:

(1)   Detail the complainant to the Civil Rights and Small Business Utilization Staff, a Program Complaints Branch in Montgomery, Alabama, effective December 16, 2001, as a Program Complaint Specialist, GS-301-13. The duration of the detail to be effective through January 4, 2003 to return to her former position effective January 5, 2003. The State Executive Director will process the SF-52 within (10) ten days of the signing of this agreement.

(2)   Pay the complainant the sum of $1,500 (one thousand five hundred dollars). The parties agree that this sum represents a total and complete settlement of all money issues payable to the complainant or to her attorney in this matter. The State Executive Director agrees to process the payment of attorney fees within 30 days of receipt of the detailed bill.

Exhibit  6

Page 24 of 133

2                                01A31795

     (3)     Grant the complainant a Within-Grade-Increase from a Supervisory Program Specialist GS-1145-13/6 to a GS-1145-13/7 with an effective date of January 13, 2002. The State Executive Director will process the SF-52 within ten (10) days of the signing of this agreement.

     (4)     Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001. Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements.

     (5)     Place the complainant on paid administrative leave effective December 6, 2001 through December 15, 2001.

(B)     Both parties agree:

     (1)     To respect the privacy rights of all individuals involved in the matter. The fact that the case was voluntarily resolved in a manner acceptable to both sides may be communicated to others. Explicit terms of the agreement will not be discussed with, disclosed or released to anyone who does not need the information to implement the agreement, without the express permission of the other party.

     (2)     To cooperate and communicate in good faith in complete implementation of this agreement and to abide by the terms of this agreement.

     (4)     That after the agreement is fully implemented, the Agency will within 30 calendar days, provide the complainant with a written notice explaining the specific actions taken to implement the agreement . . . .

     (5)     That if the terms of this agreement are not carried out, through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, <u>or</u> that the complaint be reinstated at the point at which it was closed by this agreement . . . .

By letter to the agency dated January 11, 2002, complainant alleged that the agency was in breach of the settlement agreement, and requested that the agency reinstate her complaint from the point where processing ceased. Specifically, complainant alleged that the agency failed to comply with provisions (A)(4) and (B)(4) of the agreement. Complainant states that although the agency had thirty (30) calendar days to adhere to the agreement and forward a written copy of such adherence, she has not been informed of such adherence. Complainant claims that the specified


Exhibit 8 6
Page 25 of 133

records have not been expunged and the Opportunity to Improve has not been replaced with a Performance Work Plan rating of achieved. Further, complainant notes that one of the issues cited during mediation was a Non-Insured Crop Disaster Assistance Program (NAP) Training Session. Complainant states that she was recently given a NAP award but omitted from a memorandum prepared by Person B, State Executive Director. Finally, complainant notes that her computer was removed immediately after the mediation hearing. Complainant states that this was a violation of the spirit of the mediation agreement when the agreement was not to take place until two weeks later.

In its December 26, 2002 decision, the agency concluded that it complied with the terms of the December 5, 2001 settlement agreement. The agency stated that it processed the last action required under the agreement on December 26, 2001 and provided complainant notice of all corrective action taken and when it was implemented as prescribed in provision (A)(4). The agency noted that the new replacement Performance Work Plan was dated November 6, 2001, the same as the old one, the Opportunity to Improve had been removed, and that complainant and her attorney were free to review her Official Personnel File and her Performance File at any time. Further, with regard to the issue of Non-Insured Crop Disaster Assistance Program (NAP) training, NAP awards, and the complainant's computer, the agency noted that none of these are mentioned in the settlement agreement at issue.

Complainant filed the present appeal on January 24, 2003.[1] In her appellate brief, complainant states that the letter delivered to her on January 24, 2002, noting that her file was expunged of the Opportunity to Improve, was hand delivered by Person A, assistant to Person B, the "prime culprit" against whom she filed her complaint. Complainant claims that the letter was in an open envelope. Complainant alleges that Person A, the assistant, signed Person B's signature to the substituted Opportunity to Improve. Complainant claims this was a clear violation of her privacy rights and provision (B)(1). Further, complainant claims that provision (B)(2) was breached when Person B failed to contact her once during the implementation of the agreement and as evidenced by the delivery of the letter expunging the Opportunity to Improve and Person A's signature on the letter. Finally, complainant claims that the agency breached provision (B)(5) since Person A delivered the achievement rating on January 22, 2002.

---

[1] On her Notice of Appeal form, complainant lists that she is appealing formal complaint numbers 020419 and 020318. Complainant also indicates on the appeal form and in her brief on appeal that she is alleging a breach of settlement agreement. The record reveals that complainant filed formal complaints for Agency Numbers 020419 and 020318 on July 15, 2002 and March 4, 2002 respectively. The record reveals that the agency has not yet issued final decisions on these two formal complaints. Thus, to the extent complainant is attempting to file an appeal on agency numbers 020419 and 020318, such an appeal would be premature. Thus, this decision only addresses complainant's breach of settlement claim.

4                                                        01A31795

The record contains a January 30, 2002 memorandum to complainant from the State Executive Director (Person B) regarding her Performance Evaluation. Attached to this memorandum was a copy of complainant's Performance Work Plan for the rating period of October 1, 2000, through September 30, 2001. A review of the Performance Work Plan reveals that complainant was rated as Achieved on all applicable elements. The Performance Work Plan is signed by the rating official on November 6, 2001. The Performance Work Plan contains a typed note that it was presented to complainant on January 22, 2002; however, she refused to sign it.

The record contains a January 23, 2002 letter to complainant signed by the State Executive Director informing her of the actions taken to implement the December 5, 2001 settlement agreement. With regard to provision (A)(1), the agency noted that the SF-52 was processed on December 7, 2001, and forwarded to Washington, DC for further processing. With regard to provision (A)(2), the agency noted that payment for $1,500.00 was processed on December 26, 2001. With regard to provision (A)(3), the agency noted that due to the discovery of erroneous information concerning complainant's grade and step level at the time of mediation, the within-grade increase was processed to the GS-13-8 level. With regard to provision (A)(4), the agency noted that a new Performance Work Plan was prepared reflecting a rating of achieved in all performance plan elements and was placed in complainant's performance file. The agency noted that the Performance Work Plan is dated November 6, 2001, which was the date of the original rating. Further, the agency stated that the opportunity to improve rating has been removed from all records maintained by the agency of performance related matters. With regard to provision (A)(5), the agency noted that complainant was placed on administrative leave for the specified period.

EEOC Regulation 29 C.F.R. § 1614.504(a) provides that any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties. The Commission has held that a settlement agreement constitutes a contract between the employee and the agency, to which ordinary rules of contract construction apply. *See Herrington v. Department of Defense*, EEOC Request No. 05960032 (December 9, 1996). The Commission has further held that it is the intent of the parties as expressed in the contract, not some unexpressed intention, that controls the contract's construction. *Eggleston v. Department of Veterans Affairs*, EEOC Request No. 05900795 (August 23, 1990). In ascertaining the intent of the parties with regard to the terms of a settlement agreement, the Commission has generally relied on the plain meaning rule. *See Hyon v. United States Postal Service*, EEOC Request No. 05910787 (December 2, 1991). This rule states that if the writing appears to be plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument without resort to extrinsic evidence of any nature. *See Montgomery Elevator Co. v. Building Eng'g Servs. Co.*, 730 F.2d 377 (5th Cir. 1984).

In the present case, we find that complainant failed to show that the agency breached the December 5, 2001 settlement agreement. According to provision (A)(4), the agency was to expunge all references in all records regarding the performance related matters concerning the

Exhibit _10. 6_

Page _27_ of _133_

complainant since May 21, 2001. The agency was required to remove the Opportunity to Improve dated November 6, 2001, and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements. The record contains a copy of complainant's November 6, 2001 Performance Work Plan rating complainant as achieved in all performance plan elements. We note that complainant acknowledges receipt of the Performance Work Plan rating of achieved on January 22, 2002. Also. the record contains a January 23, 2002 letter to complainant signed by the State Executive Director informing her of the removal of the Opportunity to Improve rating from all records maintained by the agency of performance related matters. Upon review, we find that complainant has failed to show that the agency breached provision (A)(4).

Similarly, we find that complainant failed to show that the agency breached provision (B)(4) of the agreement. According to provision (B)(4), after the agreement is fully implemented, within 30 calendar days, the agency was required to provide complainant with a written notice explaining the specific actions taken to implement the agreement. The agency notes that the last action taken to implement the agreement was taken on December 26, 2001, and states that it provided complainant with written notice explaining the actions taken to implement the agreement on January 23, 2002. The record reveals that a check was issued to payment for $1,500.00 on December 26, 2001. The record shows that on January 23, 2002, the agency sent a letter to complainant signed by the State Executive Director informing her of the actions taken to implement the December 5, 2001 settlement agreement. Thus, we find that complainant failed to show that the agency breached provision (B)(4) of the agreement.

With regard to complainant's claims regarding the NAP training, NAP awards, and the removal of complainant's computer, we find that these issues are beyond the scope of the December 5, 2001 agreement.



11/26/03  Finally, we note that on appeal complainant raises new breach allegations. If complainant wishes to further pursue new breach claims, she is advised to contact the agency's EEO Director in accordance with 29 C.F.R. § 1614.504(a).

Accordingly, the agency's final decision is AFFIRMED.


## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

Exhibit  11.6
Page 28 of 133

6                                                01A31795

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the**

Exhibit  6
Page 29 of 133

7                                01A31795

sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_Carlton M. Hadden_

Carlton M. Hadden, Director
Office of Federal Operations


    OCT 2 3 2003
Date

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**


    OCT 2 3 2003
Date

_signature_

Equal Opportunity Assistant

Exhibit __6__
Page __30__ of __133__
        13.

DX 40

*Attachment II.*
*Case # 040175*
*Pgs. 1-15*

# Ozetta Thomas
## 2629 Highway 14, East
## Selma, AL 36703
## (Phone) 334-875-3947
## (FAX) 334-872-6941

*E-Mail*
*Ozettat @ yahoo. Com*

# FACSIMILE

**TO:  (Name)** *OCR*
*Employment Compliance + Technical Assistance D.V.*
*Attn: Leslie Lightner*
**(Fax Number)** *202- 690- 2345*

**NOTES:** *Per our telephone Conversation on yesterday,*
*Sept. 8, 2004. I am submitting my letter*
*of new allegations to you dated 11/26/03.*

**NUMBER OF PAGES:** *14*



DEFENDANT'S
EXHIBIT

CASE NO. *40*

EXHIBIT NO.

**Exhibit** *6*
**Page** *17* **of** *133*

Staff Meeting Minutes – February 18, 2003

Page 3

## FLP

**Bill** reported on activities in his division. He updated the SED on the farm loan computer alignment. He and Mary would work together on this. Bill also asked that Mary and Marlys get Anthony's computer updated.

## PA/CP

**Ozetta** informed the SED of an appeal hearing and told him that Sharrie would be speaking at a cotton meeting on Friday in Dothan.

The meeting adjourned at approximately 10:20 a.m.

Danny F. Crawford, SED

## CHESTNUT, SANDERS, SANDERS, PETTAWAY, & CAMPBELL, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

#### ONE UNION STREET — SELMA, ALABAMA 36702-1290

J. L. CHESTNUT, JR.
HENRY SANDERS
ROSE M. SANDERS
COLLINS PETTAWAY, JR.
KATY SMITH CAMPBELL

JEFFREY C. ROBINSON
PRINCE D. CHESTNUT
MARILYN M. GARNER
KINDAKA J. SANDERS
CHRISTMAS Y. GREEN

MAILING ADDRESS:

P. O. BOX 1290
SELMA, ALABAMA 36702-1290
(334) 875-9264
TELECOPIER: (334) 875-9375
TELECOPIER: (334) 875-9853

November 26, 2003

**Department of Agriculture**
**Office of Civil Rights**
**Employment Compliance and Technical Assistance Division**
**1400 Independence Avenue, S.W. – Mail Stop 9403**
**Washington, DC 20250-9403**

RE:    *Ms. Ozetta Thomas*
       *Employment Complaints*

To Whom It May Concern:

Please accept this as a formal complaint regarding the breach of the December 5, 2001, Resolution Agreement (Agreement) reached between Mrs. Ozetta Thomas and the U.S. Department of Agriculture, the Farm Service Agency Division, attached hereto as Exhibit 1 (one).  Please note that the subject complaints were initially raised as part of an appeal of related claims.  (See Exhibit 2.)  Per the recommendation of a Decision from the U.S. Equal Employment Opportunity Commission, dated October 23, 2003, concerning the appealed claims, Mrs. Thomas now brings the subject complaints before this Agency.

I.    <u>Violation of Privacy</u>

In the third section of the Resolution Agreement, both parties agree:

(1) To respect the privacy rights of all individuals involved in this matter.  The fact that the case was voluntarily resolved in a manner acceptable to both sides may be communicated to others.  Explicit terms of the agreement will not be discussed, disclosed or released to anyone who does not need the information to implement the agreement, without the express permission of the other party.

Exhibit ___6¹___
Page 18 of 133

Mrs. Thomas maintains that the explicit terms of the Agreement have been disclosed and/or released to someone who did not need the information to implement the agreement, without Mrs. Thomas' express permission and in violation of the Agreement. Specifically, when the performance rating was delivered to Mrs. Thomas on January 22, 2002, it was hand-delivered by Ms. Irean Bennett, secretary to State Executive Director, Mr. Danny Crawford, the primary party against whom Ms. Thomas filed her complaint. Indeed, the letter was delivered in an open envelope – exposed for Ms. Bennett's reading pleasure. Furthermore, Ms. Debbie Williams, assistant to Mr. Crawfore, signed his signature to the substituted performance rating as achieved, which clearly afforded opportunity for the Agreement to be read by unnecessary third parties. To be sure, Mr. Crawford could have signed the rating himself anytime from the date of the signing of the Resolution on December 5, 2001 through the time of delivery of the rating to Mrs. Thomas on January 22, 2002. Instead, Mr. Crawford chose to willfully violate the Agreement by involving his assistant and secretary in a sensitive matter that easily could have been handled by him personally. Indubitably, this was a clear violation of the privacy rights of Mrs. Thomas. Moreover, this was a blatant violation of the spirit of the agreement, in addition to the Agreement's technical aspects.

II.    **Failure to Act in Good Faith**

Under the same above-referenced section, paragraph 2 of the Agreement, both parties agree:

(2) To cooperate and communicate in good faith to complete implementation of this agreement and to abide by the terms of this agreement.

The Agency has breached this provision. Please note that not even once during the implementation of the Agreement did Mr. Crawford attempt to communicate with Mrs. Thomas. In fact, he completely ignored her, as evidenced by the delivery of the performance rating by Ms. Bennett and the signature on the same by Ms. Williams. That is, Mr. Crawford made no effort to contact Mrs. Thomas to see if she would consent to Ms. Bennett's delivering the performance rating. In short, Mr. Crawford has not exhibited good faith in dealing with Mrs. Thomas.

The violations in I and II of this letter were done in a discriminatory manner based upon Mrs. Thomas' race, Black, and her sex, female. She has been discriminated against in violation of Title VII.

For the foregoing reasons, Complainant requests, pursuant to paragraph five (5) of the Resolution, that the original complaint be reinstated at the point at which it was closed by this Agreement.

Exhibit 6.

Page 19 of 133

Sincerely,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

Christmas Y. Green

CYG/ba
Enc.:  Resolution Agreement,
        Notice of Appeal

Exhibit _6_  *3.*
Page _20_ of _133_



## RESOLUTION AGREEMENT

This agreement made by and between Ozetta Thomas, (hereafter referred to as Complainant) and the U. S. Department of Agriculture, Farm Service Agency (hereafter referred to as the Agency), constitutes a full, complete, and final resolution of all the employment concerns raised in the Complainant's informal EEO complaint filed on September 14, 2001, before EEO mediator, Hope C. Light. The issues and basis of complaint #AL-01-001E are: non-sexual harassment and performance evaluation based on race (black)

This resolution agreement does not prevent the Agency from pursuing any issues of alleged misconduct raised in the complaint, nor from initiating any preventive corrective or disciplinary action against Agency officials, if warranted.

The parties wish to set forth the terms of the agreement in writing. This neither determines nor implies a finding of or admission that discrimination occurred.

This agreement is authorized under 29 C.F.R. §1614, regulations on processing EEO complaints in the Federal Government, and the EEOC's Management Directive (MD)-110.

The Agency agrees to:

1. Detail the complainant to the Civil Rights and Small Business Utilization Staff, Program Complaints Branch in Montgomery, Alabama, effective December 16, 2001, as a Program Complaint Specialist, GS-301-13. The duration of the detail to be effective through January 4, 2003 to return to her former position effective January 5, 2003. The State Executive Director will process the SF-52 within (10) ten days of the signing of this agreement.

2. Pay the complainant the sum of $1,500 (one thousand five hundred dollars). The parties agree that this sum represents a total and complete settlement of all money issues payable to the complainant or to her attorney in this matter. The State Executive Director agrees to process the payment of attorney fees within 30 days of receipt of the detailed bill.

3. Grant the complainant a Within-Grade-Increase from a Supervisory Program Specialist GS-1145-13/6 to a GS-1145-13/7 with an effective date of January 13, 2002. The State Executive Director will process the SF-52 within ten (10) days of the signing of this agreement.

4. Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001. Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements.

5. Place the complainant on paid administrative leave effective December 6, 2001 through December 15, 2001.

Exhibit  6  4.
Page 21 of 133

The Complainant agrees to:

1.  Withdraw the informal EEO complaint initiated on September 14, 2001 and agrees not to raise any new complaint about the above cited issues.

2.  Submit a detailed bill for attorney's fees to the State Executive Director within ten (10) days of the signing of this agreement.

3.  Release, waive and withdraw any and all complaints, grievances, appeals or civil actions against the Agency, its employees and officers in their individual or official capacities for any concerns arising out of these (or related) employment situations prior to the signing of this agreement.  This agreement does not prevent the Complainant from exercising their rights under 29 C.F.R. §1614, in any other matter that arises after the signing of this agreement.

Both parties agree:

1.  To respect the privacy rights of all individuals involved in the matter.  The fact that the case was voluntarily resolved in a manner acceptable to both sides may be communicated to others.  Explicit terms of the agreement will not be discussed with, disclosed or released to anyone who does not need the information to implement the agreement, without the express permission of the other party.

2.  To cooperate and communicate in good faith to complete implementation of this agreement and to abide by the terms of this agreement.

3.  To declare this complaint resolved through this resolution agreement.  There are no other agreements between the parties, either expressed or implied, oral or written.

4.  That after the agreement is fully implemented, the Agency will within 30 calendar days, provide the Complainant with a written notice explaining the specific actions taken to implement the agreement.  A copy of the notice will be provided to: FSA-CR&SBUS, Attn: Debbie Lombardino, 1400 Independence Avenue, SW, Stop Code 0509, Washington, D.C. 20250.  If the Complainant has any questions about the implementation actions after receiving the notice, and the questions are not satisfactorily addressed by the Agency, the Complainant may raise these questions with the FSA-CR&SBUS at the address above or by calling FSA-CRSBUS at (202) 401-7220.

5.  That if the terms of this agreement are not carried out, through no fault of the Complainant, the Complainant may request enforcement of the terms of the agreement, or that the complaint be reinstated at the point at which it was closed by this agreement.  This request must be filed within 30 calendar days of the alleged failure to implement this agreement with the Employment Complaint Division, Office of Civil Rights, Employment Compliance and Technical Assistance Division, 1400 Independence Avenue, SW, Stop 9440, Washington, D.C. 20250-9440.  The request should include a copy of this agreement, an explanation of which particular term(s) of the agreement have not been implemented, why the Complainant believes the term(s) have not

5.

Exhibit 6
Page 22 of 133

been implemented, and any relevant documents.  A copy of the request should also be provided to the individual who signed this agreement on behalf of the Agency.

6.  That they are entering into this agreement voluntarily, without coercion or duress, and fully understand the terms of this agreement.

Ozetta Thomas
Complainant

12/05/01
DATE

Jeffrey C. Robinson
Attorney-at-Law

12/05/01
DATE

Danny F. Crawford
State Executive Director

12/05/01
DATE

William A. March
Resolving Official

12/05/01
DATE

Exhibit ___6___
Page 23 of 133

6.

DX 41

COPY

April 03, 2002

DEFENDANT'S
EXHIBIT

CASE         4 i
NO.

EXHIBIT
NO.

TO:          Danny Crawford, FSA State Executive Director
THRU :       Carlton O'neal, Branch Chief, CR & SBUS

FROM:        Ozetta Thomas, Chief Production Adjustment/Program Complaints
             Specialist

SUBJECT:     BIG Conference

I am very much interested in attending the Blacks In Government (BIG) Conference again this year. The conference is held in Atlanta, GA on August 26-30, 2002.

I am submitting this request to you as my immediate supervisor for your approval of my attending. Then, please forward this request to Danny for approval of disbursement of funds. I have attached Form AD-202 for advance travel authorization.

Please indicate your decision below and return to me. This must be done before I can submit my pre-registration form to Washington, D. C.

Your favorable consideration will be greatly appreciated.

Approved: /✓/ Disapproved: /__/    *Carlton O'neal*        04-03-02
                                   Carlton O'neal            (Date)


Approved: /__/ Disapproved: /__/   _____
                                   Danny Crawford            (Date)

Note: Traveler is liable for the value of the tickets issued untilall tickets or coupons are properly accounted for on the Tavel Voucher.

## 1. ACTION CODE (Indicate one type only)

| | | | | | MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|---|
| E = Establish | C = Cancel | | | 2. AUTHORIZATION DATE | 04/03/02 | | |
| A = Amend | V = Advance Only (Complete Sections A, E, and F Only) | | | | | | |

## SECTION A - IDENTIFICATION

| 3. TRAVEL AUTHORIZATION NO. | 4. SOCIAL SECURITY NO. | 5. NAME (Last) | (First) | (Middle Initial) | 6. AGENCY CODE |
|---|---|---|---|---|---|
| | | THOMAS, | OZETTA | C. | FA |

| 7. AGENCY OON | 9. ESTIMATED DATES OF TRAVEL EXPENSES | | 10. TYPE TRAVEL (Indicate one type only) | 11. GOVERNMENT CREDIT CARD HOLDER |
|---|---|---|---|---|
| AGFAFA0513 | FROM / THRU | | DM = Domestic    GR = Escorted Group | |
| 8. TRAVELER OON | Month Day Year | Month Day Year | FG = Foreign    OC = Outside Cont. U.S. | Y = Yes |
| | 8/25/02 | 8/31/02 | DM | PT = Foreign Transfer    TS = Transfer of Station | Y | N = No |
| | | | RT = Return Travel    OT = Outside CONUS ToS | |

| 12. TRAINING DOCUMENT NO. (For Purpose of Travel Code 3 Only) | 13. OFFICIAL DUTY STATION CITY AND STATE | 14. RESIDENT CITY AND STATE (If other than official station) |
|---|---|---|
| | MONTGOMERY, AL | SELMA, AL |

## SECTION B - EMPLOYMENT STATUS (Check the appropriate employment status block.)

| ✔ 15. PAYROLLED BY NFC | 16. NOT PAYROLLED BY NFC | 17. NEW HIRE | 18. SPECIAL APPOINTEE | 19. NONGOVERNMENT |
|---|---|---|---|---|
| | | | | |

## SECTION C - ITINERARY AND ESTIMATED EXPENDITURES

| 20. FROM | | | 21. TO | | | | 23. AUTHORIZED EXPENDITURES | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CITY | ST | CNTRY CD | CITY CD | CITY, COUNTY or REGION | ST | Subsistence Codes | CODE | LODGING | M and IE | RATE | NO DAYS | ESTIMATED AMOUNT |
| SELMA. | AL | | | ATLANTA. | GA | P=Per Diem | P | $ 93.00 + | 38.00 | = 131.00 | x 6.0 | = $ 786 00 |
| | | | | | | A=Actual Subsistence | | + | | = 0.00 | x | = 0 00 |
| | | | | | | S=Special Rate | | + | | = 0.00 | x | = 0 00 |
| | | | | | | | | + | | = 0.00 | x | = 0 00 |
| | | | | | | | | + | | = 0.00 | x | = 0 00 |
| | | | | | | | | + | | = 0.00 | x | = 0 00 |
| | | | | | | | | + | | = 0.00 | x | = 0 00 |

| 22. PURPOSE OF TRAVEL (Give explanation) | | | Total Subsistence | $ 786 00 |
|---|---|---|---|---|
| | | ✔ POV: Rate | .365 | |

## SECTION D - ACCOUNTING CLASSIFICATION

25. Distribute Total Estimated Expenditures from Section C to the applicable Purpose of Travel Code and Accounting Classification line.

| PURPOSE OF TRAVEL CODES | | |
|---|---|---|
| 1 = Site Visit | 6 = Relocation | 11 = Pre-employment |
| 2 = Information Meeting | 7 = Entitlement/Home leave | 12 = First post of duty |
| 3 = Training attendance | 8 = Special mission travel | 13 = Rest & Recuperation |
| 4 = Speech or presentation | 9 = Emergency travel | 14 = Educational |
| 5 = Conference attendance | 10 = Other travel | 15 = Informal training |

| | Rate | | |
|---|---|---|---|
| | Rate | | |
| | Rate | 164 25 |
| ✔ Other (Specify) Tr. Fee. Rm. Tax. et | 465 00 |

| PURPOSE CODE | ACCOUNTING CLASSIFICATION | PERCENTAGE |
|---|---|---|
| | | % |

| | Unaccompanied Baggage | |
|---|---|---|
| | Car Rental | |
| | Common Carrier Tickets | |
| Transportation Mode | Method of Purchase | |
| | Use of Non-contract Airline | Insert Code |
| | Excess Fare | |
| | Excess Baggage | |
| | GSA Auto | |

| THESE PERCENTAGES MUST EQUAL | 100% | 24. Total Est. Expenditures Authorized | $ 1.415.25 |
|---|---|---|---|

## SECTION E - TRAVEL ADVANCE

| 26. ADVANCE REQUEST METHOD (Select one method only) | 32. ADVANCE MAILING ADDRESS OPTIONS | | | | | |
|---|---|---|---|---|---|---|
| C = Check or DD/EFT | SALARY ADDRESS | T&A CONTACT POINT | SPECIAL ADDRESS | (Required for new hires, special appointees, and nonGovernment travelers) | FOREIGN ADDRESS | TRAVEL EFT ACCOUNT |
| T = Travelers Checks | | | | | | |
| I = Imprest Fund | 1. (35) | | | | | |
| E = Emergency (Wire) | | | | | | |
| W = Wire Confirmation | 2. (35) | | | | | |
| S = Embassy Issued Advance | | | | | | |
| L = Embassy Collect Advance | 3. (City) (20) | | State (2) | | Zip Code (9) | |

| 27. AMOUNT OF ADVANCE APPLIED FOR | 33. IMPREST FUND CASHIER | | |
|---|---|---|---|
| $ | SOCIAL SECURITY NO. | SIGNATURE | |

| 28. BALANCE FROM PREVIOUS ADVANCE | 34. ADVANCE RECEIVED (Cash or Travelers Checks) | |
|---|---|---|
| $ | DATE RECEIVED Month Day Year | APPLICANT'S SIGNATURE |

| 29. TOTAL ADVANCE AMOUNT | | |
|---|---|---|
| $ 0.00 | | |

| 30. APPLICANT'S SIGNATURE | 31. DATE APPLIED FOR Month Day Year | SEE PRIVACY ACT STATEMENT ON REVERSE |
|---|---|---|

## SECTION F - AGENCY APPROVAL

| 35. APPROVING OFFICER'S NAME AND TITLE (Last, First, Middle Initial) (Type or Print) | AGENCY CODE | 36. SOCIAL SECURITY NO. | 37. DATE APPROVED Month Day Year | 38. PHONE (Area Code & No.) |
|---|---|---|---|---|

| ` APPROVING OFFICER'S SIGNATURE | 40. CONTACT PERSON'S NAME | 41. PHONE (Area Code & No.) |
|---|---|---|

| 42. REMARKS |
|---|

Upon completion and approval, submit original to:

**USDA -- National Finance Center, P.O. Box 60,000, New Orleans, LA 70160**
This form was electronically produced by National Production Services Staff

FORM AD-202 (USDA) (Rev. 11/96)
Exception to SF 1038 approved by GSA 11/20/96

DX 42

(Exhibit 2, Pg. 1)

Subject: **Memo - Blacks In Government Conference**
Date: Fri, 05 Apr 2002 11:26:11 -0600
From: Verdell Zeigler <verdell.zeigler@al.usda.gov>
Organization: USDA-FSA
To: "Moses, Valerie" <valerie.moses@al.usda.gov>,
"Watson, Jacqueline" <jacqueline.watson@al.usda.gov>,
"Colvin, Jesse" <jesse.colvin@al.usda.gov>,
"Thomas, Ozetta" <ozetta.thomas@al.usda.gov>,
"Anthony, Vickie" <vickie.anthony@al.usda.gov>, chantae.alfred@al.usda.gov,
shelia.dove@al.usda.gov, "McInnis, Mary" <mary.mcinnis@al.usda.gov>,
"cliff.warren" <cliff.warren@al.usda.gov>, "Braggs, Mary" <mary.braggs@al.usda.gov>,
gretchen.thomas@al.usda.gov, michelle.simmons@al.usda.gov,
sandra.coolie@al.usda.gov, faye.woods@al.usda.gov, beverly.fraser@al.usda.gov,
"Sanders, Lillie" <lillie.sanders@al.usda.gov>, cozia.heard@al.usda.gov,
"Fitzpatrick, Stephanie" <stephanie.fitzpatrick@al.usda.gov>,
james.currington@al.usda.gov, minnie.hudgins@al.usda.gov,
"Bryant, Belinda" <belinda.bryant@al.usda.gov>, johnnie.spain@al.usda.gov,
sheryl.dansby@al.usda.gov
CC: "Crawford, Danny" <danny.crawford@al.usda.gov>

```
The attached memo is being forwarded for your information and response.
If you have any questions, please feel free to contact me.  Also, if you
see that a name is missing, please let me know.  Thanks
Verdell
```

| | |
|---|---|
| BIG.doc | Name: BIG.doc |
| | Type: Winword File (application/msword) |
| | Encoding: base64 |

**DEFENDANT'S EXHIBIT**

CASE NO. /2

EXHIBIT NO.

6.
Exhibit 6
Page 38 of 133

 USDA

(Exhibit 2, Pg.2)

April 22, 2002

**United States
Department of
Agriculture**

Farm and Foreign
Agricultural
Services

Farm Service Agency

Alabama State Office
P. O. Box 235013
Montgomery, AL
36123-5013

Tel: (334) 279-3500
Fax: (334) 279-3550

TO:        Applicable Employees

FROM:    /s/Danny F. Crawford, State Executive
Director

SUBJECT: Blacks In Government's 24th Annual National
Training Conference

Blacks In Government (BIG) will hold its 24th Annual Training Conference in Atlanta, Georgia, on August 26-30, 2002. This year's theme is *"Accept the Challenge, Exceed the Standard through Professional Development."*

BIG is an employee support and advocacy organization whose primary mission is to promote and enhance educational and training opportunities for African Americans in government. With chapters throughout the United States and abroad representing more than 2.5 million public employees, BIG continues to be the largest organization dedicated to the preservation and enhancement of African American civil servants.

This year's sessions will feature noted lecturers, elected officials, national leaders, and policy makers. Some of the topics covered include information technology, communication skills, career development, personal performance and productivity, management and leadership skills, and EEO/human resource management.

Our agency supports BIG's efforts and considers the conference as an effective way to meet the training needs of the Federal workforce. We have been approved for two employees to attend this year's conference; therefore, in an attempt to afford an opportunity to interested employees, we are requesting that you email Verdell Zeigler if you are interested in attending by COB April 12, 2002. Negative responses are required.

If you would like to find out more about BIG, you may access their website at www.bignet.org/ntc/index.htm. Also, if you have questions, feel free to contact me at 334-279-3500.

USDA is an Equal Opportunity Provider and Employer

Re: Memo - Blacks In Government Conference    *(Exhibit 3)*

**Subject: Re: Memo - Blacks In Government Conference**
**Date:** Mon, 22 Apr 2002 13:29:54 -0500
**From:** Ozetta Thomas <ozetta.thomas@al.usda.gov>
**Organization:** USDA-FSA
**To:** Verdell Zeigler <verdell.zeigler@al.usda.gov>
**CC:** Danny.Crawford@al.usda.gov

Hi Verdell,

I just received this today (April 22, 2002). I was off on Friday, April 5, when you sent it, then I was out of the state the past two weeks. Although, I am sure this resulted from my request to Danny to attend the BIG Conference in a memo dated April 3, 2002. So, you would already have my response.

Just FYI, this could be considered discriminatory, it should have gone to all government employees. BIG is open not only to African Americans. I do hope this will increase the interest in other employees.

Ozetta

Verdell Zeigler wrote:
>
> *The attached memo is being forwarded for your information and response.*
> *If you have any questions, please feel free to contact me.  Also, if you*
> *see that a name is missing, please let me know.  Thanks*
> *Verdell*
>
> --------------------------------------------------------------------------
>                  *Name: BIG.doc*
>   *BIG.doc     Type: Winword File (application/msword)*
>           *Encoding: base64*

8.

**Exhibit** 6
**Page** 40 **of** 133

073