IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-CV-411-WKW |
| | ) |
| MIKE JOHANNS, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, FARM SERVICE, | ) |
| AGENCY, (FSA), | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF DEBORAH T. WILLIAMS

I, Deborah T. Williams, pursuant to 28 U.S.C. § 1746(2), declare under penalty of perjury that the following statement is true and correct based on my personal knowledge:

1.

I am currently the Executive Assistant to the State Executive Director ("SED") for the United States Department of Agriculture ("USDA"), Farm Service Agency ("FSA") in Alabama. In this position, my job duties include assisting the SED on a variety of issues that cross program and administrative lines, and providing expert advise on highly sensitive and broadly impacting issues. One of my primary responsibilities is handling personnel matters. I am in charge of coordinating with the FSA headquarter's Human Resources Office and the SED to ensure that disciplinary actions and policies are properly carried out and administered. I also work with the National FSA EEO Branch to address EEO complaints filed with the agency, attend informal mediation sessions, and ensure that the Alabama FSA properly implements settlement agreements. I have been in this

F

position since 1999.

2.

I attended a mediation hearing on December 5, 2001, dealing with complaints raised by Ms. Thomas against Danny Crawford. Ms. Thomas indicated at the mediation that she did not want to work for Mr. Crawford anymore. At the end of the mediation, the USDA entered into a Settlement Agreement with Ms. Thomas which did not admit any of Ms. Thomas's allegations. I was assigned the task of ensuring that the Agreement was fully implemented. I made sure that the USDA took the appropriate steps to: (1) detail Ms. Thomas from the FSA State Office to the Office of Civil Rights ("OCR") from December 16, 2001, to January 5, 2003, where she reported to a different supervisor (the OCR is an entirely different office of the FSA with a different supervisory chain of command and serviced by a different personnel office than the FSA State Office); (2) process and issue a check to pay Ms. Thomas's attorney in the amount of $1,500 for attorneys fees; (3) grant Ms. Thomas a salary increase from GS-13, step 7, to a GS-13, step 8; (4) expunge Ms. Thomas's official files of performance-related matters issued after Mr. Crawford became SED, including her "not achieved" Performance Work Plan ("PWP") and Opportunity to Improve ("OTI"), which was replaced with an "achieved" PWP, dated the same date (November 6, 2001) as the date the original PWP was given; and (5) place Ms. Thomas on paid administrative leave from December 6, 2001, until December 16, 2001, when her detail in the OCR began.

3.

The steps that I took to ensure that the USDA fully implemented the Agreement are detailed in a letter that was sent to Ms. Thomas on January 23, 2002. A true and accurate copy of this letter, with attachments, is attached to this Declaration as Exhibit A. This letter was sent to Ms. Thomas

within thirty days of the last act the USDA took to implement the Agreement, which was the issuance of a check to her for $1,500.00, in attorney's fees on December 26, 2001. A copy of the December 26, 2001, check issued to Ms. Thomas is attached to Exhibit A as Attachment 2. While performing these job duties, I signed Mr. Crawford's signature to the revised "achieved" PWP and to the January 23, 2002, letter listing the steps taken to implement the Agreement. He was not present in the office on the days on which I signed the documents, and I have full authority to sign his signature for him in his absence. In my job as the SED's Executive Officer, I sign many documents for Mr. Crawford. When I sign his signature for him, and place my initials by it, the signature has the same force and effect as if Mr. Crawford had personally signed the document.

4.

When I took the steps to ensure the USDA had fully implemented the Settlement Agreement, I only discussed the matter with USDA employees that were necessary to implement the Agreement. I did not share the terms of the Settlement Agreement with anyone in ensuring these steps were taken and held the Agreement and its terms in strict confidence.

5.

In January 2002, I asked Ms. Bennett, Mr. Crawford's Executive Secretary, to hand-deliver a copy of Ms. Thomas's revised PWP that had been placed in Ms. Thomas's personnel file. I often ask Ms. Bennett to hand-deliver confidential and personal documents to USDA employees, and it is part of her job duties. I thought a hand delivery of the revised PWP directly to Ms. Thomas would ensure its confidentiality more than placing a copy in the office mail. I did not give Ms. Bennett any instructions as to what envelope to use or how to seal the envelope, but expected her to deliver the PWP in a confidential manner as she would deliver any other PWP or private document that she was

asked to hand deliver directly to a USDA employee.

6.

After the December 5, 2001, mediation, I learned that Valerie Moses, the FSA State Office employee who handles time and attendance, was having problems with her desktop computer. Mary Reynolds, an FSA computer specialist, told me that the office had no spare computers. I was also aware that Ms. Bennett had been asking for a laptop to allow her to work from home or while traveling but there had been no laptops available. I did not expect Ms. Thomas to be in the office or to be using her laptop because she was on paid leave until December 16, 2001, and when her detail started in the OCR she would be given a new computer. To deal with this resource problem and to ensure Ms. Moses had a desktop to do time and attendance until her computer could be repaired or replaced, I proposed to Mr. Crawford that Ms. Thomas's laptop be given to Ms. Bennett, and Ms. Bennett's desktop be given to Ms. Moses. Mr. Crawford approved of this resource allocation. As a result, I asked Ms. Reynolds to move Ms. Thomas's laptop to Ms. Bennett and Ms. Bennett's desktop to Ms. Moses.

7.

Mr. Crawford and I did not discuss anything about Ms. Thomas's password, and I did not tell Ms. Reynolds to deactivate Ms. Thomas's password.

8.

After Ms. Reynolds moved the computers around, Ms. Thomas came into the office and asked to check her email. I told Ms. Reynolds to return Ms. Thomas's laptop to her. I did not hear anything else about the matter. I assumed that Ms. Thomas had been able to check her email.

9.

When Ms. Thomas's detail to the OCR ended, the Settlement Agreement mandated that the USDA return Ms. Thomas to her former position as Chief. As the end of her detail approached, I worked with the USDA's Human Resources Office in Kansas City to ensure that the USDA complied with the Agreement and processed the paperwork to return Ms. Thomas to her Chief position. In particular, I made sure that a SF-52, Notification of Personnel Action, was processed to return Ms. Thomas to the FSA State Office as Chief, effective Monday, January 5, 2003.

10.

At around the same time, our office received a letter from Ms. Thomas indicating that her attorney was alleging non-compliance with the Settlement Agreement and seeking an indefinite extension of her detail from the USDA's Employment Compliance and Technical Assistance Division. She also indicated that she did not want to return to the FSA State Office, and she requested that until this matter was resolved she be allowed to work at a location outside the State Office or, if that was not feasible, to be placed on indefinite sick leave. Mr. Crawford and I discussed this letter, and I also got advice from the Human Resources staff in Kansas City. We interpreted the first part of the letter as a request by Ms. Thomas to work as Chief from a location other than the State Office in Montgomery. Neither Mr. Crawford nor I thought that it would be feasible for Ms. Thomas to work at a county office or other satellite office, because as Chief she had to be physically present and available to her staff in the State Office. I am not aware of any other FSA State Office employee who has ever asked for indefinite sick leave. Ms. Thomas's request was denied because she was requesting this indefinite leave and had not provided a doctor's note.

11.

After Ms. Thomas returned from her detail, I never heard any complaints from her about anything. I understood that she was devoting her time to learning the new farm bill. I attended one SED staff meeting on February 18, 2003, which Ms. Thomas attended as Chief of her Division. I missed an earlier staff meeting on January 23, 2003.

12.

I have received annual Equal Employment Opportunity training by USDA. I have never heard Mr. Crawford (the State Executive Director), or any other FSA employee make any racially or sexually offensive comments or any negative comments about anyone using the EEO process. I never discriminated against Ms. Thomas based on her race or gender, and I did not retaliate against her for filing any Equal Employment Opportunity Complaints.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statement of 12 paragraphs is true and correct.

/s/ Deborah T. Williams
Deborah T. Williams

Executed this 4th day of March 2008.

# EXHIBIT A



**United States Department of Agriculture**

**Farm and Foreign Agricultural Services**

**Farm Service Agency Alabama State Office**
P. O. Box 235013
Montgomery, AL
36123-5013

Tel: (334) 279-3500
Fax: (334) 279-3550

January 23, 2002

Ms. Ozetta C. Thomas
2629 Highway 14 East
Selma, Alabama 36703

Dear Ms. Thomas:

This is written notice explaining the specific actions taken to implement the Resolution Agreement made by and between you and the U.S. Department of Agriculture, Farm Service Agency on December 5, 2001.

The Farm Service Agency has taken the following actions as outlined in the agreement:

1. Detail the complainant to the Civil Rights and Small Business Utilization Staff, Program Complaints Branch in Montgomery, Alabama, effective December 16, 2001, as a Program Complaint Specialist, GS-301-13. The duration of the detail to be effective through January 4, 2003 to return to her former position effective January 5, 2003. The State Executive Director will process the SF-52 within (10) days of the signing of this agreement.

   The SF-52 was processed on December 7, 2001. It was forwarded to the Kansas City Management Office for processing. Jim Logan, KCMO, forwarded the SF-52 to HRD in Washington, DC for further processing. See Attachment 1.

2. Pay the complainant the sum of $1,500 (one thousand five hundred dollars). The parties agree that this sum represents a total and complete settlement of all money issues payable to the complainant or to her attorney in this matter. The State Executive Director agrees to process the payment of attorney fees within 30 days of receipt of the detailed bill.

   The agreement stipulated that a detailed bill for attorney's fees was to be submitted within ten (10) days of the signing of the agreement to the State Executive Director. However, it was submitted to the Mediator and Resolving Official. The State Executive Director received the bill from Hope Light, Mediator, on December 19, 2001. Payment of $1500.00 was processed on December 26, 2001. See Attachment 2.

3. Grant the complainant a Within-Grade-Increase from a Supervisory Program Specialist GS-1145-13/6 to a GS-1145-13/7 with an effective date of January 13, 2002. The State Executive Director will process the SF-52 within ten (10) days of the signing of this agreement.

USDA is an Equal Opportunity Provider and Employer

Ozetta C. Thomas                                                                                  Page 2

    Due to the transfer of personnel processing from Kansas City Management Office to the State Office, no SF-52 was required for this action. However, the personnel system was updated on December 7, 2001 to process a within-grade increase effective January 13, 2002. NOTE: While reviewing your Official Personnel Folder, it was discovered that the Resolving Official was given erroneous information concerning your grade and step level at the time of the mediation. You were already at the GS-13-7 level. Therefore, the within-grade increase was processed to the GS-13-8 level. See Attachment 3.

4    Expunge all references in all records maintained by the Agency of the performance related matters concerning the complainant since May 21, 2001. Remove the Opportunity to Improve dated November 6, 2001 and replace the Performance Work Plan dated November 6, 2001, with a Performance Work Plan rating of achieved in all performance plan elements.

    A new Performance Work Plan was prepared reflecting a rating of achieved in all performance plan elements and has been placed in your Performance File which is maintained with your Official Personnel File in the Alabama State FSA Office Administrative Division. The replacement Performance Work Plan is dated November 6, 2001 which was the date of the original rating. The Opportunity to Improve has been removed and all records maintained by the Agency of performance related matters concerning you have been expunged. Both you and your attorney are free to review your Official Personnel File and Performance File at any time by contacting Administrative Officer Verdell M. Zeigler. See Attachment 4.

5    Place the complainant on paid administrative leave effective December 6, 2001 through December 15, 2001.

    You were placed on administrative leave for the period indicated. See Attachment 5.

The agreement stipulates that, after the agreement is fully implemented, FSA will within 30 calendar days, provide you with this written notice. The last action processed to implement the agreement was taken on December 26, 2001.

If you have questions concerning the agreement or implementation of the agreement, please contact the FSA-CR&SBUS at 1400 Independence Avenue, SW, Stop Code 0509, Washington, D.C. 20250, phone: 202-401-7220.

Sincerely,

*[signature]*

DANNY F. CRAWFORD
State Executive Director

Attachments (5)

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

ATTACHMENT 1

## REQUEST FOR PERSONNEL ACTION

**PART A - REQUESTING OFFICE** *(Also complete Part B, Items 1, 7-22, 32, 33, 36, and 39.)*

| 1. Actions Requested | 2. Request Number |
|---|---|
| DETAIL - NTE  01-04-03 | |

| 3. For Additional Information Call *(Name and Telephone Number)* | 4. Proposed Effective Date |
|---|---|
| VERDELL M. ZEIGLER, 334-279-3504 | 12-16-01 |

| 5. Action Requested By *(Typed Name, Title, Signature, and Request Date)* | 6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)* |
|---|---|
| DANNY F. CRAWFORD, STATE EXECUTIVE DIRECTOR<br>12-07-01  *Danny F. Crawford* | |

**PART B** - For Preparation of SF 50 *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. Name *(Last, First, Middle)* | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| THOMAS, OZETTA C. | ■■■■ | ■■■■ | |

**FIRST ACTION**

| 5-A Code | 5-B. Nature of Action |
|---|---|
| | DETAIL - NTE |

| 5-C Code | 5-D. Legal Authority |
|---|---|
| | |

| 5-E Code | 5-F. Legal Authority |
|---|---|
| | |

**SECOND ACTION**

| 6-A. Code | 6-B. Nature of Action |
|---|---|
| | |

| 6-C. Code | 6-D. Legal Authority |
|---|---|
| | |

| 6-E. Code | 6-F. Legal Authority |
|---|---|
| | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPVY AGRL PROG SPECLST<br>AL351013    114532 | PROG COMPLAINTS SPECLST |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 1145 | 13 | 07 | 74,102.00 | PA | GS | 0301 | 13 | 07 | 74,102.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 68,817.00 | 5,285.00 | 74,102.00 | | 68,817.00 | 5,285.00 | 74,102.00 | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| FARM SERVICE AGENCY<br>EXEC DIR FOR STATE OPERS<br>  ALABAMA STATE OFFICE<br>  PRODUCTION ADJ & COMPLIANCE B | FARM SERVICE AGENCY<br>EXEC DIR FOR STATE OPERS<br>  ALABAMA STATE OFFICE<br>  CIVIL RIGHTS & SMALL BUS UTIL STAFF |

**EMPLOYEE DATA**

| 23. Veterans Preference | 24. Tenure | 25 Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1   1 - None  3 - 10-Point/Disability  5 - 10-Point/Other<br>    2 - 5-Point  4 - 10-Point/Compensable  6 - 10-Point/Comcensable/30% | 1   0-None  2-Conditional<br>    1-Permanent  3-Indefinite | | YES  X NO |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| L0  BASIC-STANDARD-2X ADDITIONAL | 9  NOT APPLICABLE | 0 |

| 30. Retirement Plan | 31. Service Comp. Data (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| K  FERS AND FICA | 04/30/68 | F  FULL TIME | |

**POSITION DATA**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1   1- Competitive Service  3-SES General<br>    2- Excepted Service  4-SES Career Reserved | E   E - Exempt<br>    N - Nonexempt | | 8888 |

| 38. Duty Station Code | 39. Duty Station *(City - County - State or Overseas Location)* |
|---|---|
| 01-2130-101 | MONTGOMERY     MONTGOMERY, AL |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Veterans Status | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 - USA  8 - Other | | |

**PART C** - Reviews and Approvals *(Not to be used by requesting office.)*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | | | D. | | |
| B. | | | E. | | |
| C. | | | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.  | Signature | Approval Date

| | CCC-184 (06-24-94) | UNITED STATES DEPARTMENT OF AGRICULTURE  Commodity Credit Corporation | | | 00000798 | 18-200 1010 |



| | FEDERAL RESERVE BANK KANSAS CITY | OFFICE CODE | PROG. | CHECK NO. | DATE | AMOUNT |
|---|---|---|---|---|---|---|
| PAY EXACTLY: | | 01-000-0 | STOADM | 00000798 | 12-26-2001 | $*****1,500.00 |

One Thousand Five Hundred Dollars

PAY TO THE ORDER OF:

REF:   AL-01-001E

OZETTA C THOMAS
2629 HWY 14 EAST
SELMA, AL  36703

**NOT NEGOTIABLE**
ISSUING OFFICE COPY

Signed _____  (AUTHORIZED REPRESENTATIVE OF CCC)

Counter Signed _____  (AUTHORIZED REPRESENTATIVE OF CCC)

ATTACHMENT 2

# CHESTNUT, SANDERS, SANDERS, PETTAWAY, CAMPBELL & ALBRIGHT, P.C.
### ATTORNEYS AND COUNSELORS AT LAW
ONE UNION STREET — SELMA, ALABAMA 36702-1290

J. L. CHESTNUT, JR
HENRY SANDERS
ROSE M. SANDERS
COLLINS PETTAWAY, JR.
KATY SMITH CAMPBELL
APRIL ENGLAND-ALBRIGHT

JEFFREY C. ROBINSON

MAILING ADDRESS:

P. O. BOX 1290
SELMA, ALABAMA 36702-1290
(334) 875-9264
TELECOPIER: (334) 875-9375
TELECOPIER: (334) 875-9863

December 10, 2001

Mr. William A. March, Resolving Official
Ms. Hope Light, Mediator
US DEPARTMENT OF AGRICULTURE
FARM SERVICE AGENCY
Washington State FSA Office
316 W. Boone Ave. Ste.568
Spokane, WA 99201-2350

RE: Ozetta Thomas/Mediation

Dear Lady and Gentlemen:

Below please find the calculation of Attorney Fees requested during the mediation. Although my fees are above the $1,500.00 (one thousand and five hundred dollars) offered, I am willing to accept this amount out of deference to my client. Note the following:

**Retainer: $450.00** (four hundred and fifty dollars)
November 28, 2001 = Consultation and preparation – 4 hours
November 29, 2001 = Research – 2 hours
December 6, 2001 = Mediation – 6 hours
$125 per hour for all other legal work

**Total: $1,950.00** (one thousand nine hundred and fifty dollars)

I look forward to hearing from you.

With warmest regards, I am...

Always,

*Jeffrey C. Robinson*

Jeffrey C. Robinson, Esq.

*Received from Hope Light on 12/19/01*

ATTACHMENT 3

**Administer Workforce - Use - HR Processing**

File  Edit  View  Go  Favorites  Use  Use2  Setup  Process  Inquire  Report  Help

Data Control | Personal Data | Job Data | Position Data | Compensation Data | Employment Data 1 | Employment Data 2

EmplID: 030407   Empl Rcd#: 0   SSN: 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

Effective Date: 01/14/2001   Transaction# / Seq: 2 / 1
Action: Award-Monetary   NOA Code: 892   Empl Status: Active

EOD Dt: 10/01/1995   Hire NTE Dt:   Mand Retire Dt:   Exp Dates
Rehire Dt:   Separation Dt:   Next Review Dt:   Appt Data

**Service Computation Dates**
SCD-Leave: 04/30/1968   SCD-Retire: 04/30/1968
SCD-RIF: 04/30/1968   SCD-TSP:
SCD-LEO:   SCD-Sev Pay: 04/30/1968

**Service Conversion Dates**
Conv. Begin Date:
Career Tenure Date: 10/27/1997
Career Cond Conv Dt:

**Within-Grade Increase Data**
WGI Status: No   Non-Pay Hours WGI: 0.00   Last Increase Dt:
Intermittent Days Worked: 0   01/17/1999

Employment Data 1   Update/Display All

Start | Administer Workforce - U... | 3 Processes Pending   8:44 AM

REPRODUCE LOCALLY. *Include form number and date on all reproductions.*

| (01-28-99) | United States Department of Agriculture<br>Service Center Agencies |
|---|---|
| | **PERFORMANCE WORK PLAN** |

*Privacy Act Notice: Submission of information is mandatory. Failure to provide information will prohibit data collection required by the Office of Personnel Management.*

| 1. EMPLOYEE'S NAME<br>THOMAS, OZETTA C. | 2. RATING PERIOD<br>10/1/00 - 9/30/01 |
|---|---|
| 3. TITLE/SERIES/GRADE<br>SUPVR. AGRIL. PROGRAM SPECIALIST GS0-1145-13 | 4. ORGANIZATION<br>USDA/FSA |
| 5. DUTY LOCATION<br>MONTGOMERY, ALABAMA | 6. SOCIAL SECURITY NO. |

**PART I - PERFORMANCE PLAN**

7. CRITICAL RESULTS *(Check a Minimum of 2/Maximum of 5 Applicable Elements)*

Note: The narrative statement describes the "Results Achieved" level of performance. Where applicable, quantity, quality, and timeliness are derived directly from appropriate agency regulations, policies, instructions, work plans, etc. If no agency or regulatory guidelines exist, further clarification will be provided by the rating official.

| | Element | Achieved | Not Achieved |
|---|---|---|---|
| ☐ | **Element #1 - Execution of Duties**<br>Completed work assignments are routinely performed in a timely manner, assuring a quality of work that meets the needs of the organization. Solutions developed demonstrate improvements in work methods. Work products do not require substantive revisions. Assignments are completed in accordance with applicable agency guidelines, including timeframes. Further clarification, as needed: | | |
| ☑ | **Element #2 - Communications**<br>As a rule, oral and written communications are clear, correct, timely, and presented in an understandable manner. Supervisor and coworkers are informed of issues and problems when necessary. Information and guidance provided is timely and accurate. Further clarification, as needed: | ✓ | |
| ☑ | **Element #3 - Supervision**<br>Work is assigned in a fair and effective manner. Technical guidance to subordinate staff is ordinarily provided in a timely manner. Performance management is implemented in accordance with procedure. Issues, concerns, or problems are handled promptly and fairly. To the extent possible, staff is properly trained and complies with occupational health and safety programs. Management decisions are supported and implemented within appropriate timeframes. Further clarification, as needed: | ✓ | |
| ☐ | **Element #4 - Team Leadership**<br>Routinely leads individuals and team members toward specific goals and accomplishments. Provides encouragement, guidance, and direction as needed. Adjusts style to fit situation. Delegates appropriate authority in an effective manner. Coordinates functions of the team members. Demonstrates a sincere interest in employees' activities, abilities, etc. Further clarification, as needed: | | |

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

(01-28-99)  Page 2 of 4

| Element | Achieved | Not Achieved |
|---|---|---|
| ☑ **Element #5 - Program Management**<br>Manages program(s) resolving issues and problems within the employee's control. Monitors all aspects of program(s) for quality, effectiveness, and consistency. Program plans and guidance are responsive to objectives and requirements of the Agency. Policy instructions are appropriately issued and are accurate. Evaluates effectiveness of work and adjusts plans accordingly. Further clarification, as needed: | ✓ | |
| ☐ **Element #6 - Special Projects**<br>Special projects are regularly completed on time in a competent, accurate, and thorough manner. Completed projects comply with regulations and procedures. Special projects are completed independently, or reflect research and collaboration with others as required. Further clarification, as needed: | | |
| ☐ **Element #7 - Research and Analysis**<br>Thoroughly and accurately researches issues in a timely manner, using available reference sources (e.g. USDA manuals, or applicable law or regulations). Makes reasonable recommendations or decisions based on available guidance. Further clarification, as needed: | | |
| ☑ **Element #8 - Customer Service**<br>Provides advice that is timely, responsive, and accurate. Maintains appropriate rapport with internal and external customers. Develops and establishes working relationships with external organizations as required. Keeps supervisor and/or team leader informed of difficult and/or controversial issues and unique problems. Takes action to effectively solve problems before they have an adverse impact on the organization or other employees. Further clarification, as needed: | ✓ | |
| ☑ **Element #9 - Equal Opportunity & Civil Rights [Mandatory for supervisors and managers]**<br>Performs all duties in a manner which consistently demonstrates fairness, cooperation, and respect toward coworkers, office visitors, and all others in the performance of official business. Demonstrates an awareness of EO/CR policies and responsibilities of Agency and Departmental goals of valuing a diverse, yet unified workforce. Further clarification, as needed: | ✓ | |
| ☐ **Element #10 - Personal Contacts - EO/CR [Mandatory for all non-supervisory employees]**<br>Routinely displays courteous and tactful behavior towards internal and external customers, supervisors, coworkers, and/or team members. Projects a positive and professional image of USDA. Performs all duties in a manner which consistently demonstrates fairness, cooperation, and respect toward coworkers, office visitors, and all others in the performance of official business. Demonstrates an awareness of EO/CR policies and responsibilities of Agency and Departmental goals of valuing a diverse, yet unified workforce. Further clarification, as needed: | | |
| ☐ **Element #11 - Resource Management**<br>Monitors allocated funds and maintains complete and accurate records of expenditures. Routinely utilizes resources in an efficient and effective manner. Ensures that funds, property and other resources are guarded against waste, loss, unauthorized use, and misappropriation. Further clarification, as needed: | | |

(01-28-99)   Page 3 of 4

| Element | Achieved | Not Achieved |
|---|---|---|
| ☐ **Element #12 - Individual Contributions to the Team**<br>Ordinarily displays dependability and reliability. Promotes open communication. Contributes creative ideas and actively participates in team meetings resulting in added value to the team's products and services. When problems arise, explores causes and assists in resolving them. Works with team members to appropriately implement decisions. Is usually open-minded to new ideas and approaches in implementing the team's goals. Willingly accepts and acts on constructive criticism. Further clarification, as needed: | | |
| ☐ Element #13 - | | |
| ☐ Element #14 - | | |
| ☐ Element #15 - | | |

**PART II - PROGRESS REVIEW**

Note: One progress review is required; however, frequent communication between the employee and rating official regarding performance is encouraged and recommended. Date of review, initials of employee (Emp), and initials of Rating Official (R.O.) must be provided for each review. Employee and Rating Official are encouraged to provide written comments.

8. RATING OFFICIAL'S COMMENTS

9. EMPLOYEE'S COMMENTS

10A. Emp Initials:    Date:         10B. R.O. Initials:    Date:

Rec. 01/22/02 α/

(01-28-99)                                                                                        Page 4 of 4

## DISCUSSION TOPICS FOR USE IN PLANNING PERFORMANCE AND CONDUCTING PROGRESS REVIEWS

- Employee's performance on primary responsibilities/priorities in the past year.
  - revise performance work plan for the coming year, as necessary
  - relationship to overall work unit objectives

- Employee's strengths and areas for growth

- Barriers to effective work performance and job satisfaction

- Employee's development (over the past year; future needs for current job; long-term career goals and developmental needs to achieve them)

- Possible work process improvements

- Whether employee continues to grow to meet future needs and demands of the changing environment

- Employee's feedback/constructive suggestions for supervisor

- Anything else the employee or supervisor would like to address

### PART III – SUMMARY RATING

[X] RESULTS ACHIEVED                   [ ] RESULTS NOT ACHIEVED*

*A "Results not Achieved" rating requires explanation. Provide additional comments as an attachment.

### PART IV – CERTIFICATION

Note: Employee's signature certifies review and discussion with the Rating Official. It does not necessarily mean that the employee concurs with the information on this form.

| 11. PERFORMANCE PLAN (Sign when plan is established) | 12. SUMMARY RATING (Sign when rating is completed) |
|---|---|
| Employee Signature  /  Date | Employee Signature: **See Remarks  /  Date |
| Rating Official Signature  /  Date | Rating Official Signature: Hank F. Crawford  /  Date: 11/6/01 |
| I have reviewed the standards of conduct and have had any questions answered by my satisfaction. (Employee initial appropriate block below.) YES [ ]  NO [ ] | Reviewing Official (required for summary rating of "Results Not Achieved")  /  Date |

**Employee is on extended detail. Attempted to obtain her signature on January 22, 2002, but she refused to sign.

```
LI PP AG ST TOWN  UN  TK G W O  FT PT INT 40 ST  END    S/S NAME: THOMAS, OZETTA C.
01 24 FA  1 2130  1  1  1     1                                  DATE:12-17-01   01
 2 FS  AL    O    F             CON    AUO1   2    %      AC  2 DA    CS   AWS 8 02
   PR TC SUFFIX WEEK1 WEEK2 APP    A       B         C    D     E     F    LL
03    01         13.0   0.0                                                       03
04    66         31.0  36.0                                                1      04

14    67         80.0 <TOTAL TIME   ANNL FWD   175.0 ACCR   8   USED  0.0 BAL  183.0 14
15  0  0          0.0   0.0         SICK FWD   950.3 ACCR   4   USED  0.0 BAL  954.3 15
16  0  0          0.0   0.0         COMP FWD     1.2 ACCR  0.0  USED  0.0 BAL    1.2 16
17     0          0.0 <TOTAL OTHR   LWOP FWD     0.0            USED  0.0 BAL    0.0 17
18                                  AWOL FWD     0.0            USED  0.0 BAL    0.0 18
19  REMARKS:(MAX.23 CHAR.)          SUSP FWD     0.0            USED  0.0 BAL    0.0 19
20                                  MILR FWD     0      <DAYS>  USED  0   BAL    0   20
21                                  MILE FWD     0.0            USED  0.0 BAL    0.0 21
22                                  OTHR                        USED 67.0            22
23                                  CRED FWD     0.2 ACCR  0.0  USED  0.0 BAL    0.2 23
24                                  HOME FWD     0.0 ACCR  0.0  USED  0.0 BAL    0.0 24
25                                  SHOR FWD     0.0 ACCR  0.0  USED  0.0 BAL    0.0 25
26                                  RSTR FWD     0.0            USED  0.0 BAL    0.0 26
27                                  FURL FWD     0.0            USED  0.0 BAL    0.0 27
```

CERTIFIED    TMKP. _____    EMPL. _____    SUPER. _____

P/T UNAPPLIED CARRYOVER A/L FWD    0.0         CARRYOVER A/L BAL    0.0
                        S/L FWD    0.0                   S/L BAL    0.0
P/P DUTY HRS   80.0
A/L CATG        8
S/L CATG        4
A/L CEIL      240.0
ELIGIBLE FOR STANDBY AUO:     YES
APPT. LIMITED TO DAYS OR INT: NO
USING SPECIAL PREFIX/SUFFIX:  YES

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| OZETTA THOMAS<br>2629 HIGHWAY 14 EAST<br>SELMA AL  36703 | 7000 0600 0026 7395 6007 |
| | 4b. Service Type |
| | ☐ Registered    ☒ Certified |
| | ☐ Express Mail    ☐ Insured |
| | ☐ Return Receipt for Merchandise  ☐ COD |
| | 7. Date of Delivery |
| 5. Received By: *(Print Name)* | 8. Addressee's Address *(Only if requested and fee is paid)* |
| 6. Signature: *(Addressee or Agent)*<br>X *[signature]* | |

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form **3811**, December 1994         Domestic Return Receipt

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

USDA FSA
P O BOX 235013
MONTGOMERY AL   36123-5013

dtw