IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-CV-411-WKW |
| | ) |
| ED SCHAEFER, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, FARM SERVICE | ) |
| AGENCY, (FSA), | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION
FOR AN EXTENSION OF THE DEADLINE TO RESPOND
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Schaefer, by and through Laura G. Canary, United States Attorney for the Middle District of Alabama, and files this Response to Plaintiff's Second Motion for an Extension of the Deadline to Respond to Defendant's Motion for Summary Judgment.

1.

Defendant filed his Motion for Summary Judgment on March 4, 2008. Plaintiff's Response was originally due twenty-eight days later on April 2, 2008. On April 1, 2008, Plaintiff contacted Defendant and requested a 7-day extension, which Defendant did not oppose. The Court granted this last-second extension. On April 7, 2008, Plaintiff filed a second last-minute motion for an extension, seeking three additional days on two grounds: (1) failure to obtain discovery responses; and (2) personal hardship. Defendant opposes the extension on the first ground but not the second ground.

2.

Defendant objects to this second extension to the extent it is based on Plaintiff's incorrect representation that he needs the extension because Defendant's responses to Plaintiff's discovery

were due on April 4, 2008, and were not timely served upon him. Plaintiff served his first Requests for Production on Defendant by facsimile and mail on March 6, 2008, after Defendant's Motion for Summary Judgment was filed, and on the eve of the April 6, 2008 close of discovery.[1] Pursuant to the Federal Rules of Civil Procedure, Defendant had thirty days to respond to these Requests under Rule 34 plus three additional days under Rules 5(b) and 6(d) due to the manner of service. Accordingly, Defendants discovery responses were due to be served on Tuesday, April 8, 2008.[2] Defendant's discovery responses were never due on April 4, 2008, as Plaintiff has now represented in two separate motions seeking extensions. Furthermore, Defendant never agreed to serve responses or make them available to Plaintiff prior to April 8, 2008. Defendant did agree, however, to mail Plaintiff copies of responsive documents when the discovery responses were due rather than require Plaintiff to pick them up (though Plaintiff had the choice of either option).

2.

On Monday, April 7, 2008, after Defendant's counsel received a message from Plaintiff's counsel inquiring about the status of his discovery responses, Defendant notified him, by the attached letter, that he had incorrectly calculated the due date in his First Motion for Extension and that responses were due on April 8, 2008. The letter is attached as Exhibit B. This same letter advised Plaintiff that Defendant had served the responses to the discovery requests. Plaintiff's counsel never indicated that he was seeking an extension of the time to file a response to the pending motion for

---

[1] Attached as Exhibit A is a true and accurate copy of the service page from this discovery. On that same day, Plaintiff's counsel asked Defendant's counsel to agree to accept service of the discovery (which would not be due within the discovery period) due to family reasons. Defendant's counsel agreed to waive any objection based on Plaintiff's failure to serve the discovery sufficiently in advance of the end of discovery to ensure that the responses were due within the discovery period.

[2] Thirty days from March 6, 2008, is Saturday, April 5, 2008. Three days from Saturday, April 5, 2008, is Tuesday, April 8, 2008.

summary judgment. If he had left such a message, Defendant would have explained this same position to him. Defendant also states that this second motion for an extension would have been unnecessary if Plaintiff had timely served his discovery requests or properly calculated the due date.

3.

Defendant has no objection to the 3-day extension to the extent it is based on the personal hardship caused by the family emergency of Plaintiff's counsel's personal assistant. If this 3-day extension is granted, Defendant requests that the reply deadline be re-set accordingly.

Respectfully submitted this 8th day of April, 2008.

> LAURA G. CANARY
> United States Attorney
>
> By:    /s/ James J. DuBois
>           JAMES J. DUBOIS
>           Georgia Bar No. 231445
>           Assistant United States Attorney
>           Attorney for Defendant
>           Post Office Box 197
>           Montgomery, AL  36101-0197
>           Telephone No.: (334) 223-7280
>           Facsimile No.: (334) 223-7418
>           E-mail: james.dubois2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2008, I filed the foregoing with the Clerk of the Court via the CM/ECF system which will send notification to the following:

Collins Put away, Jr., Esquire
Chestnut, Sanders, Sanders,
Put away & Campbell, P.C.
P.O. Box 1290
Selma, Alabama 36702-1290

> /s/James J. DuBois
> Assistant United States Attorney