IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:05-CV-411-WKW ) |
| ED SCHAFER, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, (FSA), | ) ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Comes now Defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds as follows to Plaintiff's Request for Production, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

A.  The responses set forth herein constitute the best information presently available to Defendant. Accordingly, the responses set forth herein are provided without prejudice to Defendant's right to amend, supplement, or change said responses if and when additional, different, or more accurate information becomes available. Furthermore, the objections and responses set forth herein are based on information now known to Defendant and are made without prejudice to Defendant's right to assert additional objections should grounds for such objection be discovered at a later time.



B.   By responding to Plaintiff's Requests, Defendant does not waive any objections that may be appropriate to the use, for any purpose, by any party, of any documents or information contain in said responses or to the admissibility, relevancy, or materiality of such documents or information as to the issues in this case.

C.   The fact that Defendant answers or objects to any particular Request should not be construed as an admission or acknowledgment of any fact set forth in, assumed by, or inferred from any such Request.

D.   Defendant has served, with this Response, bate-stamped hard copies of the documents it has agreed to produce as set forth below. The documents are identified by the Request to which they are deemed responsive.

## GENERAL OBJECTIONS

The following objections apply to Plaintiff's Requests for Production in their entirety, and should be read as to each specifically-numbered Request. The General Objections will not be repeated in individual responses unless necessary for clarification.

A.   Defendant objects to each Request to the extent that it calls for the production of information or documents protected from disclosure by privilege or doctrine, including the attorney-client privilege, the work product doctrine, the deliberative process privilege, or any other applicable basis for invoking privilege. Defendant will screen all materials and information to be released to Plaintiff to remove privileged materials; however, there is a possibility that privileged documents or information may be inadvertently disclosed. By accepting production, Plaintiff agrees that, to the extent there is any inadvertent disclosure of privileged information, it shall not constitute any waiver of the privileges and all such material shall be immediately

returned to Defendant. Defendant reserves the right to object to the introduction into evidence before the Court at any time before or at trial of information that is privileged and that has been revealed or produced inadvertently. Defendant does not, by responding to these requests, waive any claim of privilege or the protection of any doctrine.

      B.    Defendant objects to the discovery to the extent the Requests seek to impose duties, obligations, or burdens beyond those imposed or allowed by Federal law and the Federal Rules of Civil Procedure.

      C.    Defendant objects to any and all Requests to the extent they seek information, that is irrelevant, overly broad, vague, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

      D.    Defendant objects to the Requests to the extent they fail to describe the documents sought with sufficient particularity to understand precisely what documents are being sought by Plaintiff. All responses to Requests are based on Defendant's best understanding of the Requests and/or the terms used therein, which will .

      E.    Defendant objects to any and all Requests to the extent that they seek information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections and Conditions, Defendant responds to each document request as follows:

**Request Number One:**

    (1)    A copy of the complete employment (personnel) files for:

           a.    Ozetta Thomas
           b.    Ronnie Davis
           c.    Galynn Mann

      d.    Jeff Knotts
      e.    Sharrie Peterson
      f.    Pamela Polk
      g.    Carolyn Brown
      h.    Myra Ellison
      I.    Judy Norris
      j.    Walda Messer

Please include all job selection interviews, announcements, and selection criteria for each person regarding each position applied for.

**Response:**

Defendant objects to Request No. 1 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad, vague, and ambiguous because it fails to define the phrase "complete employment (personnel) files," or the term "all job selection interviews, announcements and selection criteria for each person regarding each position applied for" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that the official personnel files of federal employees, to the extent Plaintiff seeks these official files, contain documents relating to health and life insurance elections, thrift saving plan elections, notifications of personnel actions indicating changes in employment status or salary, income tax decisions, and other personal matters that are entirely irrelevant to the specific discrimination and retaliation claims being pursued in this lawsuit. Defendant further objects that this lawsuit does not contain any failure-to-hire claims, and thus any

-4-

documents regarding other individual's applications or selection decisions relating to various positions to which Plaintiff did not apply are entirely irrelevant to the specific claims in this lawsuit. Defendant further objects that this Request is nothing more than an overly broad and burdensome fishing expedition that lacks any reasonable temporal or subject matter restriction and seeks irrelevant, confidential, and personal information regarding employees who are not similarly-situated to plaintiff in any manner, who reported to different supervisors, held different positions, and who potentially applied to different decision makers for different jobs over different time periods, when such information has no bearing on any issue in this case, not likely to lead to the discovery of any admissible evidence, and outside the scope of permissible discovery.

Subject to and without waiving the foregoing objections, in a good faith attempt to respond, Defendant interprets this Request as seeking the USDA, Alabama FSA State Office's currently-maintained Official Personal File and Performance File on these employees (and Request no. 6, infra, as seeking unofficial files maintained by certain managers). Defendant agrees to produce the Official Personnel File and Performance File for Plaintiff currently maintained by the USDA, Alabama FSA State Office.

**Request Number Two:**

(2) A copy of all complaints, whether administrative or EEO, and hotline or not, filed by, against, or regarding:

      a.   Danny Crawford
      b.   Richard Burge
      c.   Deborah Williams
      d.   Daniel Robinson
      e.   Ozetta Thomas
      f.   Ronnie Davis

Please the investigate findings, notes, and disposition of each complaint.

**Response:**

Defendant objects to Request No. 2 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous because it fails to define the terms "all complaints," "administrative," "investigative findings" or "notes" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that this Request is overly broad and burdensome, ambiguous, and outside the scope of permissible discovery because it lacks any reasonable restriction regarding the types of "complaints" sought and lacks any reasonable temporal restriction. Defendant further objects that this request is an overly broad and burdensome fishing expedition that exceeds the scope of permissible discovery by apparently seeking irrelevant information regarding complaints by, or about, various individuals, throughout all time, relating to any subject matter, in whatever forum, that have no bearing on the specific issues being litigated in this lawsuit. Defendant further objects that, as written, this overly broad Request seeking all documents regarding all complaints could be read to seek documents from or to counsel that would be protected by the attorney-client privilege, work-product doctrine, or other privileges and thus not subject to discovery.

**Request Number Three:**

(3)     A copy of all sick leave request [sic] made by employees since Danny Crawford has been State Executive Director ("SED") up to six months after Plaintiff no longer worked at the agency. Please include the disposition of each request.

**Response:**

Defendant objects to Request No. 3 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is an overly broad and burdensome fishing expedition that lacks any reasonable restrictions in terms of scope and seeks irrelevant information regarding employees who are not similarly-situated to plaintiff in any manner, who held different jobs and reported to different supervisors during different time periods, and who were not seeking indefinite sick leave when returning from an extended detail, when such information has no bearing on any issue in this case, is not likely to lead to the discovery of any admissible evidence, and is outside the scope of permissible discovery. Defendant further objects that this Request is overly broad and burdensome and outside the scope of permissible discovery because it seeks irrelevant information regarding every sick leave request by every employee in the USDA, for any length of time, to any supervisor, during a greater than three-year period.

**Request Number Four:**

(4)  A copy of all staff meeting minutes, notes, working notes, since Danny Crawford has been SED up to six months after Plaintiff no longer worked at the agency.

**Response:**

Defendant objects to Request No. 4 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous because it fails to define the term "staff meeting minutes, notes, working notes" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that this Request is overly broad and burdensome, ambiguous, and outside the scope of permissible discovery because it lacks any reasonable restriction regarding the subject of the meetings or documents sought and thus seeks irrelevant documents that have no bearing on the specific issues being litigated in this case.

Subject to and without waiving the foregoing objections, Defendant, in a good faith attempt to respond, interprets this Request as seeking staff meeting notes for SED staff meetings held between May 2001 through August 2003, taken and maintained by Ms. Bennett. Defendant agrees to produce the SED staff meeting minutes, prepared by Ms. Bennett, for SED Staff meetings held between May 2001 and February 2003, that have been located.

**Request Number Five**

>   (5)   A copy of all statements given by an employees or any person regarding Plaintiff while she was employed by the agency.

**Response:**

Defendant objects to Request No. 5 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous in that it fails to define the term "all statements given by an employee or any person regarding Plaintiff while she was employed by the agency" with any degree of specificity and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that this Request is overly broad and burdensome, ambiguous, and outside the scope of permissible discovery because it lacks any reasonable temporal restriction and seeks documents that have nothing to do with any allegation in this lawsuit.

Subject to and without waiving the foregoing objections, in a good faith attempt to respond, Defendant interprets this Request to seek sworn statements given by FSA State Office employees to Danny Crawford or Deborah Williams between May 2001 and February 24, 2003, while Plaintiff was still employed by the USDA, that refer to Plaintiff. Defendant will produce all such documents that have been located.

**Request Number Six:**

(6)   A copy of all files maintained by Danny Crawford, Deborah Williams, Jeff Knotts, or Ronnie Davis regarding their supervision of employees (Supervision files).

**Response:**

Defendant objects to Request No. 6 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous in that it fails to define the terms "all files," "regarding their supervision of employees," or "Supervision files" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that the USDA has no requirement that any supervisor retain, at all or for any period of time, any "supervisory" or "supervision" folder on employees, thus further illustrating the ambiguity of this Request and what documents are actually being sought by it. Defendant further objects that this Request contains no reasonable temporal or other restrictions, and appears to seek all documents maintained by various individuals, for whatever reason (including unofficial working copies) regarding employees under their supervision about any matter for all time. Defendant further objects that this is an overly broad and burdensome fishing expedition that seeks irrelevant, confidential, and personal information regarding employees who are not similarly-situated to plaintiff in any manner, who reported to different supervisors, during various and different time periods over twenty-plus years,

and held different positions, when such information has no bearing on issues in this case. Defendant further objects that, as written, this overly broad Request could be read to seek documents from or to counsel that would be protected by the attorney-client privilege, work-product doctrine, or other privileges and thus not subject to discovery.

Subject to and without waiving the foregoing objections, in a good faith attempt to respond, Defendant interprets this Request to seek all documents maintained by Danny Crawford or Deborah Williams in any of their unofficial files regarding their supervision of Plaintiff or other employees. Defendant agrees to produce Mr. Crawford's unofficial "supervisor" files for the permanent Chiefs under his direct supervision between May 2001 and February 2003, containing documents added after he became SED in May 2001, subject to the Privacy Act Protective Order. Mr. Crawford does not currently have an unofficial "supervisor" file for Plaintiff. At some point after this lawsuit was filed, Ms. Williams gathered available documents on Plaintiff, arranged them in chronological order, and provided them to Defense Counsel. This file prepared by Ms. Williams includes unofficial reference copies of documents that she maintained in her file cabinet in her office; documents she kept relating to Plaintiff's various EEO complaints and proceedings (including documents Ms. Williams gathered to respond to EEO document requests); copies of documents in Plaintiff's Official Personnel File and Performance File; and documents from Mr. Crawford's unofficial "supervisor" file. During review of this chronological file on Plaintiff in the process of responding to Plaintiff's discovery requests, it was discovered that Ms. Williams had inadvertently failed to return Plaintiff's original "achieved" 2001 PWP to her Official Personal File and Performance File, and had left it in this unofficial chronological file. Accordingly, Ms. Williams returned it to

its original and proper place in the Official Personal File and Performance File (a copy of which has been produced in response to Request No. 1, supra). Since documents in this unofficial chronological file prepared by Ms. Williams can be construed as having at one time been maintained by Ms. Williams and some as relating to the supervision of Plaintiff, Defendant produces the complete chronological file prepared by Ms. Williams, absent privileged documents noted in the Privilege Log attached as Attachment A.

**Request Number Seven:**

(7) A copy of any memos like Defendant's exhibit 7 to Plaintiff's deposition from Danny Crawford to any other employees while he was SED.

**Response:**

Defendant objects to Request No. 7 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous in that it fails to define the term "any memos like Defendant's exhibit 7" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request.

Subject to and without waiving the foregoing objections, in a good faith attempt to respond, Defendant interprets this Request to refer to Defendant's Exhibit 7 to Plaintiff's Deposition in this lawsuit, which is a memorandum dated August 20, 2001. Answering further, Defendant interprets this Request to seek written memorandums detailing conversations Danny Crawford had with other Chiefs reporting to him

regarding complaints he had received about their job performance, between May 2001 and February 2003, that he asked the employees to sign. Defendant responds that no such responsive documents have been located.

**Request Number Eight:**

> (8) The complete record and emails sent and received from any and all employees regarding the 2002 BIG Conference. The time period should center around 4-3-02 to 5-22-02.

**Response:**

Defendant objects to Request No. 8 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous in that it fails to define the terms "complete record and emails" and "any and all employees" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that the Request lacks any reasonable geographic restriction, and as worded seeks all emails, from any USDA employee nationwide to any other USDA employee, about the 2002 BIG Conference.

Subject to and without waiving the foregoing objections, in a good faith attempt to respond, Defendant interprets this Request to seek emails between Verdell Zeigler and other FSA State Office employees in Alabama, regarding the 2002 BIG Conference. Defendant will produce all such emails to and from Verdell Zeigler, generated between April 3, 2003 and May 22, 2002, that have been located.

-13-

**Request Number Nine:**

(9) A copy of all memos or documents that John Chott was a participant, recipient in any manner, discussed, or involved in any way Plaintiff during Plaintiff's employment with the Agency.

**Response:**

Defendant objects to Request No. 9 on the grounds that it is overly broad and burdensome, vague and ambiguous, and requires him to respond by acquiring or supplying information which is irrelevant and immaterial to the subject matter or issues of this action, not likely to lead to the discovery of admissible evidence, and outside the scope of permissible discovery. More specifically, Defendant objects that this Request is overly broad and ambiguous in that it fails to define the phrases " a participant, recipient in any manner, discussed, or involved in any way" or "during Plaintiffs employment with the agency" with any degree of specificity, and to respond Defendant is thus required to speculate about the exact documents Plaintiff is seeking in this Request. Defendant further objects that this Request contains no reasonable temporal or other restrictions, and appears to seek all documents that may have any connection with Plaintiff, however remote, during her entire career with USDA, that somehow might have crossed Mr. Chott's desk, at any point in time. Defendant further objects that this is an overly broad and burdensome fishing expedition that seeks irrelevant information that has no bearing on issues in this lawsuit. Defendant further objects that, as written, this Request could be read to seek documents from or to counsel, from Mr. Chott, that would be protected by the attorney-client privilege, work-product doctrine, or other privileges and thus not subject to discovery.

Respectfully submitted this 7th day of April, 2008.

LEURA G. CANARY
United States Attorney

By: /s/ James J. DuBois
JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: **james.dubois2@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of April, 2008, served a copy of the foregoing Defendant's Response to Plaintiff's Request for Production of Documents on Plaintiff's attorney by mailing a copy of same, first class, postage prepaid, addressed to:

Collins Pettaway, Jr., Esq.
Chestnut, Sanders, Sanders,
Pettaway & Campbell, P.C.
P.O. Box 1290
Selma, Alabama 36702-1290

/s/ James J. DuBois
Assistant United States Attorney

-15-

# ATTACHMENT A

# PRIVILEGE LOG
# OZETTA THOMAS V. SCHAFER
# 2:05-CV-411-WKW

| DOCUMENT NUMBER | DESCRIPTION | DATE | CREATOR | RECIPIENTS | PRIVILEGE |
|---|---|---|---|---|---|
| 1 | Chart: Attendance Record for Ozetta C. Thomas, January 5, 2003 - February 24, 2003, created at request of counsel | Undated | Deborah Williams | James J. DuBois (Assistant U.S. Attorney, M.D. Ala.) | Attorney-Client; Work-Product |
| 2 | Email: Entitled "Ozetta Thomas," and relating to Judge Vincent's mandated settlement conference on Ms. Thomas EEOC proceeding | 4/26/2006 | Alanas Montas (USDA Employee Relations Specialist) | Deborah Williams; John Chott; Vanessa Schwamberger(USDA Employee Relations Specialist) | Work-Product; Settlement |
| 3 | Email: Entitled "re: Ozetta Thomas," responding to 4/26/06 email from Ms. Montas and discussing settlement conference | 4/26/2006 | John Chott | Alanas Montas; Deborah Williams; Vanessa Schwamberger; John Toles; Tom Hofeller; Danny Crawford | Work-Product; Settlement |
| 4 | Email: Entitled "Ozetta Thomas," and relating to Ms. Thomas EEO proceedings | 3/30/2006 | John Chott | Vanessa Schwamberger | Work-Product |

Page 1 of 2

## PRIVILEGE LOG
## OZETTA THOMAS V. SCHAFER
## 2:05-CV-411-WKW

| 5 | Email: Entitled "Re: Ozetta Thomas," and relating to Ms. Thomas EEO Proceedings and agency summary judgment motion | 3/30/2006 | Vanessa Schwamberger | John Chott | Attorney-Client; Work-Product |
|---|---|---|---|---|---|
| 6 | Email: Entitled "FW: Ozetta Thomas," forwarding email from Vanessa Schwamberger relating to Ms. Thomas' EEO Proceedings and agency summary judgment motion | 3/30/2006 | John Chott | Danny Crawford; Deborah Williams | Attorney-Client; Work-Product |
| 7 | Letter: Litigation Report regarding Civil Action No. 2:05-CV-411-F USDC MD-AL | 6/21/05 | Craig Cornwell (Assistant Regional Counsel, Office of General Counsel USDA) | Leura G. Canary (U.S. Attorney, M.D. Ala.); Stephen Doyle (Civil Chief, U.S. Attorney's Office, M.D. Ala.); Danny Crawford | Work-Product; Attorney-Client. |
| | | | | | |