## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

**OZETTA THOMAS,**

      Plaintiff,

Vs.                                                    Case No.: 2:05-CV-411-WKW

**ED SCHAFER, SECRETARY**
**UNITED STATES DEPT. OF**
**AGRICULTURE, FARM**
**SERVICE AGENCY (FSA),**

      Defendant.
_____/

## PLAINTIFF'S MOTION FOR THE COURT TO RECONSIDER/ALTER, AMEND OR VACATE THE COURTS JUNE 16, 2008 ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING ALL CLAIMS

Comes now Plaintiff, Ozetta Thomas, by and through counsel, Hon. Collins Pettaway, Jr. and pursuant to FRCP Rule 59(a) and (e), moves the court to reconsider its June 16, 2008 order granting defendant's motion for summary judgment and vacate said ruling. As grounds:

1.     Plaintiff relies upon the attached memorandum.

2.     Plaintiff relies upon the attached Declaration of Daniel Robinson and Carnell McAlpine, together with the pleadings, responses and exhibits in this case.

3.     The defendant is not entitled to judgment as a matter of law.

WHEREFORE, Plaintiff requests that the court, after reconsidering the case, vacate its order and deny defendant's motion for summary judgment.

Respectfully submitted,

CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.

/s/Collins Pettaway, Jr.
Collins Pettaway, Jr.(PETTC9796)
Attorney for Plaintiff
P. O. Box 1290
Selma, AL  36702-1290
334.875.9264

**STATE OF ALABAMA**

**ACKNOWLEDGEMENT**

**COUNTY OF DALLAS**

**BEFORE ME**, the undersigned, a Notary Public, in and for said County and State, personally appeared **OZETTA THOMAS**, who is known to me, and who is duly sworn, deposes on oath and say:

**"That I have read the foregoing and the statements made therein are true and correct to the best of my knowledge and belief."**

OZETTA THOMAS

**SWORN TO** and **SUBSCRIBED** before me on this 30th day of June 2008.

NOTARY PUBLIC

MY COMMISSION EXPIRES: 6/6/09

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 30th day of June 2008 served a copy of the foregoing Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsels of record.

/s/Collins Pettaway, Jr.
Collins Pettaway, Jr.

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**OZETTA THOMAS,**

      Plaintiff,

**Vs.**                                       Case No.: 2:05-CV-411-WKW

**ED SCHAFER, SECRETARY
UNITED STATES DEPT. OF
AGRICULTURE, FARM
SERVICE AGENCY (FSA),**

      Defendant.

---

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### HER MOTION FOR THE COURT TO
### RECONSIDER/ALTER, AMEND OR VACATE THE COURTS
### JUNE 16, 2008 ORDER

---

Submitted by:


Collins Pettaway, Jr.(PETTC9796)
Attorney for Plaintiff
P. O. Box 1290
Selma, AL  36702-1290
334.875.9264 Office
334.875.9853 Facsimile
cpettaway@csspca.com

## **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .    8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

## <u>TABLE OF AUTHORITIES</u>

Page

Davis v. Town of Lake Park, Fla, 245 F. 3d 1232, 1238
(11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S. Ct. 267
(1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

National Railroad Passenger Corp v. Morgan, 563 U.S. 101, 102 S. Ct. 2061
(2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Poole v. Country Club of Columbus, Inc, 129 F. 3d 551, 553
(11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Thomas v. Dillard Dept. Store, Inc, 116 F. 3d 1432, 1434 9
(11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## <u>STATEMENT OF THE ISSUE</u>

Whether Ms. Thomas Suffered An Adverse Employment Action? . . . . . . . . . . . 6

# ARGUMENT

**Whether Ms. Thomas Suffered An Adverse Employment Action?**

In sum, the court in its order found that the complaints and allegations made by Ms. Thomas, taken in a light most favorable to her and treated as true, did not amount to an adverse employment action and there was no causal connection.[1] This related to the two main claims of discrimination and retaliation. The issue of failure to exhaust raised by the defendant was not abandoned, it was just not addressed in the manner attempted by the defendant to create. Plaintiff's position is correctly stated by the court that the acts are part of one continuous act. The acts complained of by Ms. Thomas are part of one continuous act inflicted upon her by the defendant. National Railroad Passenger Corp v. Morgan, 563 U.S. 101, 102 S. Ct. 2061 (2002). Such acts continue over a course of years. Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S. Ct. 267 (1993). Thus, it is a non-issue for this case.

In addressing the issues on the discrimination claim and the hostile work environment claim, the court cited Davis v. Town of Lake Park, Fla, 245 F. 3d 1232, 1238 (11th Cir. 2001). In Davis, the 11th Circuit held that one of the elements of a prima facie case is that the plaintiff suffered an "adverse employment action". Id. This court was careful to note in Davis that "…not all conduct by an employer negatively affecting an employee constitutes adverse employment action". Id. To prove an adverse employment action a plaintiff must show a "serious and material" change in the terms and conditions or privileges of employment". Id at 1239. This is viewed by a "reasonable person in the circumstances". Id. Specifically, negative criticism from an employer is not an adverse employment action. Id at 1242. The above holdings were all cited by this court.

---

[1] See the court's order at pp. 19 and 21.

It is clear that being constructively discharged as we have claimed constitutes an adverse employment action. <u>Poole v. Country Club of Columbus</u>, Inc, 129 F. 3d 551, 553 (11th Cir. 1997). See also <u>Thomas v. Dillard Dept. Store, Inc</u>, 116 F. 3d 1432, 1434 911th Cir. 1997). Under normal 9-5 jobs, an employer's criticism of an employee may not amount to an adverse employment action. However, the job Ms. Thomas had is not the ordinary type of 9-5 job. (See the Declaration of Daniel Robinson) The credibility and character of such an employee is critical to the performance of the jobs (See the Declarations of Daniel Robinson and Carnell McAlpine) Thus, Ms. Thomas ask the court to re-examine this matter in light of such evidence. Mr. Robinson and Mr. McAlpine are very experienced in their fields and have made it clear that such criticism handled improperly, like the unsealed communication to Ms. Thomas from Mr. Crawford, Mr. Crawford not handling the matter himself and not allowing Ms. Thomas to announce her leave of absence and select her successor have more significance than the court may have understood at the time of its ruling. Thus, Ms. Thomas puts forth the additional evidence of the declarations from Mr. Robinson and Mr. McAlpine.

## CONCLUSION

Based on the above, Ms. Thomas ask the court to reconsider its order dated June

16, 2008 granting defendant's summary judgment motion and vacate and deny the same.

Respectfully Submitted,

CHESTNUT, SANDERS, SANDERS
& PETTAWAY, L.L.C.

Collins Pettaway, Jr.
Collins Pettaway, Jr.(PETTC9796)
Attorney for Plaintiff
P. O. Box 1290
Selma, AL  36702-1290
334.875.9264 Office
334.875.9853 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 30th day of June 2008 electronically filed
the foregoing by using the CM/ECF System which will send notification upon all counsel
of records.

Collins Pettaway, Jr.
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**OZETTA THOMAS,**

       Plaintiff,

Vs.                                                    Case No.: 2:05-CV-411-WKW

**ED SCHAFER, SECRETARY**
**UNITED STATES DEPT. OF**
**AGRICULTURE, FARM**
**SERVICE AGENCY (FSA),**

       Defendant.

_____ /

## <u>DECLARATION OF DANIEL ROBINSON</u>

I**,** Daniel Robinson, pursuant to 28 U.S.C. § 1746 (2), declare under penalty of perjury that the foregoing statement is true and correct, and based on my own personal knowledge and belief:

1.    I am a resident of Montgomery County, AL, residing in the Middle District of Alabama, I currently work with the Alabama State Department of Agriculture and Industries as the Assistant Marketing Director, a post I have held for the last 5 years. Prior to that time, I was retired from the United States Department of Agriculture, Farm Service Agency (USDA/FSA), Alabama State Office for 2 years. I worked at the US DA/PSA Alabama State Office as State Executive Director for 3 1/2 years. I also served as Chief of the Production Adjustment/Compliance Division from 1984 to August 1998. I am very familiar with the Defendant Agency as I worked there and came to be

known as one of the most respected and knowledgeable employees during my tenure.

2.      I knew the Plaintiff, Ozetta Thomas, very well as she worked in my division and became my right hand assistant. I knew her to be very knowledgeable and trustworthy with her programs and work. She received numerous honors and pay awards for her service. I relied upon her skills often.

3.      I am very familiar with the knowledge, skill, and dedication it takes to work as chief of the division Ms. Thomas worked at as I held that position also and worked as SED, among other positions at USDA/FSA. When I left the Alabama State Office, Ms. Thomas was very capable and knowledge. The division was in the best capable hands possible.

4.      I am also very familiar with the fact that the job we did at the Stale Office was not like a normal 9 to 5 job. One's integrity, character, professionalism and reputation was very important to the job as we had the awesome responsibility of disseminating information and giving advice to county level employees in the field so they could effectively do their job. One slip up could cost a farmer his/her farm operation and livelihood. If an employee like Ms. Thomas' credibility and character was attacked and damaged, she could not be effective in her job nor do her job. In order for Ms. Thomas to do her job, she had to have the confidence of those under her and out in the field, if Ms. Thomas suffered attacks on her integrity and knowledge of programs, such an attack would be devastating and severe as she would not be able to be relied upon.   This would make her totally ineffective.   There would be no need for her to be in her position as no one would call upon her or rely upon her.   She could no longer work in her position.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 (2) that the foregoing statement consisting of 4 numbered paragraphs is true and correct.

Done This The   30   Day of June 2008.

Daniel Robinson

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**OZETTA THOMAS,**

     Plaintiff,

Vs.                                  Case No.: 2:05-CV-411-WK.W

**ED SCHAFER, SECRETARY
UNITED STATES DEPT. OF
AGRICULTURE, FARM
SERVICE AGENCY (FSA),**

     Defendant.

_____*I*

## DECLARATION OF CARNELL MCALPINE

I, Carnell McAlpine, pursuant to 28 U.S.C. § 1746 (2), declare under penalty of perjury that the foregoing statement is true and correct, and based on my own personal knowledge and belief:

1.     I am a resident of Lowndes County, AL, residing in the Middle District of Alabama. I am currently employed with the United States Department of Agriculture, Farm Service Agency (USDA/FSA), in the Office of Civil Rights (OCR). I have been a Program Complaint Specialist for 10 years. I previously worked at the county level as a County Supervisor or the former Farmers Home Administration, in Wilcox, Perry, Hale, Lowndes and Montgomery counties for 18 years. I also worked 2.5 years as Farm Loan Manager for The Farm Service Agency (FSA) in 10 other counties. I am very familiar with working with the USDA/FSA Alabama State Office as it is the resource place for workers at the county level, or commonly called in the "field".

2.    I know the Plaintiff, Ozetta Thomas, through her work with the FSA. She even worked in OCR for a period of time. I was familiar and impressed with her work and the level of knowledge, skill, professionalism and integrity she brought to the job. For example, during the first settlement of the black farmers lawsuit, the OCR had to come up with a design of an investigatory form that was comprehensive and informative that the workers in the field could use to assist the agency in defending and implementing the consent decree settlement that involved an arbitration process. Several employees submitted models to use. The model offered by Ms. Thomas was selected as it covered all areas and was a testament to her knowledge and skill.

3.    Working in the field, I know how important it is for the person working with you in the State Office to be respected. If the person was not, then he/she could not do the job, as we had to rely the direction and advice given. Such direction and advice affected the livelihood of the farmers we served. If a person did not have the confidence of the county level employees, that could not do his/her job.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 (2) that the foregoing statement consisting of 2 numbered paragraphs is true and correct.


Done This The 30th Day of June 2008.


Carnell McAlpine
Carnell McAlpine