IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OZETTA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-411-WKW |
| ) | [wo] |
| ED SHAFFER, SECRETARY, UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, FARM SERVICE ) | |
| AGENCY (FSA) ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER DENYING MOTION TO RECONSIDER</u>**

This case is before the court on Plaintiff's Motion for the Court to Reconsider/Alter, Amend, or Vacate the Court's June 16, 2008 Order Granting Defendant's Motion for Summary Judgment and Dismissing All Claims (Doc. # 72). The defendant filed a response (Doc. # 75). For the reasons set forth below, the court finds this motion is due to be DENIED.

On June 16, 2008, the court granted the defendant's motion for summary judgment (Doc. # 70) and entered judgment in favor of the defendant (Doc. # 71). On June 30, 2008, the plaintiff filed the present motion to reconsider based on new evidence. The new evidence consists of two affidavits about the importance of credibility and character to the job that the plaintiff previously held. In the motion, the plaintiff argues that these affidavits support her argument that her superior's criticisms resulted in her constructive discharge.

The Federal Rules of Civil Procedure do not provide for the filing of motions for

reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. *See Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Parties cannot use a Rule 59(e) motion to relitigate old matters or to raise new legal arguments or present new evidence that could have been raised or presented prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001). A motion for reconsideration is allowable in three circumstances: "(1) when a party presents the court with evidence of an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

In the Eleventh Circuit, a party can only introduce previously unsubmitted evidence in a Rule 59(e) motion if there is a showing that "the evidence was not available during the pendency of the motion." *Shuford v. Fidelity Nat. Property & Cas. Ins. Co.*, 508 F.3d 1337, 1345 (11th Cir. 2007). Here, the *sole* basis for plaintiff's motion is the two new affidavits.

In her motion, the plaintiff never states, argues, or even hints that the affidavits were previously unavailable. Moreover, the court finds that the evidence was previously available because the two individuals who swore the affidavits were identified by the plaintiff in her initial disclosures (*see* Def.'s Ex. A) and the substance of their affidavits is not based on newly discovered evidence. Because the evidence supporting the plaintiff's motion was previously available, it is not properly before the court, and the plaintiff's motion is due to be denied.

For the reasons set forth above, the Plaintiff's Motion for the Court to Reconsider/ Alter, Amend, or Vacate the Court's June 16, 2008 Order Granting Defendant's Motion for Summary Judgment and Dismissing All Claims (Doc. # 72) is DENIED.

Done this 5th day of August, 2008.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE